# Chapter 9401:  Bankruptcy

## 9401.1: Bankruptcy (10/12/16)

This chapter provides Servicers with Freddie Mac's requirements for Servicing Mortgages subject to bankruptcy proceedings or litigation. The Servicer must take appropriate action to protect Freddie Mac's interest during bankruptcy proceedings in which the Borrower is the debtor.

(Refer to Chapter 9402 for requirements for Servicing Mortgages subject to other litigation).

## 9401.2: Freddie Mac's rights (08/01/18)

In addition to any other remedies it may have at law or in equity, Freddie Mac reserves the right, at its sole discretion, to:

1. Require the Servicer to submit copies of any and all records related to Freddie Mac's Mortgages

2. Require the Servicer to compensate Freddie Mac and hold Freddie Mac harmless for any loss, damage or expense, including without limitation, previously paid incentives, expense reimbursements, court costs and attorney fees, that Freddie Mac sustains as a result of the Servicer's failure to comply with the provisions in this chapter, Chapter 8402, Chapter 8403, Section 9402.1 and Section 8601.26, or that result from errors, omissions or delays by the Servicer or the Servicer's agent

3. Use or require the Servicer to use Freddie Mac's counsel or trustee for any Freddie Mac Default Legal Matter

4. Limit the amount of a reimbursement for attorney fees if those fees exceed the limits in Exhibit 57A, Approved Attorney Fees and Title Expenses, or the fees commonly charged for similar services in the area where the affected property is located

5. Limit the amount of a reimbursement for preservation and maintenance expenses if those expenses exceed the limits in Exhibit 57, 1- to 4-Unit Property Approved Expense Amounts

6. If the Servicer does not obtain Freddie Mac's prior written approval as required, deny the Servicer's request for reimbursement of expenses incurred as a result of Servicing Freddie Mac's Mortgages under the requirements of this chapter and Chapter 8402

7. Assess compensatory and other fees and exercise any remedies provided by the Guide and the other Purchase Documents if the Servicer fails to comply with the requirements contained

Case 18-80037-CRJ    Doc 48-6    Filed 10/03/18    Entered 10/03/18 20:57:27    Desc
Freddie Mac Single Family Seller Guide - Chapter 9401 on Bankruptcy    Page 1 of 12

in this chapter, Chapter 8402, Chapter 8403, Section 9402.1 and Section 8601.26. Refer to Chapter 3602 regarding repurchases, repurchase alternatives and other remedies.

# 9401.3: Bankruptcy general requirements (10/12/16)

When the Servicer receives notice, or confirms information that a Borrower has filed a bankruptcy petition, at a minimum, the Servicer must:

1. Comply with all applicable laws and regulations, including working with the debtor's pre-bankruptcy credit counseling agency on a debt management plan, if applicable

2. Obtain a copy of the Borrower's (debtor's) bankruptcy petition or other bankruptcy notice

3. Accurately complete and file a proof of claim, including all required proof of claim forms, within the time limitations set by the bankruptcy court. This may include, but is not limited to, providing timely information, documentation (e.g., Borrower payment history) and payoff and reinstatement figures necessary for bankruptcy counsel to meet the time limits set by the bankruptcy court if counsel is representing the Servicer in the case. If additional costs are incurred after confirmation of the bankruptcy plan, work with the trustee to ensure all steps are taken to recover those costs allowable by law from the debtor through the plan, if applicable. The Servicer must, prior to filing any proof of claim or motion for relief from the stay with respect to a Mortgage registered on the MERS® System, prepare and execute (using the Servicer's employee who is a MERS authorized "signing officer") an assignment of the Security Instrument from MERS to the Servicer. The Servicer must record the prepared assignment where required by State law. State mandated recordings are non-reimbursable by Freddie Mac, are not considered part of the Freddie Mac allowable foreclosure counsel fees and must not be billed to the Borrower.

4. Monitor the bankruptcy filing and obtain status of the proceedings from the trustee in a timely manner. This includes, at a minimum, assisting with any motions for relief of stay and monitoring the first meeting of creditors, proof of claim and/or confirmation of the bankruptcy plan, pre- and post-petition payments, pleadings and notices. If counsel requests additional documentation and/or information from the Servicer, at any time, the Servicer must provide such requested information and/or documents within three Business Days after receipt of the request, or within such earlier time frame if necessary, to comply with timing requirements under applicable law or court orders and procedures.

5. Maintain copies of all relevant documents related to the bankruptcy including the notice of first meeting of creditors, proof of claim, pleadings, notices, etc.

6. Determine whether the Borrower wishes to keep the property

7. Not require the Borrower to sign a reaffirmation of debt agreement. If the Servicer chooses to have the Borrower reaffirm the debt, the Servicer must comply with all applicable laws, including obtaining the court's approval of the reaffirmation agreement, if necessary. Freddie

Case 18-80037-CRJ    Doc 48-6    Filed 10/03/18    Entered 10/03/18 20:57:27    Desc
Freddie Mac Single Family Seller Guide - Chapter 9401 on Bankruptcy    Page 2 of 12

Mac will not reimburse the Servicer for any legal costs incurred in obtaining a reaffirmation agreement.

8. Review any bankruptcy reorganization plan proposed under Chapters 11 or 13 of the U.S. Bankruptcy Code (refer to Section 9401.8 regarding the Servicer's Servicing responsibilities should a bankruptcy judge order a bankruptcy cramdown) and respond in a manner that protects Freddie Mac's interests. Likewise, review any bankruptcy plan proposed under Chapter 12 of the U.S. Bankruptcy Code and respond in a manner that protects Freddie Mac's interests. Such review includes verifying that the bankruptcy repayment plan does not extend past the maturity date of the Mortgage, and the bankruptcy repayment plan sets forth the proper monthly payment to include the outstanding debt and sufficient funds to pay taxes, all property insurance and mortgage insurance premiums when they become due. If the bankruptcy repayment plan will extend past the maturity date of the Mortgage, the Servicer must object.

9. If appropriate, file an action with the bankruptcy court to secure a determination that the property is abandoned. In the event the court considers the property abandoned, file an order lifting the automatic stay.

10. Monitor and properly apply payments received under any bankruptcy repayment plan. If the Borrower becomes delinquent on two post-petition and/or plan payments, instruct counsel to take immediate action to modify the stay order and initiate, or resume, foreclosure proceedings. (See Sections 9401.6 and 9401.7 for more information on instructing counsel to file for relief from the automatic stay.)

11. Conduct a monthly inspection of the property for any delinquent Mortgage unless a bankruptcy repayment plan is in place and being adhered to

12. Verify that the Borrower is current on his or her tax and insurance payments or, if there is an Escrow account for taxes and insurance, perform an Escrow analysis to determine if a bankruptcy repayment plan must include additional Escrow Funds to maintain the Escrow account. In addition, perform a periodic Escrow analysis and notify the trustee of any change to the payment amount resulting from the analysis.

13. Immediately notify the trustee of any Transfer of Servicing (both the transferor and transferee must notify the trustee). See Chapter 7101for specific requirements for Transfer of Servicing, including Concurrent Transfers of Servicing and Subsequent Transfers of Servicing.

14. For leasehold Mortgages:

   ■ Take appropriate action to assume the lease payments to the lessor if the lease is rejected by the Chapter 7 trustee in bankruptcy and the Borrower ceases making payments on the lease

   ■ Object to any Chapter 13 plan that does not provide for payment of the ground rent in addition to the Mortgage payments and real estate taxes

Case 18-80037-CRJ    Doc 48-6    Filed 10/03/18    Entered 10/03/18 20:57:27    Desc
Freddie Mac Single Family Seller Guide - Chapter 9401 on Bankruptcy    Page 3 of 12

- In cases when the trustee will pay post-petition payments, it is the Servicer's responsibility to notify the trustee of all changes, including any missed post-petition payment, and to send copies of breach/acceleration letters to the trustee

15. Immediately upon release of bankruptcy, if the Mortgage is delinquent, the Servicer must either:

- Resume foreclosure activities, if the Mortgage was in foreclosure previous to the bankruptcy filing, in accordance with Chapter 9301, or

- Initiate or resume collection activity in accordance with Chapter 9102

Servicers must inform the Borrower, Borrower's counsel or bankruptcy trustee, that an approved modification is conditioned on obtaining the bankruptcy court's approval, if necessary, to modify the Mortgage prior to the due date of the first modified payment.

# 9401.4: Multiple bankruptcy filings (03/02/16)

A Borrower may file for bankruptcy protection more than once or under different chapters of the bankruptcy laws. When the Servicer receives notice of a Borrower filing a petition for protection under the bankruptcy laws, the Servicer must check its Mortgage records to determine if the Borrower has previously filed for bankruptcy protection. If the Servicer's records disclose a previous bankruptcy filing for that Borrower and the Mortgage is delinquent, the Servicer must refer the bankruptcy case to counsel.

The Servicer must direct counsel to take appropriate action including:

- If the Borrower has filed multiple times, but the bankruptcies are more than 12 months apart:

  1. Motion to annul the automatic stay to confirm foreclosure sale if the Servicer was unaware that the Borrower had filed for bankruptcy and the Servicer had conducted a foreclosure sale

  2. Motion to dismiss the bankruptcy case if it can be shown that there has been no substantial change in the Borrower's financial circumstances since the last bankruptcy filing, or it can be shown the Borrower has no prospect of repayment under a reorganization plan

  3. Object to the confirmation of a Chapter 13 Plan and a motion to dismiss in connection with a Chapter 13 bankruptcy in which the reorganization plan appears to be infeasible, offered in bad faith or it can be shown that there has been no substantial change in the Borrower's financial circumstances since the last bankruptcy filing

  4. Motion for "in rem" relief or 180 day bar to prevent the Borrower from filing another bankruptcy case in the future affecting the property securing Freddie Mac's Mortgage when there are successive filings with a scheme of fraudulent property transfers

Case 18-80037-CRJ    Doc 48-6    Filed 10/03/18    Entered 10/03/18 20:57:27    Desc
Freddie Mac Single Family Seller Guide - Chapter 9401 on Bankruptcy    Page 4 of 12

5. Any other actions as deemed appropriate and permitted under the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*

■ If the multiple filing is within 12 months of the previous filing:

1. Object in the event that the Borrower petitions to extend the automatic stay when (i) the Borrower's bankruptcy is presumptively filed not in good faith under the Bankruptcy Code, (ii) the Servicer believes that the filing was offered in bad faith or (iii) if there has been no substantial change in the Borrower's financial circumstances since the last bankruptcy filing. (See Exhibit 57A, Approved Attorney Fees and Title Expenses, for the related allowable fee for filing an objection to an extension of the automatic stay and attending the related court hearings.)

2. Any other actions as deemed appropriate and permitted under the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*

# 9401.5: Notifying Freddie Mac of bankruptcy proceedings (03/02/16)

The Servicer must report a bankruptcy filing to Freddie Mac, regardless of whether the Borrower is current or delinquent in his or her Mortgage payments. The Servicer must submit this notification via an EDR transmission within the first three Business Days of the month following the month in which the Servicer received notice of the filing. The Servicer must also include the filing date and the applicable default action code (as listed below) to indicate the bankruptcy chapter number.

Refer to Section 9301.46 and Exhibit 83A, Determining State Foreclosure Timeline Performance Compensatory Fees, for allowable State foreclosure timeline delays related to the Borrower filing for bankruptcy protection.

The bankruptcy petition chapters and applicable default action codes are:

Case 18-80037-CRJ    Doc 48-6    Filed 10/03/18    Entered 10/03/18 20:57:27    Desc
Freddie Mac Single Family Seller Guide - Chapter 9401 on Bankruptcy    Page 5 of 12

| Bankruptcy chapter | Default action code |
|---|---|
| Chapter 7 | 65 |
| Chapter 11 | 66 |
| Chapter 12 | 59 |
| Chapter 13 | 67 |

The Servicer must also notify Freddie Mac when the court confirms the bankruptcy plan by reporting default action code 69 (Bankruptcy plan confirmed) or in the event of a scheduled Bankruptcy Cramdown by reporting a default action code of 35 (Bankruptcy Cramdown Scheduled) within the first three Business Days of the month following the month in which the confirmation occurred.

The Servicer must continue to report via an EDR transmission each month that the Borrower is in bankruptcy until the court clears the bankruptcy or lifts the stay. The Servicer must notify Freddie Mac within the first three Business Days of the month following the month in which either of these actions occur via an EDR transmission using default action code 76 (Bankruptcy court clearance obtained/Stay lifted). Include the date the action occurred.

If a bankruptcy converts from one Chapter to another, the Servicer must report a default action code 76 (Bankruptcy court clearance) to close the prior bankruptcy Chapter. The conversion date is the bankruptcy release date for the prior bankruptcy Chapter and the filing date for the new Chapter.

For example, if a Chapter 13 converted to a Chapter 7 on 01/30/xx, the Servicer would report default action code 76 using 01/30/xx to close the Chapter 13 status and a default action code 65 using 01/30/xx to open the Chapter 7 bankruptcy.

For additional information on EDR reporting requirements, refer to Section 9102.7.

# 9401.6: Managing new bankruptcy filings (10/12/16)

**(a) For Mortgages current at the time of filing**

If a Borrower is current in his or her Mortgage payments at the time the Borrower files a Chapter 7, 12 or 13 bankruptcy petition, the Servicer is not required to refer the matter to counsel and Freddie Mac will not reimburse the Servicer if the Servicer does so.

Case 18-80037-CRJ    Doc 48-6    Filed 10/03/18    Entered 10/03/18 20:57:27    Desc
Freddie Mac Single Family Seller Guide - Chapter 9401 on Bankruptcy    Page 6 of 12

If the Servicer determines that special circumstances exist that require case management by counsel on a current Mortgage (for example, if the Servicer receives a proposed reorganization plan that includes a bankruptcy cramdown), then the Servicer must obtain Freddie Mac's prior written approval via e-mail (**see Directory 5**) to obtain counsel and to incur the legal expense by submitting a request for pre-approval via the Freddie Mac Reimbursement System.

All Chapter 11 bankruptcy cases must be referred to counsel as soon as the Servicer receives notice that the Borrower has filed for bankruptcy protection, regardless of whether the Mortgage payments are current.

If applicable, refer to Section 9401.7 for requirements related to managing Mortgages that become delinquent subsequent to bankruptcy filing.

**(b) For Mortgages delinquent at the time of filing, or for bankruptcy filings after a foreclosure sale**

The Servicer must refer the bankruptcy to counsel, whether a Chapter 7, 11, 12 or 13 bankruptcy petition, within three Business Days of the Servicer's receipt of notice that a petition has been filed if:

1. The Borrower is at least 30 days delinquent in his or her Mortgage payments at the time bankruptcy is filed

2. The Borrower files a bankruptcy petition after the foreclosure sale and the bankruptcy filing invalidates the foreclosure sale. (See Section 9301.39 for requirements on requesting a rollback if the Servicer determines that the foreclosure sale is legally invalid or void.)

3. The Borrower files a bankruptcy petition after the foreclosure sale but prior to the expiration of a redemption, confirmation or ratification period. (See Section 9301.39 regarding circumstances where it may be in Freddie Mac's best interest to process a rollback to allow the Servicer to report applicable information relating to a bankruptcy repayment plan, if applicable.)

Freddie Mac will reimburse the Servicer for expenses the Servicer incurs in accordance with Section 9401.11 and Chapter 9701.

The Servicer must instruct counsel to file a motion for relief from the automatic stay:

1. In a Chapter 7 case:

   ■ If the Borrower is at least 60 days delinquent in his or her Mortgage payments at the time of filing, at the same time the Servicer refers the case to counsel

   ■ If the Borrower is less than 60 days delinquent in his or her Mortgage payments at the time of filing, no later than the 60th day of Delinquency

Case 18-80037-CRJ    Doc 48-6    Filed 10/03/18    Entered 10/03/18 20:57:27    Desc
Freddie Mac Single Family Seller Guide - Chapter 9401 on Bankruptcy    Page 7 of 12

2.  In a Chapter 11, 12, or 13 case, when the Borrower misses his or her second post-petition and/or plan payment to either the Servicer or the trustee

# 9401.7: Managing Mortgages that become delinquent subsequent to bankruptcy filing (10/12/16)

If the Borrower was current at the time of filing bankruptcy and subsequently becomes at least 30 days delinquent in payments to either the Servicer or the trustee, then the Servicer must refer the case to counsel. Freddie Mac will reimburse the Servicer for expenses the Servicer incurs in accordance with Section 9401.11 and Chapter 9701.

The Servicer must instruct counsel to file for relief from the automatic stay:

1.  In a Chapter 7 bankruptcy case, no later than the 60th day of Delinquency

2.  In a Chapter 12 or 13 bankruptcy case, when the Borrower misses his or her second post-petition and/or plan payment to either the Servicer or the trustee

For Chapter 11 bankruptcy cases already referred to counsel pursuant to Section 9401.6(a), the Servicer must instruct counsel to file for relief from the automatic stay when the Borrower misses his or her second post-petition and/or plan payment to either the Servicer or the trustee.

# 9401.8: Bankruptcy cramdowns (04/11/18)

When a Borrower files bankruptcy and the value of the property has declined to a value less than the amount owed on the Mortgage, a federal bankruptcy judge may, in some instances, order a division of the bankruptcy claim.

Under this process, the court divides the Mortgage debt into two claims: a secured claim in the amount of the current appraised value of the property and an unsecured claim for the remaining balance of the debt.

All of, or a portion of, the remaining unsecured claim balance is forgiven upon completion of the court-ordered repayment plan. This is known as a cramdown. Such cramdowns are not permitted on Mortgages secured by the Primary Residence of a Borrower who has filed a Chapter 13 bankruptcy.

Case 18-80037-CRJ    Doc 48-6    Filed 10/03/18    Entered 10/03/18 20:57:27    Desc
Freddie Mac Single Family Seller Guide - Chapter 9401 on Bankruptcy    Page 8 of 12

**(a) Notifying Freddie Mac of a proposed bankruptcy cramdown**

If the Servicer receives a proposed reorganization plan that includes a bankruptcy cramdown, the Servicer must advise its counsel to file an objection to the reorganization plan. In doing so, the Servicer must direct its counsel to assert that the plan may not modify the original Security Instrument and Note by means of a bankruptcy cramdown.

Additionally, the Servicer must complete and send a copy of Form 1155, Bankruptcy Cramdown Pre-Confirmation Proposal of Settlement Terms, to notify Freddie Mac (**see Directory 5**) of the proposed plan within one Business Day of receiving the plan. Freddie Mac will review Form 1155 that the Servicer submits and make a decision to approve or make a counter-offer to the terms of the proposed plan. In some instances, Freddie Mac may request additional information in its review.

Further, the Servicer must also notify Freddie Mac in the event of a scheduled Bankruptcy Cramdown by reporting a default action code of 35 (Bankruptcy Cramdown Scheduled).

The Servicer must ensure that all terms of the plan are updated and correctly stated on each amendment, if applicable.

If the reorganization plan includes a bankruptcy cramdown that is not in compliance with Chapter 9204, the Servicer must object and Freddie Mac will not agree to the terms of the reorganization plan. If the Servicer agrees to a reorganization plan without Freddie Mac's written approval, Freddie Mac reserves the right to exercise any remedies provided by the Guide and the other Purchase Documents. Refer to Chapter 3602 regarding repurchases, repurchase alternatives and other remedies.

**(b) Notifying Freddie Mac of a confirmed bankruptcy cramdown**

If a reorganization plan has been confirmed, the Servicer must notify Freddie Mac of the confirmed plan within one Business Day of receiving the plan. In doing so, the Servicer must transmit the final terms of a confirmed bankruptcy cramdown to Freddie Mac via the "Court Mandated Modification" screen in Workout Prospector®.

By completing the "Court Mandated Modification" screen in Workout Prospector and submitting the final terms for settlement of a bankruptcy cramdown modification, the Servicer represents and warrants to Freddie Mac that it has completed the data entry in accordance with the instructions set forth in the Workout Prospector Users' Guide and that all information set forth on the "Court Mandated Modification" screen is accurate and in accordance with the terms of the confirmed plan.  In submitting the plan terms via the "Court Mandated Modification" screen, the Servicer represents and warrants, among other things that:

■ The "Current UPB (pre-modification)" and the DDLPI entered on the "Court Mandated Modification" screen matches the UPB and DDLPI reported to Freddie Mac at the time of confirmation of the reorganization plan

Case 18-80037-CRJ   Doc 48-6   Filed 10/03/18   Entered 10/03/18 20:57:27   Desc
Freddie Mac Single Family Seller Guide - Chapter 9401 on Bankruptcy   Page 9 of 12

- The data entered on the "Court Mandated Modification" screen matches the final terms of the confirmed bankruptcy cramdown

- The property value is either the BPO or appraisal, depending on what was required by the court

Once the data entered onto the "Court Mandated Modification" screen has been submitted to Freddie Mac, Servicers should monitor the *Modification Pending Update* report, accessible via the "Modifications" tile of the Servicer's Servicer Performance Profile (SPP) (see Exhibit 88, Servicing Tools). All Mortgages that are scheduled to be processed in Freddie Mac's systems will appear on this report in the SPP.

In addition, Freddie Mac will notify Servicers that the modification has been processed in Freddie Mac's systems via the *Modification Status Overview* report in the SPP. If a Servicer attempts to report a monthly loan-level transaction on a Mortgage based on the modified terms prior to the modification being processed in Freddie Mac's systems, the Servicer will not be able to successfully complete the transaction.

The Servicer must also ensure that proper EDR requirements are followed by reporting the code 69 (Bankruptcy Plan Confirmed) once the reorganization plan has been confirmed. Refer to Exhibit 82, Electronic Default Reporting Transmission Code List, for more information regarding EDR reporting requirements.

The Servicer is further required to notify Freddie Mac **(see Directory 5)**, within one Business Day, if the Borrower becomes at least 30 days delinquent on a payment under the reorganization plan, or has otherwise breached the terms of the plan, the Servicer must indicate the type of default and include the Servicer's recommendation as to how to proceed. If the Borrower misses his or her second payment under the plan, unless otherwise instructed by Freddie Mac, the Servicer must instruct counsel to file for relief from the automatic stay.

# 9401.9: Servicing bankruptcies on Mortgages secured by income properties (03/02/16)

If a Borrower on a Mortgage secured by income producing property files a bankruptcy petition and Freddie Mac has an assignment of rents, the Servicer must take action to prohibit the Borrower from using any income from the property for any purpose other than making payments on the Mortgage by instructing counsel to:

1. File a motion for sequestration of rental income, or

2. Obtain an adequate protection order

Case 18-80037-CRJ   Doc 48-6   Filed 10/03/18   Entered 10/03/18 20:57:27   Desc
Freddie Mac Single Family Seller Guide - Chapter 9401 on Bankruptcy   Page 10 of 12

# 9401.10: Selecting bankruptcy counsel, bankruptcy referrals and the Servicer's responsibility to work with bankruptcy counsel (03/02/16)

**(a) Selecting bankruptcy counsel**

For requirements applicable to Freddie Mac Default Legal Matters, which include bankruptcy matters, refer to Chapter 9501.

**(b) Bankruptcy referrals**

1. If the Borrower is referred to foreclosure after the bankruptcy referral, the Servicer is not required to refer the foreclosure to the same law firm that handled the bankruptcy matter. However, the Servicer should give preference to the law firm that handled the bankruptcy matter if the Servicer determines it is in Freddie Mac's best interest.

2. If the Borrower is in foreclosure at the time of the bankruptcy referral, or the Borrower files a bankruptcy petition after the foreclosure sale (see Section 9401.6 regarding managing bankruptcy filings after a foreclosure sale), the Servicer is not required to refer the bankruptcy case to the same law firm handling the foreclosure. However, the Servicer should give preference to the law firm handling the foreclosure if the Servicer determines it is in Freddie Mac's best interest.

   If the Servicer does not refer the bankruptcy case to the law firm handling the foreclosure, then the Servicer must ensure that it periodically updates the foreclosure counsel regarding the status of the bankruptcy matter. Once the bankruptcy matter is resolved, the Servicer is responsible for transitioning the foreclosure back to the law firm handling the foreclosure for any further required proceedings immediately upon release of bankruptcy, but no later than one Business Day after the resolution of the bankruptcy matter.

3. When referring a bankruptcy case to counsel, the Servicer must provide all documentation and/or information required to handle the bankruptcy matter and work with the bankruptcy attorney to facilitate either timely reinstatement or relief from the automatic stay.

**(c) Servicer's responsibility to work with bankruptcy counsel**

When the Servicer refers a bankruptcy case to counsel, the Servicer must provide complete written reinstatement or payoff figures to the attorney, trustee, workout specialist or outsourcing vendor, as applicable, at the time of referral unless the Borrower is in foreclosure at the time of the bankruptcy referral and the Servicer refers the bankruptcy case to the law firm handling the foreclosure. Also, the Servicer must respond to any additional requests for reinstatement and/or payoff figures after referral within two Business Days of the date on

Case 18-80037-CRJ    Doc 48-6    Filed 10/03/18    Entered 10/03/18 20:57:27    Desc
Freddie Mac Single Family Seller Guide - Chapter 9401 on Bankruptcy    Page 11 of 12

which the Servicer receives a written request. The Servicer may provide the written reinstatement or payoff figures via a paper document, facsimile or e-mail.

If the bankruptcy counsel requests any additional information and/or documentation at any time, the Servicer must provide such requested information and/or documents within three Business Days after receipt of the request, or such earlier time frame, if necessary to comply with timing requirements under applicable law or court orders and procedures.

A Servicer must maintain communication with the bankruptcy attorney so that the Servicer can manage the bankruptcy case effectively. No less than one time per month, the Servicer must require the bankruptcy attorney to report the status of the case, request any documentation needed from the Servicer and report any relevant information to the Servicer. The Servicer must maintain this information in the Mortgage file or on its Mortgage system.

# 9401.11: Reimbursement of expenses related to a bankruptcy (03/02/16)

When legally permissible, the Servicer must attempt to obtain payment of the attorney fees and costs resulting from the bankruptcy proceedings directly from the Borrower and/or the bankruptcy court.

Freddie Mac will reimburse the Servicer for expenses the Servicer incurs in accordance with the limits listed in Exhibit 57A, Approved Attorney Fees and Title Expenses, and according to the requirements contained in Chapter 9701. The Servicer must obtain Freddie Mac's written pre-approval for any fees in excess of the fees listed in Exhibit 57A by submitting a request for pre-approval via the Freddie Mac Reimbursement System.

Freddie Mac will not reimburse Servicers for attorney fees or legal costs on any bankruptcy case if:

1. The Borrower was current on the Mortgage at the time the Borrower filed for bankruptcy protection, has remained current, and Freddie Mac did not approve a referral to bankruptcy counsel for special circumstances

2. The Servicer incurred costs for reaffirmation agreements

3. The Servicer incorrectly reported or failed to report the bankruptcy through EDR. See Section 9401.5 for more details on how to report bankruptcies through EDR.

4. The firm was not eligible to receive referrals of Freddie Mac Default Legal Matters, as specified in Chapter 9501

Case 18-80037-CRJ    Doc 48-6    Filed 10/03/18    Entered 10/03/18 20:57:27    Desc
Freddie Mac Single Family Seller Guide - Chapter 9401 on Bankruptcy    Page 12 of 12