IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUSSELL NELSON | ) | CASE NO. 15-83360-CRJ |
| DEBORAH NELSON | ) | |
|      DEBTORS. | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC | ) | |
|      RESPONDENT. | ) | |

<u>NOTICE OF SERVICE OF DISCOVERY</u>

COMES NOW Respondent Nationstar Mortgage LLC (herein, "Nationstar"), by and through its counsel of record, pursuant to the Federal Rules of Civil Procedure, and the Federal Rules of Bankruptcy Procedure, to give notice that it has served upon the Debtors, through their counsel, the discovery listed below. Responses to the discovery listed below shall be produced at the law offices of McCalla Raymer Leibert Pierce, LLC, 1544 Old Alabama Road, Roswell, GA 30076 within thirty (30) days from the date hereof.

a) Interrogatories Propounded to the Debtors;

b) Requests for Admissions Propounded to the Debtors; and

c) Request for Production of Documents Propounded to the Debtors.

Respectfully submitted this 25th day of August, 2017.

NATIONSTAR MORTGAGE LLC

*/s/ Michael J. McCormick*
Michael J. McCormick, Esq
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
(678) 281-3918
Michael.McCormick@mccalla.com
ASB-1127-C65M

BANKRUPTCY CASE NO. 15-83360-CRJ
CHAPTER 13

JUDGE: CLIFTON R. JESSUP, JR.

## CERTIFICATE OF SERVICE

I, Michael J. McCormick, at 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That on the date below, I served a copy of the foregoing NOTICE OF SERVICE OF DISCOVERY on the following parties via CM/ECF and e-mail or first class U.S. mail (postage prepaid):

**Russell Nelson**
120 Dublin Cir
Madison, AL 35758

**Deborah Nelson**
120 Dublin Cir
Madison, AL 35758

**Melissa W. Larsen**
521 Madison Street, Suite 201
Huntsville, AL 35801
mwlarsen67@gmail.com

**Michele T. Hatcher**
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602
Michele.Hatcher@ch13decatur.com


I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on _____08/25/2017_____ By: ___*/s/ Michael J. McCormick*___
              (date)                  MICHAEL J MCCORMICK
                                      Alabama Bar No. ASB-1127-C65M
                                      McCalla Raymer Leibert Pierce, LLC
                                      1544 Old Alabama Road
                                      Roswell, GA 30076
                                      Phone: 678-281-3918
                                      Michael.McCormick@mccalla.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUSSELL NELSON | ) | CASE NO. 15-83360-CRJ |
| DEBORAH NELSON | ) | |
|      DEBTORS. | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC | ) | |
|      RESPONDENT. | ) | |

<u>REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEBTORS</u>

COMES NOW Respondent Nationstar Mortgage LLC (herein, "Nationstar"), by and through its counsel of record, pursuant to the Federal Rules of Civil Procedure, and the Federal Rules of Bankruptcy Procedure, to request the following documents from the Debtors. The documents listed hereunder shall be produced at the law offices of McCalla Raymer Leibert Pierce, LLC, 1544 Old Alabama Road, Roswell, GA 30076 within thirty (30) days from the date hereof.

<u>Definitions:</u>

For the purposes of these requests, the following definitions are included:

As used herein, the terms "you," "your," or "yourself" refer to Russell Nelson, Deborah Nelson, and any and all of their employees, agents, representatives, and attorneys, and each person acting or purporting to act on their behalf.

<u>Representatives:</u> As used herein, the term "representative" means any and all agents, employees, attorneys, or other persons acting on your behalf, including, but not limited to, all agents of other entities with which you have contracted.

Case 18-80037-CRJ13   Doc 48-17   Filed 10/03/18   Entered 10/03/18 20:57:27   Desc
Request for Production of Documents   Page 1 of 7

Case 15-83360-CRJ13   Doc 46   Filed 10/25/17   Entered 10/25/17 16:04:01   Desc
Other   Page 3 of 107

Person: As used herein, the term "person" means any natural individual in any capacity whatsoever, or any entity or organization, including divisions, departments, and other units therein, and shall include, but not limited to, a public or private corporation, partnership, joint venture, voluntary of unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

Objection: As used herein, the term "Objection" refers to the Debtors' Objection to Nationstar's Mortgage Payment Change filed by the Debtors in this case (15-83360) on June 27, 2017 at docket entry 50.

Property: As used herein, the term "Property" refers to the real property located at and commonly known as 120 Dublin Circle, Madison, Alabama 35758.

Loan Modification: As used herein, the term "Loan Modification" refer to the Home Affordable Modification Agreement between you and Nationstar, executed by you on or before February 19, 2016, with new principal balance of $214,700.56, and with Modification Effective Date of June 1, 2016.

Document: As used herein, the term "document" is any medium upon which intelligence or information can be recorded or retrieved: that includes, without limitation, the original and each copy regardless of origin or location of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic

Case 18-80037-CRJ3 Doc 48-1 Filed 10/03/18 Entered 10/03/18 20:57:21 Desc
Other Page 4 of 107

Case 15-83360-CRJ13 Doc 61 Filed 10/03/18 Entered 10/03/18 16:04:01 Desc
Request for Production of Documents Page 2 of 7

matter, however produced or reproduced, which is in your possession in custody of your control or which was, but is no longer, in your possession, custody or control.

Communication:  As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, telephone calls, consultations, agreements, and other understandings between two or more persons.

Identification:  As used herein, the term "identification," "identified," or "identify," when used in reference to a natural individual, requires you to state his or her full name and residence and business address; (b) a corporation, requires you to use the full corporate name and any name under which it does business, its state of incorporation, and the address of its principal state of business, and the addresses of all of its officers; (c) a business, requires you to state the full name or style under which the business is conducted, its business address or addresses, the type of business in which it is engaged, the geographic area in which it conducts its businesses, and the identity of the person or persons who own, operate or control the business; (d) a document, requires you to state the number and pages and nature of the document (for example, letter of memorandum), its title, its date, the name or names of its authors and recipients and its present location and custodian; (e) communication, require you, if any part of the communication was written, to identify the document or documents which refer to or evidence communication, and, to the extent that the communication was nonwritten, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

Identification of Documents:  With respect to each request, and in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each request, and to your answer thereto.

If any or all documents identified herein are no longer in your possession, custody, or control, because of destruction, loss, or for any other reason, then do the following with respect to each and such documents: (a) describe the nature of the document (for example, letter of memorandum);(b) state the date of the document; (c) identify the person who sent or received the original or copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of the disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work product doctrine, or any other grounds, then do the following with respect to each and every document:

(a)     describe the nature of the document (for example, letter of memorandum)

(b)     state the date of the document;

(c)     identify the person who sent and received the original copy of the document;

(d)     state the subject matter of the document; and

(e)     state the basis upon which you contend that you are entitled to withhold the document for production.

Or: The word "or" as used herein appearing in the interrogatories should not be read so as to eliminate any part of the interrogatory.  But whenever applicable it should have the same meaning as the word "and."  For example, an interrogatory stating support or refer should read as "support and refer" if the answer does both and should be made.

Third Party:   As used herein, the term "Third Party" includes accountants, actuaries, mortgage brokers, individuals with experience in mortgage servicing, or any other person you have communicated with regarding the Objection.

**REQUEST NO. 1:**     Copies of any and all notes, memoranda, receipts, canceled checks,

bank statements, lists, invoices, payment histories, records, documents or other written instruments of any kind, nature or type whatsoever whether said documents be contained on printed, film, magnetic tape, computer storage, or other form of information recordation whatsoever which in any way relate to the issues which are presented by the Objection, including, but not limited to, payments made or purportedly made to Nationstar by the Debtors.

**REQUEST NO. 2:**   Copies of any and all notes, lists, memoranda, letters, statements, notices, records (including telephone records), documents, or other written instruments of any kind, nature or type whatsoever whether said documents be contained on printed, film, magnetic tape, computer storage, or other form of information recordation whatsoever, which in any way relate to the issues which are presented by the Objection, including, but not limited to, any communications (e.g., telephone conversations) you may have had with Nationstar, its agents or representatives.

**REQUEST NO. 3:**   Copies of any and all notes, lists, memoranda, letters, statements, notices, records, documents or other written instruments of any kind, nature or type whatsoever whether said documents be contained on printed, film, magnetic tape, computer storage, or other form of information recordation whatsoever, which in any way relate to the issues which are presented by the Objection, including, but not limited to, any written communications received by you.

**REQUEST NO. 4:**   Copies of any and all notes, memoranda, written opinions, expert opinions, legal decisions, magazine or newspaper articles, periodicals, treatises, receipts, canceled checks, bank statements, escrow analyses, escrow statements, lists, invoices, payment histories, records, communications, documents or other written instruments of any kind, nature or type whatsoever whether said documents be contained on printed, film, magnetic tape,

computer storage, or other form of information recordation whatsoever which in any way relate to the issues which are presented by the Objection.

**REQUEST NO. 5:**   Copies of any payments made to Nationstar, including, but not limited to, the front and back of any canceled checks (along with any notations, instructions, dates, amounts, and account numbers).

**REQUEST NO. 6:**   Copies of any notes, letters, reports, memoranda, statements or other correspondence sent to Nationstar or its agents.

**REQUEST NO. 7:**   Copies of any notes, letters, reports, memoranda, statements or other correspondence received from Nationstar or its agents.

**REQUEST NO. 8:**   Copies of any notes, letters, reports, memoranda, statements or other correspondence received from or prepared by any third party that in any way relate to the issues which are presented by the Objection.

**REQUEST NO. 9:**   Copies of any document you intend to rely on or introduce into evidence at any hearing on the Objection.

**REQUEST NO. 10:**  Copies of any calculations which in any way relate to the issues which are presented by the Objection, whether prepared or performed by you, or a third party.

**REQUEST NO. 11:** A copy of the voluntary petition, schedules, statements (e.g., Statement of Financial Affairs) signed by you in this case (i.e., not electronic signatures).

Respectfully submitted this 25th day of August, 2017.

NATIONSTAR MORTGAGE LLC

*/s/ Michael J. McCormick*
  Michael J. McCormick, Esq.

McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
(678) 281-3918
Michael.McCormick@mccalla.com

Case 13-63009-CRJ3   Doc 48-1   Filed 10/03/18   Entered 10/03/18 20:57:27   Desc
Request for Production of Documents    Page 6 of 7

Case 13-63009-CRJ13   Doc 48-1   Filed 10/25/17   Entered 10/25/17 16:04:01   Desc
Other   Page 8 of 107

BANKRUPTCY CASE NO. 15-83360-CRJ
CHAPTER 13

JUDGE: CLIFTON R. JESSUP, JR.

## CERTIFICATE OF SERVICE

I, Michael J. McCormick, at 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That on the date below, I served a copy of the foregoing REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEBTORS on the following parties via CM/ECF and e-mail or first class U.S. mail (postage prepaid):

**Russell Nelson**
120 Dublin Cir
Madison, AL 35758

**Deborah Nelson**
120 Dublin Cir
Madison, AL 35758

**Melissa W. Larsen**
521 Madison Street, Suite 201
Huntsville, AL 35801
mwlarsen67@gmail.com

**Michele T. Hatcher**
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602
Michele.Hatcher@ch13decatur.com

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on ___08/25/2017___ By: ___/s/ Michael J. McCormick___
               (date)         MICHAEL J MCCORMICK
                               Alabama Bar No. ASB-1127-C65M
                               McCalla Raymer Leibert Pierce, LLC
                               1544 Old Alabama Road
                               Roswell, GA 30076
                               Phone: 678-281-3918
                               Michael.McCormick@mccalla.com

Case 18-80037-CRJ13   Doc 48-1   Filed 10/03/18   Entered 10/03/18 20:57:27   Desc
Request for Production of Documents   Page 7 of 7

Case 15-83360-CRJ13   Doc 61   Filed 06/25/18   Entered 06/25/18 16:04:01   Desc
Other   Page 9 of 107

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUSSELL NELSON | ) | CASE NO. 15-83360-CRJ |
| DEBORAH NELSON | ) | |
|      DEBTORS. | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC | ) | |
|      RESPONDENT. | ) | |

<u>REQUEST FOR ADMISSIONS PROPOUNDED TO THE DEBTORS</u>

COMES NOW Respondent Nationstar Mortgage LLC (herein, "Nationstar"), by and through its counsel of record, to propound the following Requests for Admissions to the Debtors pursuant to Fed. R. Civ. P. 36, applicable in this bankruptcy case via Fed. R. Bankr. P. 7036, and requests that the Debtors admit the truth of the statements of fact stated. You are instructed that:

1. These Requests are made pursuant to Rule 36 of the Federal Rules of Civil Procedure, and each of the statements of fact will be deemed admitted unless your statement in compliance with said Rules is timely made.
2. Your Responses, signed and properly verified, must be delivered to the undersigned counsel within thirty (30) days after service of these Requests.
3. Your Responses shall specifically deny the statement or set forth in detail the reasons why you cannot truthfully admit or deny the statements.
4. If, in Response to any of the following statements, it is your position that the statement is true in part, you shall specify the part which is true and qualify or deny the remainder.

<u>Definitions:</u>

For the purposes of these requests, the following definitions are included:

As used herein, the terms "you," "your," or "yourself" refer to Russell Nelson, Deborah Nelson, and any and all of their employees, agents, representatives, and attorneys, and each person acting or purporting to act on their behalf.

Representatives: As used herein, the term "representative" means any and all agents, employees, attorneys, or other persons acting on your behalf, including, but not limited to, all agents of other entities with which you have contracted.

Person: As used herein, the term "person" means any natural individual in any capacity whatsoever, or any entity or organization, including divisions, departments, and other units therein, and shall include, but not limited to, a public or private corporation, partnership, joint venture, voluntary of unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

Objection: As used herein, the term "Objection" refers to the Debtors' Objection to Nationstar's Mortgage Payment Change filed by the Debtors in this case (15-83360) on June 27, 2017 at docket entry 50.

Property: As used herein, the term "Property" refers to the real property located at and commonly known as 120 Dublin Circle, Madison, Alabama 35758.

Loan Modification: As used herein, the term "Loan Modification" refer to the Home Affordable Modification Agreement between you and Nationstar, executed by you on or before February 19, 2016, with new principal balance of $214,700.56, and with Modification Effective Date of June 1, 2016.

Document: As used herein, the term "document" is any medium upon which intelligence or information can be recorded or retrieved: that includes, without limitation, the original and each copy regardless of origin or location of any book, pamphlet, periodical, letter, memorandum

(including any memorandum or report of a conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, which is in your possession in custody of your control or which was, but is no longer, in your possession, custody or control.

Communication: As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, telephone calls, consultations, agreements, and other understandings between two or more persons.

Identification: As used herein, the term "identification," "identified," or "identify," when used in reference to a natural individual, requires you to state his or her full name and residence and business address; (b) a corporation, requires you to use the full corporate name and any name under which it does business, its state of incorporation, and the address of its principal state of business, and the addresses of all of its officers; (c) a business, requires you to state the full name or style under which the business is conducted, its business address or addresses, the type of business in which it is engaged, the geographic area in which it conducts its businesses, and the identity of the person or persons who own, operate or control the business; (d) a document, requires you to state the number and pages and nature of the document (for example, letter of memorandum), its title, its date, the name or names of its authors and recipients and its present location and custodian; (e) communication, require you, if any part of the communication was written, to identify the document or documents which refer to or evidence communication, and,

Case 18-80037-CRJ3   Doc 48-7   Filed 10/03/18   Entered 10/03/18 20:57:27   Desc
Request for Admissions   Page 12 of 107
Case 13-83909-CRJ13   Doc 6172   Filed 10/03/18   Entered 10/03/18 16:04:01   Desc
Other   Page 3 of 9

to the extent that the communication was nonwritten, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

Identification of Documents: With respect to each request, and in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each request, and to your answer thereto.

If any or all documents identified herein are no longer in your possession, custody, or control, because of destruction, loss, or for any other reason, then do the following with respect to each and such documents: (a) describe the nature of the document (for example, letter of memorandum);(b) state the date of the document; (c) identify the person who sent or received the original or copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of the disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work product doctrine, or any other grounds, then do the following with respect to each and every document:

(a)     describe the nature of the document (for example, letter of memorandum)

(b)     state the date of the document;

(c)     identify the person who sent and received the original copy of the document;

(d)     state the subject matter of the document; and

(e)     state the basis upon which you contend that you are entitled to withhold the document for production.

Or: The word "or" as used herein appearing in the interrogatories should not be read so as to eliminate any part of the interrogatory.  But whenever applicable it should have the same

meaning as the word "and." For example, an interrogatory stating support or refer should read as "support and refer" if the answer does both and should be made.

Third Party: As used herein, the term "Third Party" includes accountants, actuaries, mortgage brokers, individuals with experience in mortgage servicing, or any other person you have communicated with regarding the Objection.

1. This bankruptcy case (i.e., 15-83360-CRJ) was filed on December 15, 2015.

2. Your principal residence is 120 Dublin Circle, Madison, Alabama, 35758.

3. You received a document entitled Annual Escrow Account Disclosure Statement from Nationstar dated February 7, 2014.

4. You received a document entitled Annual Escrow Account Disclosure Statement from Nationstar dated February 19, 2015.

5. You received a letter dated November 30, 2015 from Eric Daniels, Customer Relations Specialist, at Nationstar Mortgage LLC.

6. You listed the Property (see definitions above) on Schedule A in this bankruptcy case with a value of $306,100.

7. You listed "Nationstar Mortgage" on Schedule D in this bankruptcy case (i.e., 15-83360-CRJ).

8. You signed the Schedules in this bankruptcy case.

9. You have made at least one (1) mortgage payment to Nationstar since March 1, 2013.

10. On or about February 19, 2016, you signed a document entitled "Home Affordable Modification Agreement."

11. On or about February 19, 2016, you signed a document entitled "Agreement to Maintain Escrow Account".

12. Nationstar filed a proof of claim in this bankruptcy case on or about April 11, 2016 (Claim #17).

13. Nationstar indicated on its proof of claim (Claim #17) in this bankruptcy case that the balance in your escrow account on the date this bankruptcy case was filed (i.e., December 15, 2015) was -$205.08. (See Form 410A attached to Claim #17).

14. Nationstar included $205.08 on the line for "Escrow Deficiency for funds advanced line" in Part 3 of Form 410A attached to the proof of claim (Claim #17) filed in this bankruptcy case.

15. Nationstar included $1,338.93 on the line for "Projected Escrow Shortage" in Part 3 of Form 410A attached to the proof of claim (Claim #17) filed in this bankruptcy case.

16. Nationstar included $278.33 on the line for "Monthly escrow" in Part 4 of Form 410A attached to the proof of claim (Claim #17) filed in this bankruptcy case.

17. The escrow account disclosure statement attached to Claim #17 was performed pursuant to 12 CFR § 1024.17.

18. Nationstar filed a Notice of Mortgage Payment Change in this bankruptcy case on June 21, 2016.

19. You received a copy of the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on June 21, 2016.

20. The Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on June 21, 2016 stated the "New total payment" effective August 1, 2016 would be $1,505.20.

21. Attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on June 21, 2016 was an escrow account disclosure statement dated March 2, 2016.

22. You received a copy of the escrow account disclosure statement dated March 2, 2016 that was attached to the  Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on June 21, 2016.

23. Nationstar filed a Notice of Mortgage Payment Change in this bankruptcy case on August 4, 2016.

24. You received a copy of the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on August 4, 2016.

25. The Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on August 4, 2016 stated the "New total payment" effective September 1, 2016 would be $1,384.61.

26. Attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on August 4 was an escrow account disclosure statement dated June 27, 2016.

27. You received a copy of the escrow account disclosure statement dated June 27, 2016 that was attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on August 4, 2016.

28. Nationstar filed a Notice of Mortgage Payment Change in this bankruptcy case on May 31, 2017.

29. You received a copy of the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on May 31, 2017.

30. The Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on May 31, 2017 stated the "New total payment" effective July 1, 2017 would be $1,406.36.

31. Attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on May 31, 2017 was an escrow account disclosure statement dated May 3, 2017.

32. You received a copy of the escrow account disclosure statement dated May 3, 2017 that was attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on May 31, 2017.

33. You have not made any payments in the amount of $1,505.20 to Nationstar.

34. You have not terminated your attorney in this bankruptcy case, Melissa W. Larsen.

35. You have not retained any other attorneys to represent you in this bankruptcy case other than Melissa W. Larsen.

36. The Mortgage attached to Claim #17 in this bankruptcy case lists the Property as securing a Note dated March 20, 2007.

37. Section 3 of the Mortgage (under the heading UNIFORM COVENANTS) attached to Claim #17 in this bankruptcy case contains the following language:

> If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments.

Respectfully submitted this 25th day of August, 2017.

NATIONSTAR MORTGAGE LLC

*/s/ Michael J. McCormick*
Michael J. McCormick, Esq.


McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
(678) 281-3918
Michael.McCormick@mccalla.com
ASB-1127-C65M

BANKRUPTCY CASE NO. 15-83360-CRJ
CHAPTER 13

JUDGE: CLIFTON R. JESSUP, JR.

## CERTIFICATE OF SERVICE

I, Michael J. McCormick, at 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That on the date below, I served a copy of the foregoing REQUEST FOR ADMISSIONS PROPOUNDED TO THE DEBTORS on the following parties via CM/ECF and e-mail or first class U.S. mail (postage prepaid):

**Russell Nelson**
120 Dublin Cir
Madison, AL 35758

**Deborah Nelson**
120 Dublin Cir
Madison, AL 35758

**Melissa W. Larsen**
521 Madison Street, Suite 201
Huntsville, AL 35801
mwlarsen67@gmail.com

**Michele T. Hatcher**
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602
Michele.Hatcher@ch13decatur.com


I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on _____08/25/2017_____ By: ___/s/ Michael J. McCormick_____
              (date)            MICHAEL J MCCORMICK
                                    Alabama Bar No. ASB-1127-C65M
                                    McCalla Raymer Leibert Pierce, LLC
                                    1544 Old Alabama Road
                                    Roswell, GA 30076
                                    Phone: 678-281-3918
                                    Michael.McCormick@mccalla.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:                              )

                                      )

RUSSELL NELSON           )     CASE NO. 15-83360-CRJ

DEBORAH NELSON          )

         DEBTORS.          )

                                        )

VS.                             )

                                        )

NATIONSTAR MORTGAGE LLC  )

        RESPONDENT.      )

---

## INTERROGATORIES PROPOUNDED TO THE DEBTORS

COMES NOW Respondent Nationstar Mortgage LLC (herein, "Nationstar"), by and through its counsel of record, pursuant to the Rule 33 of the Federal Rule of Civil Procedure, to serve the attached Interrogatories Propounded to the Debtors, to be answered in writing under the oath within thirty (30) days after date of service.

Pursuant to Rules 26-33 of the Federal Rules of Civil Procedure, you shall answer each of the following interrogatories under oath, in writing, separately, in the fullest detail possible, and in accordance with the definitions and instructions set forth below. The answers shall be signed by the person making them, and a copy of the answers, together with your objections, if any, should be served no longer than thirty (30) days after the service of these interrogatories.

Furthermore, you are under the duty to seasonably supplement your responses with respect to any interrogatories addressed to (1) the identity and location of people having knowledge of discoverable matters; and (2) the identity of each person expected to be called as a witness at any trial or hearing in this bankruptcy proceeding, the subject matter on which he is to testify, and the substance of this testimony. In addition, you are under the duty to amend a prior

1

Case 18-80037-CRJ3  Doc 48-3  Filed 10/03/18  Entered 10/03/18 20:57:27  Desc
Other  Page 19 of 107
Case 15-83360-CRJ3  Doc 61-3  Filed 10/03/18  Entered 10/03/18 06:04:01  Desc
Interrogatories Propound to the Debtors  Page 1 of 12

response if you obtain information on the basis of which you know that the response was incorrect when made, or that the response, though correct when made, is no longer true, and the circumstances of such is that the failure to amend that response is, in substance, a knowing concealment.

Definitions:

For the purposes of these interrogatories, the following definitions are included:

As used herein, the terms "you," "your," or "yourself" refer to Russell Nelson, Deborah Nelson, and any and all of their employees, agents, representatives, and attorneys, and each person acting or purporting to act on their behalf.

Representatives: As used herein, the term "representative" means any and all agents, employees, attorneys, or other persons acting on your behalf, including, but not limited to, all agents of other entities with which you have contracted.

Person: As used herein, the term "person" means any natural individual in any capacity whatsoever, or any entity or organization, including divisions, departments, and other units therein, and shall include, but not limited to, a public or private corporation, partnership, joint venture, voluntary of unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

Objection: As used herein, the term "Objection" refers to the Debtors' Objection to Nationstar's Mortgage Payment Change filed by the Debtors in this case (15-83360) on June 27, 2017 at docket entry 50.

Property: As used herein, the term "Property" refers to the real property located at and commonly known as 120 Dublin Circle, Madison, Alabama 35758.

<u>Loan Modification</u>: As used herein, the term "Loan Modification" refer to the Home Affordable Modification Agreement between you and Nationstar, executed by you on or before February 19, 2016, with new principal balance of $214,700.56, and with Modification Effective Date of June 1, 2016.

<u>Document:</u> As used herein, the term "document" is any medium upon which intelligence or information can be recorded or retrieved: that includes, without limitation, the original and each copy regardless of origin or location of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, which is in your possession in custody of your control or which was, but is no longer, in your possession, custody or control.

<u>Communication:</u> As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, telephone calls, consultations, agreements, and other understandings between two or more persons.

<u>Identification:</u> As used herein, the term "identification," "identified," or "identify," when used in reference to a natural individual, requires you to state his or her full name and residence and business address; (b) a corporation, requires you to use the full corporate name and any name under which it does business, its state of incorporation, and the address of its principal state of business, and the addresses of all of its officers; (c) a business, requires you to state the full

3

name or style under which the business is conducted, its business address or addresses, the type of business in which it is engaged, the geographic area in which it conducts its businesses, and the identity of the person or persons who own, operate or control the business; (d) a document, requires you to state the number and pages and nature of the document (for example, letter of memorandum), its title, its date, the name or names of its authors and recipients and its present location and custodian; (e) communication, require you, if any part of the communication was written, to identify the document or documents which refer to or evidence communication, and, to the extent that the communication was nonwritten, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

Identification of Documents: With respect to each request, and in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each request, and to your answer thereto.

If any or all documents identified herein are no longer in your possession, custody, or control, because of destruction, loss, or for any other reason, then do the following with respect to each and such documents: (a) describe the nature of the document (for example, letter of memorandum);(b) state the date of the document; (c) identify the person who sent or received the original or copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of the disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work product doctrine, or any other grounds, then do the following with respect to each and every document:

    (a)    describe the nature of the document (for example, letter of memorandum)

    (b)    state the date of the document;

<div align="center">4</div>

(c)     identify the person who sent and received the original copy of the document;

(d)     state the subject matter of the document; and

(e)     state the basis upon which you contend that you are entitled to withhold the document for production.

<u>Or:</u> The word "or" as used herein appearing in the interrogatories should not be read so as to eliminate any part of the interrogatory.  But whenever applicable it should have the same meaning as the word "and."  For example, an interrogatory stating support or refer should read as "support and refer" if the answer does both and should be made.

<u>Third Party:</u>   As used herein, the term "Third Party" includes accountants, actuaries, mortgage brokers, individuals with experience in mortgage servicing, or any other person you have communicated with regarding the Objection.

<u>Contention of Interrogatories:</u>  You are instructed that when an interrogatory requires you to state the basis of a particular claim, contention, potential violation, or allegation, state the identity of each and every communication and each and every legal theory that you think supports, refers to, or evidence such claim, contention, violation, or allegation.

**INTERROGATORIES:**

**INTERROGATORY NO. 1:**  Please state the full correct name, address and telephone number of the person answering the interrogatories.  Please likewise list the name, address and telephone number of any other persons consulted in obtaining the information requested in responding to these interrogatories.

**INTERROGATORY NO. 2:**  Please provide the address and approximate value of any real property owned by you other than the Property.  Please likewise list the name, address and

telephone number of any mortgage companies or other creditors with a lien against these properties.

**INTERROGATORY NO. 3:**  Please identify each person (providing their full current address and telephone number) to whom you will or may call as a witness at any and all trials or hearings on or with respect to the Objection, and state separately the facts, occurrences or opinions that each witness is expected to testify about, and the grounds for such knowledge.

**INTERROGATORY NO. 4:**  Please state the full correct name, address and telephone number of any law firms, attorneys and law firm employees whom you met with or communicated with regarding any of the issues or allegations raised in the Objection, and state which attorneys you met with for the purpose of representing you with respect to the Objection.

**INTERROGATORY NO. 5:**  Please state the full correct name, address and telephone number of any law firms who declined to represent you with respect to the issues or allegations raised in the Objection.

**INTERROGATORY NO. 6:**  Please identify any and all documentary or tangible evidence which you plan to introduce at any trial or hearing on or with respect to the Objection.

**INTERROGATORY NO. 7:** Please identify any and all telephone communications you have had with Nationstar or any of its officers, employees or agents since March 1, 2013.  In answering the interrogatory, please provide:

   i)  the date and time of the telephone call;

   ii)  the telephone number called;

   iii) the full name and title of the person or persons you spoke with during the call;

   iv) the approximate length of the telephone call; and

   v)  the nature, content, and topics discussed during the call.

6

Case 18-80037-CRJ3   Doc 48-3   Filed 10/03/18   Entered 10/03/18 20:57:27   Desc
Other: Proposed Page 24 of 107

Case 13-83069-CRJ13   Doc 617   Filed 10/03/18   Entered 10/03/18 16:04:21   Desc
Interrogatories Propounded to the Debtors    Page 6 of 12

**INTERROGATORY NO. 8:** Please identify any and all communications you have had with Nationstar or any of its officers, employees or agents since the filing of this bankruptcy case, including verbal and written. In answering the interrogatory, please provide:

    i) the date and time of the communication;

    ii) the form of the communication (e.g., letter);

    iii) the nature, content, and topics of the communication; and

    iv) a copy of any written communication received (e.g., letters, notices, statements).

    **INTERROGATORY NO. 9:** Please state in detail why you filed this Chapter 13 case (i.e., Case No. 15-83360-CRJ).

    **INTERROGATORY NO. 10:** Please provide the name of any person (providing their full current address and telephone number) who assisted you in preparing or filing the pleadings filed by you in this bankruptcy case, including, but not limited to, the drafting of legal arguments, obtaining case law, and performing other legal research.

    **INTERROGATORY NO. 11:** Please identify any and all laws, bylaws, statutes, codes, and regulations you believe that Nationstar has violated since March 1, 2013, including, but not limited to, alleged violations since you filed this Chapter 13 case (i.e., Case No. 15-83360-CRJ). For each "violation," please state in detail the basis for your opinion, and provide a copy of the relevant law, bylaw, statute, code, or regulation, along with any cases, treatises, articles, periodicals, notes, memoranda, written opinions, expert reports, audits, or any other documents relied upon. For each violation, please provide the name of any person (providing their full current address and telephone number) who assisted you in forming the opinion that a violation by Nationstar had occurred, or any other person with whom you discussed or communicated with about the alleged "violation."

7

Case 18-80037-CRJ13 Doc 48-7 Filed 10/03/18 Entered 10/03/18 20:57:27 Desc
Case 15-83360-CRJ13 Doc 6-17 Filed 10/03/18 Entered 10/03/18 16:04:01 Desc
Interrogatories Propounded to the Debtors Page 7 of 12
Other Page 25 of 107

**INTERROGATORY NO. 12:** Please state in detail, in your opinion, how funds from the Loan Modification should have been applied, including, but not limited to, money paid by you to the Chapter 13 Trustee in this Chapter 13 case (i.e., Case No. 15-83360-CRJ), and money paid by you to Nationstar between December 15, 2015 through and including February 28, 2016. In answering the interrogatory, please provide:

    i)   the basis of your opinion;

    ii)   the name of any person (providing their full current address and telephone number) who assisted you in forming your opinion or with whom you otherwise discussed the application of funds from the Loan Modification;

    iii) notes or calculations;

    iv) any books, treatises, periodicals, articles or other sources relied upon in forming your opinion.

**INTERROGATORY NO. 12:** Please state in detail, in your opinion, what the balance in your escrow account with Nationstar should have been on the following dates:

    a)  March 1, 2013;

    b)  April 1, 2013;

    c)  February 10, 2014;

    d)  April 1, 2014;

    e)  December 15, 2015;

    f)  January 1, 2016;

    g)  February 26, 2016;

    h)  March 2, 2016;

    i)  June 1, 2016;

j)  June 27, 2016;

k)  August 1, 2016;

l)  May 3, 2017;

m) June 7, 2017; and

n)  July 1, 2017.

For each response, please provide separately:

i)  the basis of your opinion;

ii) the name of any person (providing their full current address and telephone number) who assisted you in forming your opinion or with whom you otherwise discussed the application of funds from the Loan Modification;

iii) notes or calculations;

iv) any cases, laws, statutes, regulations, books, treatises, periodicals, articles, notes, memoranda or other sources relied upon in forming your opinion.

**INTERROGATORY NO. 13:**  With respect to the loan with Nationstar against the Property, please identify any and all direct payments that you have made for property taxes or property insurance. In answering the interrogatory, please provide copies of payments (e.g., canceled checks) to Madison County for property taxes or insurance carriers for property insurance that clearly show the dates and amounts of the payments made.

**INTERROGATORY NO. 14:**  Please describe any legal (including paralegal) training or education you have received (providing the dates, courses, locations and the names of the individuals, colleges, universities, or other entities and institutions providing the training or education), and identify any degrees or certificates you received.

9

Case 18-80037-CRJ3   Doc 48-7   Filed 10/03/18   Entered 10/03/18 20:57:27   Desc
Other   Page 27 of 107

Case 13-83000-CRJ13   Doc 617   Filed 10/03/18   Entered 10/03/18 16:04:01   Desc
Interrogatories Propounded to the Debtors   Page 9 of 12

**INTERROGATORY NO. 15:** Please state the name, occupation, business address and telephone number, residence address and telephone number of each person or persons whom you believe to have knowledge of any of the factual matters set forth in the preceding fourteen (14) interrogatories. Please include with your response to this interrogatory, a summary of the facts that you believe to be known by each person designated.

Respectfully submitted this 25th day of August, 2017.

NATIONSTAR MORTGAGE LLC

*/s/ Michael J. McCormick*
Michael J. McCormick, Esq.

McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
(678) 281-3918
Michael.McCormick@mccalla.com
ASB-1127-C65M

BANKRUPTCY CASE NO. 15-83360-CRJ
CHAPTER 13

JUDGE: CLIFTON R. JESSUP, JR.

## CERTIFICATE OF SERVICE

I, Michael J. McCormick, at 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That on the date below, I served a copy of the foregoing INTERROGATORIES PROPOUNDED TO THE DEBTORS on the following parties via CM/ECF and e-mail or first class U.S. mail (postage prepaid):

**Russell Nelson**
120 Dublin Cir
Madison, AL 35758

**Deborah Nelson**
120 Dublin Cir
Madison, AL 35758

**Melissa W. Larsen**
521 Madison Street, Suite 201
Huntsville, AL 35801
mwlarsen67@gmail.com

**Michele T. Hatcher**
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602
Michele.Hatcher@ch13decatur.com

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on _____08/25/2017_____ By: _/s/ Michael J. McCormick_____
                (date)             MICHAEL J MCCORMICK
                                    Alabama Bar No. ASB-1127-C65M
                                    McCalla Raymer Leibert Pierce, LLC
                                    1544 Old Alabama Road
                                    Roswell, GA 30076
                                    Phone: 678-281-3918
                                    Michael.McCormick@mccalla.com

Case 18-80037-CRJ    Doc 48-3    Filed 10/03/18    Entered 10/03/18 20:57:27    Desc
Other    Page 30 of 107

Case 13-83909-CRJ13    Doc 61-3    Filed 06/25/18    Entered 06/25/18 16:04:01    Desc
Interrogatories Propounded to the Debtors    Page 12 of 12

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUSSELL NELSON | ) | CASE NO. 15-83360-CRJ |
| DEBORAH NELSON | ) | |
|       DEBTORS. | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC | ) | |
|       RESPONDENT. | ) | |

## REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEBTORS

COMES NOW Respondent Nationstar Mortgage LLC (herein, "Nationstar"), by and through its counsel of record, pursuant to the Federal Rules of Civil Procedure, and the Federal Rules of Bankruptcy Procedure, to request the following documents from the Debtors. The documents listed hereunder shall be produced at the law offices of McCalla Raymer Leibert Pierce, LLC, 1544 Old Alabama Road, Roswell, GA 30076 within thirty (30) days from the date hereof.

Definitions:

For the purposes of these requests, the following definitions are included:

As used herein, the terms "you," "your," or "yourself" refer to Russell Nelson, Deborah Nelson, and any and all of their employees, agents, representatives, and attorneys, and each person acting or purporting to act on their behalf.

Representatives: As used herein, the term "representative" means any and all agents, employees, attorneys, or other persons acting on your behalf, including, but not limited to, all agents of other entities with which you have contracted.

Person: As used herein, the term "person" means any natural individual in any capacity whatsoever, or any entity or organization, including divisions, departments, and other units therein, and shall include, but not limited to, a public or private corporation, partnership, joint venture, voluntary of unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

Objection: As used herein, the term "Objection" refers to the Debtors' Objection to Nationstar's Mortgage Payment Change filed by the Debtors in this case (15-83360) on June 27, 2017 at docket entry 50.

Property: As used herein, the term "Property" refers to the real property located at and commonly known as 120 Dublin Circle, Madison, Alabama 35758.

Loan Modification: As used herein, the term "Loan Modification" refer to the Home Affordable Modification Agreement between you and Nationstar, executed by you on or before February 19, 2016, with new principal balance of $214,700.56, and with Modification Effective Date of June 1, 2016.

Document: As used herein, the term "document" is any medium upon which intelligence or information can be recorded or retrieved: that includes, without limitation, the original and each copy regardless of origin or location of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic

matter, however produced or reproduced, which is in your possession in custody of your control or which was, but is no longer, in your possession, custody or control.

<u>Communication:</u>  As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, telephone calls, consultations, agreements, and other understandings between two or more persons.

<u>Identification:</u>  As used herein, the term "identification," "identified," or "identify," when used in reference to a natural individual, requires you to state his or her full name and residence and business address; (b) a corporation, requires you to use the full corporate name and any name under which it does business, its state of incorporation, and the address of its principal state of business, and the addresses of all of its officers; (c) a business, requires you to state the full name or style under which the business is conducted, its business address or addresses, the type of business in which it is engaged, the geographic area in which it conducts its businesses, and the identity of the person or persons who own, operate or control the business; (d) a document, requires you to state the number and pages and nature of the document (for example, letter of memorandum), its title, its date, the name or names of its authors and recipients and its present location and custodian; (e) communication, require you, if any part of the communication was written, to identify the document or documents which refer to or evidence communication, and, to the extent that the communication was nonwritten, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

<u>Identification of Documents:</u> With respect to each request, and in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each request, and to your answer thereto.

If any or all documents identified herein are no longer in your possession, custody, or control, because of destruction, loss, or for any other reason, then do the following with respect to each and such documents: (a) describe the nature of the document (for example, letter of memorandum);(b) state the date of the document; (c) identify the person who sent or received the original or copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of the disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work product doctrine, or any other grounds, then do the following with respect to each and every document:

(a)     describe the nature of the document (for example, letter of memorandum)

(b)     state the date of the document;

(c)     identify the person who sent and received the original copy of the document;

(d)     state the subject matter of the document; and

(e)     state the basis upon which you contend that you are entitled to withhold the document for production.

Or: The word "or" as used herein appearing in the interrogatories should not be read so as to eliminate any part of the interrogatory.  But whenever applicable it should have the same meaning as the word "and."  For example, an interrogatory stating support or refer should read as "support and refer" if the answer does both and should be made.

Third Party:   As used herein, the term "Third Party" includes accountants, actuaries, mortgage brokers, individuals with experience in mortgage servicing, or any other person you have communicated with regarding the Objection.

**REQUEST NO. 1:**    Copies of any and all notes, memoranda, receipts, canceled checks,

bank statements, lists, invoices, payment histories, records, documents or other written instruments of any kind, nature or type whatsoever whether said documents be contained on printed, film, magnetic tape, computer storage, or other form of information recordation whatsoever which in any way relate to the issues which are presented by the Objection, including, but not limited to, payments made or purportedly made to Nationstar by the Debtors.

**REQUEST NO. 2:** Copies of any and all notes, lists, memoranda, letters, statements, notices, records (including telephone records), documents, or other written instruments of any kind, nature or type whatsoever whether said documents be contained on printed, film, magnetic tape, computer storage, or other form of information recordation whatsoever, which in any way relate to the issues which are presented by the Objection, including, but not limited to, any communications (e.g., telephone conversations) you may have had with Nationstar, its agents or representatives.

**REQUEST NO. 3:** Copies of any and all notes, lists, memoranda, letters, statements, notices, records, documents or other written instruments of any kind, nature or type whatsoever whether said documents be contained on printed, film, magnetic tape, computer storage, or other form of information recordation whatsoever, which in any way relate to the issues which are presented by the Objection, including, but not limited to, any written communications received by you.

**REQUEST NO. 4:** Copies of any and all notes, memoranda, written opinions, expert opinions, legal decisions, magazine or newspaper articles, periodicals, treatises, receipts, canceled checks, bank statements, escrow analyses, escrow statements, lists, invoices, payment histories, records, communications, documents or other written instruments of any kind, nature or type whatsoever whether said documents be contained on printed, film, magnetic tape,

computer storage, or other form of information recordation whatsoever which in any way relate to the issues which are presented by the Objection.

**REQUEST NO. 5:**    Copies of any payments made to Nationstar, including, but not limited to, the front and back of any canceled checks (along with any notations, instructions, dates, amounts, and account numbers).

**REQUEST NO. 6:**    Copies of any notes, letters, reports, memoranda, statements or other correspondence sent to Nationstar or its agents.

**REQUEST NO. 7:**    Copies of any notes, letters, reports, memoranda, statements or other correspondence received from Nationstar or its agents.

**REQUEST NO. 8:**    Copies of any notes, letters, reports, memoranda, statements or other correspondence received from or prepared by any third party that in any way relate to the issues which are presented by the Objection.

**REQUEST NO. 9:**    Copies of any document you intend to rely on or introduce into evidence at any hearing on the Objection.

**REQUEST NO. 10:**  Copies of any calculations which in any way relate to the issues which are presented by the Objection, whether prepared or performed by you, or a third party.

**REQUEST NO. 11:**  A copy of the voluntary petition, schedules, statements (e.g., Statement of Financial Affairs) signed by you in this case (i.e., not electronic signatures).

Respectfully submitted this 29th day of August, 2017.

NATIONSTAR MORTGAGE LLC

*/s/ Michael J. McCormick*
  Michael J. McCormick, Esq.

McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
(678) 281-3918
Michael.McCormick@mccalla.com
ASB-1976-C63M

BANKRUPTCY CASE NO. 15-83360-CRJ
CHAPTER 13

JUDGE: CLIFTON R. JESSUP, JR.

## CERTIFICATE OF SERVICE

I, Michael J. McCormick, at 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That on the date below, I served a copy of the foregoing REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEBTORS on the following parties via CM/ECF and e-mail or first class U.S. mail (postage prepaid):

**Russell Nelson**
120 Dublin Cir
Madison, AL 35758

**Deborah Nelson**
120 Dublin Cir
Madison, AL 35758

**Melissa W. Larsen**
521 Madison Street, Suite 201
Huntsville, AL 35801
mwlarsen67@gmail.com

**Michele T. Hatcher**
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602
Michele.Hatcher@ch13decatur.com


I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on _____08/29/2017_____ By: ___*/s/ Michael J. McCormick*___
                     (date)                      MICHAEL J MCCORMICK
                                                 Alabama Bar No. ASB-1127-C65M
                                                 McCalla Raymer Leibert Pierce, LLC
                                                 1544 Old Alabama Road
                                                 Roswell, GA 30076
                                                 Phone: 678-281-3918
                                                 Michael.McCormick@mccalla.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUSSELL NELSON | ) | CASE NO. 15-83360-CRJ |
| DEBORAH NELSON | ) | |
| DEBTORS. | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC | ) | |
| RESPONDENT. | ) | |

## NOTICE OF SERVICE OF DISCOVERY

COMES NOW Respondent Nationstar Mortgage LLC (herein, "Nationstar"), by and through its counsel of record, pursuant to the Federal Rules of Civil Procedure, and the Federal Rules of Bankruptcy Procedure, to give notice that it has served upon the Debtors, through their counsel, the discovery listed below. Responses to the discovery listed below shall be produced at the law offices of McCalla Raymer Leibert Pierce, LLC, 1544 Old Alabama Road, Roswell, GA 30076 within thirty (30) days from the date hereof.

a) Interrogatories Propounded to the Debtors;

b) Requests for Admissions Propounded to the Debtors; and

c) Request for Production of Documents Propounded to the Debtors.

Respectfully submitted this 25th day of August, 2017.

NATIONSTAR MORTGAGE LLC

*/s/ Michael J. McCormick*
Michael J. McCormick, Esq
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
(678) 281-3918
Michael.McCormick@mccalla.com
ASB-1127-C65M

BANKRUPTCY CASE NO. 15-83360-CRJ
CHAPTER 13

JUDGE: CLIFTON R. JESSUP, JR.

## CERTIFICATE OF SERVICE

I, Michael J. McCormick, at 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That on the date below, I served a copy of the foregoing NOTICE OF SERVICE OF DISCOVERY on the following parties via CM/ECF and e-mail or first class U.S. mail (postage prepaid):

**Russell Nelson**
120 Dublin Cir
Madison, AL 35758

**Deborah Nelson**
120 Dublin Cir
Madison, AL 35758

**Melissa W. Larsen**
521 Madison Street, Suite 201
Huntsville, AL 35801
mwlarsen67@gmail.com

**Michele T. Hatcher**
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602
Michele.Hatcher@ch13decatur.com


I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on     08/25/2017     By:     */s/ Michael J. McCormick*
                (date)            MICHAEL J MCCORMICK
                               Alabama Bar No. ASB-1127-C65M
                               McCalla Raymer Leibert Pierce, LLC
                               1544 Old Alabama Road
                               Roswell, GA 30076
                               Phone: 678-281-3918
                               Michael.McCormick@mccalla.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUSSELL NELSON | ) | CASE NO. 15-83360-CRJ |
| DEBORAH NELSON | ) | |
|      DEBTORS. | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC | ) | |
|      RESPONDENT. | ) | |

REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEBTORS

COMES NOW Respondent Nationstar Mortgage LLC (herein, "Nationstar"), by and through its counsel of record, pursuant to the Federal Rules of Civil Procedure, and the Federal Rules of Bankruptcy Procedure, to request the following documents from the Debtors. The documents listed hereunder shall be produced at the law offices of McCalla Raymer Leibert Pierce, LLC, 1544 Old Alabama Road, Roswell, GA 30076 within thirty (30) days from the date hereof.

Definitions:

For the purposes of these requests, the following definitions are included:

As used herein, the terms "you," "your," or "yourself" refer to Russell Nelson, Deborah Nelson, and any and all of their employees, agents, representatives, and attorneys, and each person acting or purporting to act on their behalf.

Representatives: As used herein, the term "representative" means any and all agents, employees, attorneys, or other persons acting on your behalf, including, but not limited to, all agents of other entities with which you have contracted.

Person: As used herein, the term "person" means any natural individual in any capacity whatsoever, or any entity or organization, including divisions, departments, and other units therein, and shall include, but not limited to, a public or private corporation, partnership, joint venture, voluntary of unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

Objection: As used herein, the term "Objection" refers to the Debtors' Objection to Nationstar's Mortgage Payment Change filed by the Debtors in this case (15-83360) on June 27, 2017 at docket entry 50.

Property: As used herein, the term "Property" refers to the real property located at and commonly known as 120 Dublin Circle, Madison, Alabama 35758.

Loan Modification: As used herein, the term "Loan Modification" refer to the Home Affordable Modification Agreement between you and Nationstar, executed by you on or before February 19, 2016, with new principal balance of $214,700.56, and with Modification Effective Date of June 1, 2016.

Document: As used herein, the term "document" is any medium upon which intelligence or information can be recorded or retrieved: that includes, without limitation, the original and each copy regardless of origin or location of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic

matter, however produced or reproduced, which is in your possession in custody of your control or which was, but is no longer, in your possession, custody or control.

Communication:  As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, telephone calls, consultations, agreements, and other understandings between two or more persons.

Identification:  As used herein, the term "identification," "identified," or "identify," when used in reference to a natural individual, requires you to state his or her full name and residence and business address; (b) a corporation, requires you to use the full corporate name and any name under which it does business, its state of incorporation, and the address of its principal state of business, and the addresses of all of its officers; (c) a business, requires you to state the full name or style under which the business is conducted, its business address or addresses, the type of business in which it is engaged, the geographic area in which it conducts its businesses, and the identity of the person or persons who own, operate or control the business; (d) a document, requires you to state the number and pages and nature of the document (for example, letter of memorandum), its title, its date, the name or names of its authors and recipients and its present location and custodian; (e) communication, require you, if any part of the communication was written, to identify the document or documents which refer to or evidence communication, and, to the extent that the communication was nonwritten, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

Identification of Documents: With respect to each request, and in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each request, and to your answer thereto.

If any or all documents identified herein are no longer in your possession, custody, or control, because of destruction, loss, or for any other reason, then do the following with respect to each and such documents: (a) describe the nature of the document (for example, letter of memorandum);(b) state the date of the document; (c) identify the person who sent or received the original or copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of the disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work product doctrine, or any other grounds, then do the following with respect to each and every document:

(a)     describe the nature of the document (for example, letter of memorandum)

(b)     state the date of the document;

(c)     identify the person who sent and received the original copy of the document;

(d)     state the subject matter of the document; and

(e)     state the basis upon which you contend that you are entitled to withhold the document for production.

<u>Or:</u> The word "or" as used herein appearing in the interrogatories should not be read so as to eliminate any part of the interrogatory.  But whenever applicable it should have the same meaning as the word "and."  For example, an interrogatory stating support or refer should read as "support and refer" if the answer does both and should be made.

<u>Third Party:</u>   As used herein, the term "Third Party" includes accountants, actuaries, mortgage brokers, individuals with experience in mortgage servicing, or any other person you have communicated with regarding the Objection.

**REQUEST NO. 1:**    Copies of any and all notes, memoranda, receipts, canceled checks,

bank statements, lists, invoices, payment histories, records, documents or other written instruments of any kind, nature or type whatsoever whether said documents be contained on printed, film, magnetic tape, computer storage, or other form of information recordation whatsoever which in any way relate to the issues which are presented by the Objection, including, but not limited to, payments made or purportedly made to Nationstar by the Debtors.

**REQUEST NO. 2:** Copies of any and all notes, lists, memoranda, letters, statements, notices, records (including telephone records), documents, or other written instruments of any kind, nature or type whatsoever whether said documents be contained on printed, film, magnetic tape, computer storage, or other form of information recordation whatsoever, which in any way relate to the issues which are presented by the Objection, including, but not limited to, any communications (e.g., telephone conversations) you may have had with Nationstar, its agents or representatives.

**REQUEST NO. 3:** Copies of any and all notes, lists, memoranda, letters, statements, notices, records, documents or other written instruments of any kind, nature or type whatsoever whether said documents be contained on printed, film, magnetic tape, computer storage, or other form of information recordation whatsoever, which in any way relate to the issues which are presented by the Objection, including, but not limited to, any written communications received by you.

**REQUEST NO. 4:** Copies of any and all notes, memoranda, written opinions, expert opinions, legal decisions, magazine or newspaper articles, periodicals, treatises, receipts, canceled checks, bank statements, escrow analyses, escrow statements, lists, invoices, payment histories, records, communications, documents or other written instruments of any kind, nature or type whatsoever whether said documents be contained on printed, film, magnetic tape,

computer storage, or other form of information recordation whatsoever which in any way relate to the issues which are presented by the Objection.

**REQUEST NO. 5:**   Copies of any payments made to Nationstar, including, but not limited to, the front and back of any canceled checks (along with any notations, instructions, dates, amounts, and account numbers).

**REQUEST NO. 6:**   Copies of any notes, letters, reports, memoranda, statements or other correspondence sent to Nationstar or its agents.

**REQUEST NO. 7:**   Copies of any notes, letters, reports, memoranda, statements or other correspondence received from Nationstar or its agents.

**REQUEST NO. 8:**   Copies of any notes, letters, reports, memoranda, statements or other correspondence received from or prepared by any third party that in any way relate to the issues which are presented by the Objection.

**REQUEST NO. 9:**   Copies of any document you intend to rely on or introduce into evidence at any hearing on the Objection.

**REQUEST NO. 10:**   Copies of any calculations which in any way relate to the issues which are presented by the Objection, whether prepared or performed by you, or a third party.

**REQUEST NO. 11:**   A copy of the voluntary petition, schedules, statements (e.g., Statement of Financial Affairs) signed by you in this case (i.e., not electronic signatures).

Respectfully submitted this 25th day of August, 2017.

NATIONSTAR MORTGAGE LLC

*/s/ Michael J. McCormick*
 Michael J. McCormick, Esq.

McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
(678) 281-3918
Michael.McCormick@mccalla.com

BANKRUPTCY CASE NO. 15-83360-CRJ
CHAPTER 13

JUDGE: CLIFTON R. JESSUP, JR.

## CERTIFICATE OF SERVICE

I, Michael J. McCormick, at 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That on the date below, I served a copy of the foregoing REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEBTORS on the following parties via CM/ECF and e-mail or first class U.S. mail (postage prepaid):

**Russell Nelson**
120 Dublin Cir
Madison, AL 35758

**Deborah Nelson**
120 Dublin Cir
Madison, AL 35758

**Melissa W. Larsen**
521 Madison Street, Suite 201
Huntsville, AL 35801
mwlarsen67@gmail.com

**Michele T. Hatcher**
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602
Michele.Hatcher@ch13decatur.com


I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on _____08/25/2017_____ By: _____/s/ Michael J. McCormick_____
                    (date)            MICHAEL J MCCORMICK
                                      Alabama Bar No. ASB-1127-C65M
                                      McCalla Raymer Leibert Pierce, LLC
                                      1544 Old Alabama Road
                                      Roswell, GA 30076
                                      Phone: 678-281-3918
                                      Michael.McCormick@mccalla.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUSSELL NELSON | ) | CASE NO. 15-83360-CRJ |
| DEBORAH NELSON | ) | |
|       DEBTORS. | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC | ) | |
|       RESPONDENT. | ) | |

## REQUEST FOR ADMISSIONS PROPOUNDED TO THE DEBTORS

COMES NOW Respondent Nationstar Mortgage LLC (herein, "Nationstar"), by and through its counsel of record, to propound the following Requests for Admissions to the Debtors pursuant to Fed. R. Civ. P. 36, applicable in this bankruptcy case via Fed. R. Bankr. P. 7036, and requests that the Debtors admit the truth of the statements of fact stated. You are instructed that:

1. These Requests are made pursuant to Rule 36 of the Federal Rules of Civil Procedure, and each of the statements of fact will be deemed admitted unless your statement in compliance with said Rules is timely made.
2. Your Responses, signed and properly verified, must be delivered to the undersigned counsel within thirty (30) days after service of these Requests.
3. Your Responses shall specifically deny the statement or set forth in detail the reasons why you cannot truthfully admit or deny the statements.
4. If, in Response to any of the following statements, it is your position that the statement is true in part, you shall specify the part which is true and qualify or deny the remainder.

Definitions:

For the purposes of these requests, the following definitions are included:

As used herein, the terms "you," "your," or "yourself" refer to Russell Nelson, Deborah Nelson, and any and all of their employees, agents, representatives, and attorneys, and each person acting or purporting to act on their behalf.

Representatives: As used herein, the term "representative" means any and all agents, employees, attorneys, or other persons acting on your behalf, including, but not limited to, all agents of other entities with which you have contracted.

Person: As used herein, the term "person" means any natural individual in any capacity whatsoever, or any entity or organization, including divisions, departments, and other units therein, and shall include, but not limited to, a public or private corporation, partnership, joint venture, voluntary of unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

Objection: As used herein, the term "Objection" refers to the Debtors' Objection to Nationstar's Mortgage Payment Change filed by the Debtors in this case (15-83360) on June 27, 2017 at docket entry 50.

Property: As used herein, the term "Property" refers to the real property located at and commonly known as 120 Dublin Circle, Madison, Alabama  35758.

Loan Modification: As used herein, the term "Loan Modification" refer to the Home Affordable Modification Agreement between you and Nationstar, executed by you on or before February 19, 2016, with new principal balance of $214,700.56, and with Modification Effective Date of June 1, 2016.

Document: As used herein, the term "document" is any medium upon which intelligence or information can be recorded or retrieved: that includes, without limitation, the original and each copy regardless of origin or location of any book, pamphlet, periodical, letter, memorandum

(including any memorandum or report of a conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, which is in your possession in custody of your control or which was, but is no longer, in your possession, custody or control.

Communication: As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, telephone calls, consultations, agreements, and other understandings between two or more persons.

Identification: As used herein, the term "identification," "identified," or "identify," when used in reference to a natural individual, requires you to state his or her full name and residence and business address; (b) a corporation, requires you to use the full corporate name and any name under which it does business, its state of incorporation, and the address of its principal state of business, and the addresses of all of its officers; (c) a business, requires you to state the full name or style under which the business is conducted, its business address or addresses, the type of business in which it is engaged, the geographic area in which it conducts its businesses, and the identity of the person or persons who own, operate or control the business; (d) a document, requires you to state the number and pages and nature of the document (for example, letter of memorandum), its title, its date, the name or names of its authors and recipients and its present location and custodian; (e) communication, require you, if any part of the communication was written, to identify the document or documents which refer to or evidence communication, and,

to the extent that the communication was nonwritten, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

Identification of Documents: With respect to each request, and in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each request, and to your answer thereto.

If any or all documents identified herein are no longer in your possession, custody, or control, because of destruction, loss, or for any other reason, then do the following with respect to each and such documents: (a) describe the nature of the document (for example, letter of memorandum);(b) state the date of the document; (c) identify the person who sent or received the original or copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of the disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work product doctrine, or any other grounds, then do the following with respect to each and every document:

(a)     describe the nature of the document (for example, letter of memorandum)

(b)     state the date of the document;

(c)     identify the person who sent and received the original copy of the document;

(d)     state the subject matter of the document; and

(e)     state the basis upon which you contend that you are entitled to withhold the document for production.

Or: The word "or" as used herein appearing in the interrogatories should not be read so as to eliminate any part of the interrogatory.  But whenever applicable it should have the same

meaning as the word "and." For example, an interrogatory stating support or refer should read as "support and refer" if the answer does both and should be made.

Third Party: As used herein, the term "Third Party" includes accountants, actuaries, mortgage brokers, individuals with experience in mortgage servicing, or any other person you have communicated with regarding the Objection.

1. This bankruptcy case (i.e., 15-83360-CRJ) was filed on December 15, 2015.

2. Your principal residence is 120 Dublin Circle, Madison, Alabama, 35758.

3. You received a document entitled Annual Escrow Account Disclosure Statement from Nationstar dated February 7, 2014.

4. You received a document entitled Annual Escrow Account Disclosure Statement from Nationstar dated February 19, 2015.

5. You received a letter dated November 30, 2015 from Eric Daniels, Customer Relations Specialist, at Nationstar Mortgage LLC.

6. You listed the Property (see definitions above) on Schedule A in this bankruptcy case with a value of $306,100.

7. You listed "Nationstar Mortgage" on Schedule D in this bankruptcy case (i.e., 15-83360-CRJ).

8. You signed the Schedules in this bankruptcy case.

9. You have made at least one (1) mortgage payment to Nationstar since March 1, 2013.

10. On or about February 19, 2016, you signed a document entitled "Home Affordable Modification Agreement."

11. On or about February 19, 2016, you signed a document entitled "Agreement to Maintain Escrow Account".

12. Nationstar filed a proof of claim in this bankruptcy case on or about April 11, 2016 (Claim #17).

13. Nationstar indicated on its proof of claim (Claim #17) in this bankruptcy case that the balance in your escrow account on the date this bankruptcy case was filed (i.e., December 15, 2015) was -$205.08. (See Form 410A attached to Claim #17).

14. Nationstar included $205.08 on the line for "Escrow Deficiency for funds advanced line" in Part 3 of Form 410A attached to the proof of claim (Claim #17) filed in this bankruptcy case.

15. Nationstar included $1,338.93 on the line for "Projected Escrow Shortage" in Part 3 of Form 410A attached to the proof of claim (Claim #17) filed in this bankruptcy case.

16. Nationstar included $278.33 on the line for "Monthly escrow" in Part 4 of Form 410A attached to the proof of claim (Claim #17) filed in this bankruptcy case.

17. The escrow account disclosure statement attached to Claim #17 was performed pursuant to 12 CFR § 1024.17.

18. Nationstar filed a Notice of Mortgage Payment Change in this bankruptcy case on June 21, 2016.

19. You received a copy of the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on June 21, 2016.

20. The Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on June 21, 2016 stated the "New total payment" effective August 1, 2016 would be $1,505.20.

21. Attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on June 21, 2016 was an escrow account disclosure statement dated March 2, 2016.

22. You received a copy of the escrow account disclosure statement dated March 2, 2016 that was attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on June 21, 2016.

23. Nationstar filed a Notice of Mortgage Payment Change in this bankruptcy case on August 4, 2016.

24. You received a copy of the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on August 4, 2016.

25. The Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on August 4, 2016 stated the "New total payment" effective September 1, 2016 would be $1,384.61.

26. Attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on August 4 was an escrow account disclosure statement dated June 27, 2016.

27. You received a copy of the escrow account disclosure statement dated June 27, 2016 that was attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on August 4, 2016.

28. Nationstar filed a Notice of Mortgage Payment Change in this bankruptcy case on May 31, 2017.

29. You received a copy of the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on May 31, 2017.

30. The Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on May 31, 2017 stated the "New total payment" effective July 1, 2017 would be $1,406.36.

31. Attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on May 31, 2017 was an escrow account disclosure statement dated May 3, 2017.

32. You received a copy of the escrow account disclosure statement dated May 3, 2017 that was attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on May 31, 2017.

33. You have not made any payments in the amount of $1,505.20 to Nationstar.

34. You have not terminated your attorney in this bankruptcy case, Melissa W. Larsen.

35. You have not retained any other attorneys to represent you in this bankruptcy case other than Melissa W. Larsen.

36. The Mortgage attached to Claim #17 in this bankruptcy case lists the Property as securing a Note dated March 20, 2007.

37. Section 3 of the Mortgage (under the heading UNIFORM COVENANTS) attached to Claim #17 in this bankruptcy case contains the following language:

> If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments.

Respectfully submitted this 25th day of August, 2017.

NATIONSTAR MORTGAGE LLC

*/s/ Michael J. McCormick*
Michael J. McCormick, Esq.


McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
(678) 281-3918
Michael.McCormick@mccalla.com
ASB-1127-C65M

BANKRUPTCY CASE NO. 15-83360-CRJ
CHAPTER 13

JUDGE: CLIFTON R. JESSUP, JR.

## CERTIFICATE OF SERVICE

I, Michael J. McCormick, at 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That on the date below, I served a copy of the foregoing REQUEST FOR ADMISSIONS PROPOUNDED TO THE DEBTORS on the following parties via CM/ECF and e-mail or first class U.S. mail (postage prepaid):

**Russell Nelson**
120 Dublin Cir
Madison, AL 35758

**Deborah Nelson**
120 Dublin Cir
Madison, AL 35758

**Melissa W. Larsen**
521 Madison Street, Suite 201
Huntsville, AL 35801
mwlarsen67@gmail.com

**Michele T. Hatcher**
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602
Michele.Hatcher@ch13decatur.com


I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on ___08/25/2017___ By: ___/s/ Michael J. McCormick___
                 (date)            MICHAEL J MCCORMICK
                                   Alabama Bar No. ASB-1127-C65M
                                   McCalla Raymer Leibert Pierce, LLC
                                   1544 Old Alabama Road
                                   Roswell, GA 30076
                                   Phone: 678-281-3918
                                   Michael.McCormick@mccalla.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:                              )
                                    )
RUSSELL NELSON                      )        CASE NO. 15-83360-CRJ
DEBORAH NELSON                      )
        DEBTORS.                    )
                                    )
VS.                                 )
                                    )
NATIONSTAR MORTGAGE LLC             )
        RESPONDENT.                 )

---

## INTERROGATORIES PROPOUNDED TO THE DEBTORS

COMES NOW Respondent Nationstar Mortgage LLC (herein, "Nationstar"), by and through its counsel of record, pursuant to the Rule 33 of the Federal Rule of Civil Procedure, to serve the attached Interrogatories Propounded to the Debtors, to be answered in writing under the oath within thirty (30) days after date of service.

Pursuant to Rules 26-33 of the Federal Rules of Civil Procedure, you shall answer each of the following interrogatories under oath, in writing, separately, in the fullest detail possible, and in accordance with the definitions and instructions set forth below.  The answers shall be signed by the person making them, and a copy of the answers, together with your objections, if any, should be served no longer than thirty (30) days after the service of these interrogatories.

Furthermore, you are under the duty to seasonably supplement your responses with respect to any interrogatories addressed to (1) the identity and location of people having knowledge of discoverable matters; and (2) the identity of each person expected to be called as a witness at any trial or hearing in this bankruptcy proceeding, the subject matter on which he is to testify, and the substance of this testimony.  In addition, you are under the duty to amend a prior

1

response if you obtain information on the basis of which you know that the response was incorrect when made, or that the response, though correct when made, is no longer true, and the circumstances of such is that the failure to amend that response is, in substance, a knowing concealment.

Definitions:

For the purposes of these interrogatories, the following definitions are included:

As used herein, the terms "you," "your," or "yourself" refer to Russell Nelson, Deborah Nelson, and any and all of their employees, agents, representatives, and attorneys, and each person acting or purporting to act on their behalf.

Representatives: As used herein, the term "representative" means any and all agents, employees, attorneys, or other persons acting on your behalf, including, but not limited to, all agents of other entities with which you have contracted.

Person: As used herein, the term "person" means any natural individual in any capacity whatsoever, or any entity or organization, including divisions, departments, and other units therein, and shall include, but not limited to, a public or private corporation, partnership, joint venture, voluntary of unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

Objection: As used herein, the term "Objection" refers to the Debtors' Objection to Nationstar's Mortgage Payment Change filed by the Debtors in this case (15-83360) on June 27, 2017 at docket entry 50.

Property: As used herein, the term "Property" refers to the real property located at and commonly known as 120 Dublin Circle, Madison, Alabama 35758.

Loan Modification:  As used herein, the term "Loan Modification" refer to the Home Affordable Modification Agreement between you and Nationstar, executed by you on or before February 19, 2016, with new principal balance of $214,700.56, and with Modification Effective Date of June 1, 2016.

Document:  As used herein, the term "document" is any medium upon which intelligence or information can be recorded or retrieved: that includes, without limitation, the original and each copy regardless of origin or location of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, which is in your possession in custody of your control or which was, but is no longer, in your possession, custody or control.

Communication:  As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, telephone calls, consultations, agreements, and other understandings between two or more persons.

Identification:  As used herein, the term "identification," "identified," or "identify," when used in reference to a natural individual, requires you to state his or her full name and residence and business address; (b) a corporation, requires you to use the full corporate name and any name under which it does business, its state of incorporation, and the address of its principal state of business, and the addresses of all of its officers; (c) a business, requires you to state the full

3

name or style under which the business is conducted, its business address or addresses, the type of business in which it is engaged, the geographic area in which it conducts its businesses, and the identity of the person or persons who own, operate or control the business; (d) a document, requires you to state the number and pages and nature of the document (for example, letter of memorandum), its title, its date, the name or names of its authors and recipients and its present location and custodian; (e) communication, require you, if any part of the communication was written, to identify the document or documents which refer to or evidence communication, and, to the extent that the communication was nonwritten, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

Identification of Documents: With respect to each request, and in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each request, and to your answer thereto.

If any or all documents identified herein are no longer in your possession, custody, or control, because of destruction, loss, or for any other reason, then do the following with respect to each and such documents: (a) describe the nature of the document (for example, letter of memorandum);(b) state the date of the document; (c) identify the person who sent or received the original or copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of the disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work product doctrine, or any other grounds, then do the following with respect to each and every document:

(a)     describe the nature of the document (for example, letter of memorandum)

(b)     state the date of the document;

4

(c)     identify the person who sent and received the original copy of the document;

(d)     state the subject matter of the document; and

(e)     state the basis upon which you contend that you are entitled to withhold the document for production.

Or: The word "or" as used herein appearing in the interrogatories should not be read so as to eliminate any part of the interrogatory.  But whenever applicable it should have the same meaning as the word "and."  For example, an interrogatory stating support or refer should read as "support and refer" if the answer does both and should be made.

Third Party:  As used herein, the term "Third Party" includes accountants, actuaries, mortgage brokers, individuals with experience in mortgage servicing, or any other person you have communicated with regarding the Objection.

Contention of Interrogatories:  You are instructed that when an interrogatory requires you to state the basis of a particular claim, contention, potential violation, or allegation, state the identity of each and every communication and each and every legal theory that you think supports, refers to, or evidence such claim, contention, violation, or allegation.

**INTERROGATORIES:**

**INTERROGATORY NO. 1:**  Please state the full correct name, address and telephone number of the person answering the interrogatories.  Please likewise list the name, address and telephone number of any other persons consulted in obtaining the information requested in responding to these interrogatories.

**INTERROGATORY NO. 2:**  Please provide the address and approximate value of any real property owned by you other than the Property.  Please likewise list the name, address and

telephone number of any mortgage companies or other creditors with a lien against these properties.

**INTERROGATORY NO. 3:** Please identify each person (providing their full current address and telephone number) to whom you will or may call as a witness at any and all trials or hearings on or with respect to the Objection, and state separately the facts, occurrences or opinions that each witness is expected to testify about, and the grounds for such knowledge.

**INTERROGATORY NO. 4:** Please state the full correct name, address and telephone number of any law firms, attorneys and law firm employees whom you met with or communicated with regarding any of the issues or allegations raised in the Objection, and state which attorneys you met with for the purpose of representing you with respect to the Objection.

**INTERROGATORY NO. 5:** Please state the full correct name, address and telephone number of any law firms who declined to represent you with respect to the issues or allegations raised in the Objection.

**INTERROGATORY NO. 6:** Please identify any and all documentary or tangible evidence which you plan to introduce at any trial or hearing on or with respect to the Objection.

**INTERROGATORY NO. 7:** Please identify any and all telephone communications you have had with Nationstar or any of its officers, employees or agents since March 1, 2013. In answering the interrogatory, please provide:

i) the date and time of the telephone call;

ii) the telephone number called;

iii) the full name and title of the person or persons you spoke with during the call;

iv) the approximate length of the telephone call; and

v) the nature, content, and topics discussed during the call.

6

**INTERROGATORY NO. 8:** Please identify any and all communications you have had with Nationstar or any of its officers, employees or agents since the filing of this bankruptcy case, including verbal and written. In answering the interrogatory, please provide:

    i)  the date and time of the communication;

    ii)  the form of the communication (e.g., letter);

    iii) the nature, content, and topics of the communication; and

    iv) a copy of any written communication received (e.g., letters, notices, statements).

**INTERROGATORY NO. 9:** Please state in detail why you filed this Chapter 13 case (i.e., Case No. 15-83360-CRJ).

**INTERROGATORY NO. 10:** Please provide the name of any person (providing their full current address and telephone number) who assisted you in preparing or filing the pleadings filed by you in this bankruptcy case, including, but not limited to, the drafting of legal arguments, obtaining case law, and performing other legal research.

**INTERROGATORY NO. 11:** Please identify any and all laws, bylaws, statutes, codes, and regulations you believe that Nationstar has violated since March 1, 2013, including, but not limited to, alleged violations since you filed this Chapter 13 case (i.e., Case No. 15-83360-CRJ). For each "violation," please state in detail the basis for your opinion, and provide a copy of the relevant law, bylaw, statute, code, or regulation, along with any cases, treatises, articles, periodicals, notes, memoranda, written opinions, expert reports, audits, or any other documents relied upon. For each violation, please provide the name of any person (providing their full current address and telephone number) who assisted you in forming the opinion that a violation by Nationstar had occurred, or any other person with whom you discussed or communicated with about the alleged "violation."

7

Case 15-83360-CRJ13   Doc 46-3   Filed 10/02/18   Entered 10/02/18 20:57:21   Desc
Case 15-83360-CRJ13   Doc 61-3   Filed 10/25/18   Entered 10/25/18 16:04:01   Desc
Interrogatories Propounded by the Debtors   Page 7 of 12
Other   Page 62 of 107

**INTERROGATORY NO. 12:** Please state in detail, in your opinion, how funds from the Loan Modification should have been applied, including, but not limited to, money paid by you to the Chapter 13 Trustee in this Chapter 13 case (i.e., Case No. 15-83360-CRJ), and money paid by you to Nationstar between December 15, 2015 through and including February 28, 2016. In answering the interrogatory, please provide:

i) the basis of your opinion;

ii) the name of any person (providing their full current address and telephone number) who assisted you in forming your opinion or with whom you otherwise discussed the application of funds from the Loan Modification;

iii) notes or calculations;

iv) any books, treatises, periodicals, articles or other sources relied upon in forming your opinion.

**INTERROGATORY NO. 12:** Please state in detail, in your opinion, what the balance in your escrow account with Nationstar should have been on the following dates:

a) March 1, 2013;

b) April 1, 2013;

c) February 10, 2014;

d) April 1, 2014;

e) December 15, 2015;

f) January 1, 2016;

g) February 26, 2016;

h) March 2, 2016;

i) June 1, 2016;

8

j) June 27, 2016;

k) August 1, 2016;

l) May 3, 2017;

m) June 7, 2017; and

n) July 1, 2017.

For <u>each</u> response, please provide <u>separately</u>:

i) the basis of your opinion;

ii) the name of any person (providing their full current address and telephone number) who assisted you in forming your opinion or with whom you otherwise discussed the application of funds from the Loan Modification;

iii) notes or calculations;

iv) any cases, laws, statutes, regulations, books, treatises, periodicals, articles, notes, memoranda or other sources relied upon in forming your opinion.

**INTERROGATORY NO. 13:** With respect to the loan with Nationstar against the Property, please identify any and all direct payments that you have made for property taxes or property insurance. In answering the interrogatory, please provide copies of payments (e.g., canceled checks) to Madison County for property taxes or insurance carriers for property insurance that clearly show the dates and amounts of the payments made.

**INTERROGATORY NO. 14:** Please describe any legal (including paralegal) training or education you have received (providing the dates, courses, locations and the names of the individuals, colleges, universities, or other entities and institutions providing the training or education), and identify any degrees or certificates you received.

9

**INTERROGATORY NO. 15:** Please state the name, occupation, business address and telephone number, residence address and telephone number of each person or persons whom you believe to have knowledge of any of the factual matters set forth in the preceding fourteen (14) interrogatories. Please include with your response to this interrogatory, a summary of the facts that you believe to be known by each person designated.

Respectfully submitted this 25th day of August, 2017.

NATIONSTAR MORTGAGE LLC

*/s/ Michael J. McCormick*
Michael J. McCormick, Esq.

McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
(678) 281-3918
Michael.McCormick@mccalla.com
ASB-1127-C65M

10

BANKRUPTCY CASE NO. 15-83360-CRJ
CHAPTER 13

JUDGE: CLIFTON R. JESSUP, JR.

## CERTIFICATE OF SERVICE

I, Michael J. McCormick, at 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That on the date below, I served a copy of the foregoing INTERROGATORIES PROPOUNDED TO THE DEBTORS on the following parties via CM/ECF and e-mail or first class U.S. mail (postage prepaid):

**Russell Nelson**
120 Dublin Cir
Madison, AL 35758

**Deborah Nelson**
120 Dublin Cir
Madison, AL 35758

**Melissa W. Larsen**
521 Madison Street, Suite 201
Huntsville, AL 35801
mwlarsen67@gmail.com

**Michele T. Hatcher**
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602
Michele.Hatcher@ch13decatur.com

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on    08/25/2017    By:    */s/ Michael J. McCormick*
                (date)           MICHAEL J MCCORMICK
                           Alabama Bar No. ASB-1127-C65M
                           McCalla Raymer Leibert Pierce, LLC
                           1544 Old Alabama Road
                           Roswell, GA 30076
                           Phone: 678-281-3918
                           Michael.McCormick@mccalla.com

12

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUSSELL NELSON | ) | CASE NO. 15-83360-CRJ |
| DEBORAH NELSON | ) | |
|       DEBTORS. | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC | ) | |
|       RESPONDENT. | ) | |

## REQUEST FOR ADMISSIONS PROPOUNDED TO THE DEBTORS

COMES NOW Respondent Nationstar Mortgage LLC (herein, "Nationstar"), by and through its counsel of record, to propound the following Requests for Admissions to the Debtors pursuant to Fed. R. Civ. P. 36, applicable in this bankruptcy case via Fed. R. Bankr. P. 7036, and requests that the Debtors admit the truth of the statements of fact stated. You are instructed that:

1. These Requests are made pursuant to Rule 36 of the Federal Rules of Civil Procedure, and each of the statements of fact will be deemed admitted unless your statement in compliance with said Rules is timely made.
2. Your Responses, signed and properly verified, must be delivered to the undersigned counsel within thirty (30) days after service of these Requests.
3. Your Responses shall specifically deny the statement or set forth in detail the reasons why you cannot truthfully admit or deny the statements.
4. If, in Response to any of the following statements, it is your position that the statement is true in part, you shall specify the part which is true and qualify or deny the remainder.

Definitions:

For the purposes of these requests, the following definitions are included:

As used herein, the terms "you," "your," or "yourself" refer to Russell Nelson, Deborah Nelson, and any and all of their employees, agents, representatives, and attorneys, and each person acting or purporting to act on their behalf.

Representatives: As used herein, the term "representative" means any and all agents, employees, attorneys, or other persons acting on your behalf, including, but not limited to, all agents of other entities with which you have contracted.

Person: As used herein, the term "person" means any natural individual in any capacity whatsoever, or any entity or organization, including divisions, departments, and other units therein, and shall include, but not limited to, a public or private corporation, partnership, joint venture, voluntary of unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

Objection: As used herein, the term "Objection" refers to the Debtors' Objection to Nationstar's Mortgage Payment Change filed by the Debtors in this case (15-83360) on June 27, 2017 at docket entry 50.

Property: As used herein, the term "Property" refers to the real property located at and commonly known as 120 Dublin Circle, Madison, Alabama 35758.

Loan Modification: As used herein, the term "Loan Modification" refer to the Home Affordable Modification Agreement between you and Nationstar, executed by you on or before February 19, 2016, with new principal balance of $214,700.56, and with Modification Effective Date of June 1, 2016.

Document: As used herein, the term "document" is any medium upon which intelligence or information can be recorded or retrieved: that includes, without limitation, the original and each copy regardless of origin or location of any book, pamphlet, periodical, letter, memorandum

(including any memorandum or report of a conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, which is in your possession in custody of your control or which was, but is no longer, in your possession, custody or control.

Communication:  As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, telephone calls, consultations, agreements, and other understandings between two or more persons.

Identification:  As used herein, the term "identification," "identified," or "identify," when used in reference to a natural individual, requires you to state his or her full name and residence and business address; (b) a corporation, requires you to use the full corporate name and any name under which it does business, its state of incorporation, and the address of its principal state of business, and the addresses of all of its officers; (c) a business, requires you to state the full name or style under which the business is conducted, its business address or addresses, the type of business in which it is engaged, the geographic area in which it conducts its businesses, and the identity of the person or persons who own, operate or control the business; (d) a document, requires you to state the number and pages and nature of the document (for example, letter of memorandum), its title, its date, the name or names of its authors and recipients and its present location and custodian; (e) communication, require you, if any part of the communication was written, to identify the document or documents which refer to or evidence communication, and,

to the extent that the communication was nonwritten, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

<u>Identification of Documents:</u> With respect to each request, and in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each request, and to your answer thereto.

If any or all documents identified herein are no longer in your possession, custody, or control, because of destruction, loss, or for any other reason, then do the following with respect to each and such documents: (a) describe the nature of the document (for example, letter of memorandum);(b) state the date of the document; (c) identify the person who sent or received the original or copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of the disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work product doctrine, or any other grounds, then do the following with respect to each and every document:

(a)     describe the nature of the document (for example, letter of memorandum)

(b)     state the date of the document;

(c)     identify the person who sent and received the original copy of the document;

(d)     state the subject matter of the document; and

(e)     state the basis upon which you contend that you are entitled to withhold the document for production.

<u>Or:</u> The word "or" as used herein appearing in the interrogatories should not be read so as to eliminate any part of the interrogatory.  But whenever applicable it should have the same

meaning as the word "and." For example, an interrogatory stating support or refer should read as "support and refer" if the answer does both and should be made.

Third Party: As used herein, the term "Third Party" includes accountants, actuaries, mortgage brokers, individuals with experience in mortgage servicing, or any other person you have communicated with regarding the Objection.

1. This bankruptcy case (i.e., 15-83360-CRJ) was filed on December 15, 2015.

2. Your principal residence is 120 Dublin Circle, Madison, Alabama, 35758.

3. You received a document entitled Annual Escrow Account Disclosure Statement from Nationstar dated February 7, 2014.

4. You received a document entitled Annual Escrow Account Disclosure Statement from Nationstar dated February 19, 2015.

5. You received a letter dated November 30, 2015 from Eric Daniels, Customer Relations Specialist, at Nationstar Mortgage LLC.

6. You listed the Property (see definitions above) on Schedule A in this bankruptcy case with a value of $306,100.

7. You listed "Nationstar Mortgage" on Schedule D in this bankruptcy case (i.e., 15-83360-CRJ).

8. You signed the Schedules in this bankruptcy case.

9. You have made at least one (1) mortgage payment to Nationstar since March 1, 2013.

10. On or about February 19, 2016, you signed a document entitled "Home Affordable Modification Agreement."

11. On or about February 19, 2016, you signed a document entitled "Agreement to Maintain Escrow Account".

12. Nationstar filed a proof of claim in this bankruptcy case on or about April 11, 2016 (Claim #17).

13. Nationstar indicated on its proof of claim (Claim #17) in this bankruptcy case that the balance in your escrow account on the date this bankruptcy case was filed (i.e., December 15, 2015) was -$205.08. (See Form 410A attached to Claim #17).

14. Nationstar included $205.08 on the line for "Escrow Deficiency for funds advanced line" in Part 3 of Form 410A attached to the proof of claim (Claim #17) filed in this bankruptcy case.

15. Nationstar included $1,338.93 on the line for "Projected Escrow Shortage" in Part 3 of Form 410A attached to the proof of claim (Claim #17) filed in this bankruptcy case.

16. Nationstar included $278.33 on the line for "Monthly escrow" in Part 4 of Form 410A attached to the proof of claim (Claim #17) filed in this bankruptcy case.

17. The escrow account disclosure statement attached to Claim #17 was performed pursuant to 12 CFR § 1024.17.

18. Nationstar filed a Notice of Mortgage Payment Change in this bankruptcy case on June 21, 2016.

19. You received a copy of the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on June 21, 2016.

20. The Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on June 21, 2016 stated the "New total payment" effective August 1, 2016 would be $1,505.20.

21. Attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on June 21, 2016 was an escrow account disclosure statement dated March 2, 2016.

22. You received a copy of the escrow account disclosure statement dated March 2, 2016 that was attached to the  Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on June 21, 2016.

23. Nationstar filed a Notice of Mortgage Payment Change in this bankruptcy case on August 4, 2016.

24. You received a copy of the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on August 4, 2016.

25. The Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on August 4, 2016 stated the "New total payment" effective September 1, 2016 would be $1,384.61.

26. Attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on August 4 was an escrow account disclosure statement dated June 27, 2016.

27. You received a copy of the escrow account disclosure statement dated June 27, 2016 that was attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on August 4, 2016.

28. Nationstar filed a Notice of Mortgage Payment Change in this bankruptcy case on May 31, 2017.

29. You received a copy of the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on May 31, 2017.

30. The Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on May 31, 2017 stated the "New total payment" effective July 1, 2017 would be $1,406.36.

31. Attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on May 31, 2017 was an escrow account disclosure statement dated May 3, 2017.

32. You received a copy of the escrow account disclosure statement dated May 3, 2017 that was attached to the Notice of Mortgage Payment Change filed in this bankruptcy case by Nationstar on May 31, 2017.

33. You have not made any payments in the amount of $1,505.20 to Nationstar.

34. You have not terminated your attorney in this bankruptcy case, Melissa W. Larsen.

35. You have not retained any other attorneys to represent you in this bankruptcy case other than Melissa W. Larsen.

36. The Mortgage attached to Claim #17 in this bankruptcy case lists the Property as securing a Note dated March 20, 2007.

37. Section 3 of the Mortgage (under the heading UNIFORM COVENANTS) attached to Claim #17 in this bankruptcy case contains the following language:

> If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments.

Respectfully submitted this 29th day of August, 2017.

NATIONSTAR MORTGAGE LLC

*/s/ Michael J. McCormick*
Michael J. McCormick, Esq.


McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
(678) 281-3918
Michael.McCormick@mccalla.com
ASB-1127-C65M

BANKRUPTCY CASE NO. 15-83360-CRJ
CHAPTER 13

JUDGE: CLIFTON R. JESSUP, JR.

## CERTIFICATE OF SERVICE

I, Michael J. McCormick, at 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That on the date below, I served a copy of the foregoing REQUEST FOR ADMISSIONS PROPOUNDED TO THE DEBTORS on the following parties via CM/ECF and e-mail or first class U.S. mail (postage prepaid):

**Russell Nelson**
120 Dublin Cir
Madison, AL 35758

**Deborah Nelson**
120 Dublin Cir
Madison, AL 35758

**Melissa W. Larsen**
521 Madison Street, Suite 201
Huntsville, AL 35801
mwlarsen67@gmail.com

**Michele T. Hatcher**
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602
Michele.Hatcher@ch13decatur.com


I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on    08/29/2017    By:   */s/ Michael J. McCormick*
              (date)           MICHAEL J MCCORMICK
                        Alabama Bar No. ASB-1127-C65M
                        McCalla Raymer Leibert Pierce, LLC
                        1544 Old Alabama Road
                        Roswell, GA 30076
                        Phone: 678-281-3918
                        Michael.McCormick@mccalla.com

Copy

Nationstar Mortgage, LLC
PO Box 9095
Temecula, CA 92589-9095



2302642050

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Nationstar Mortgage
PO Box 650783
Dallas, TX 75265-0783

20151029-160

DEBORAH J NELSON
RUSSELL A NELSON
120 DUBLIN CIR
MADISON, AL 35758-8715



GEN_NOI

Copy

Copy



10/29/2015

DEBORAH J NELSON
RUSSELL A NELSON
120 DUBLIN CIR
MADISON, AL 35758-8715

Loan Number:         603744244
Property Address:    120 DUBLIN CIRCLE
                     MADISON, AL 35758

Dear DEBORAH J NELSON and RUSSELL A NELSON:

If you are represented by an attorney, please send this notice to your attorney.

Nationstar is the mortgage loan servicer for Nationstar Mortgage LLC.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

Your loan is currently past due for the 09/01/2015 payment and is due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$3,625.66**. In order to cure this default, you must pay the total amount due of **$3,625.66** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Nationstar at 1-888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Nationstar subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Nationstar Mortgage LLC, PO Box 650783, Dallas, TX 75265-0783** or overnight delivery to **Nationstar Mortgage LLC, Attn. Payment Processing, 1010 W. Mockingbird, Suite 100, Dallas, TX 75247.** You may call Nationstar at 1-888-480-2432 if you have questions regarding your account or write to Nationstar Mortgage LLC, 8950 Cypress Waters Boulevard, Coppell, TX 75019.

Unless otherwise required by applicable law, Nationstar is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Nationstar may, in its sole discretion, apply such partial

**Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**



GEN_NOI
Page 1 of 3

2302642050

Copy

payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

**$3,625.66** must be paid by **12/03/2015** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 11/01/2015 is still due on 11/01/2015 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay **$3,625.66** by **12/03/2015** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-2432 for additional information or to request an interview for the purpose of resolving the past due account. You may also visit https://www.nationstarmtg.com/PaymentAssistance/ for additional information, to see what options may be available to you, and to submit an application for assistance.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.


**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, **AND** joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil; 1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Nationstar toll-free at 1-888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Copy

Sincerely,

Sherrida Didier
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-866-316-2432 ext. 5493412
8950 Cypress Waters Boulevard
Coppell, TX 75019



GEN_NOI
Page 3 of 3

2302642050

Copy

# EXHIBIT 5

1



Nationstar
**MORTGAGE**

P.O. Box 619097
Dallas, TX 75261-9741

January 22, 2016

2-692-46621-0000003-001-2-100-000-000-000
MELISSA W LARSEN
521 MADISON ST SE STE 201
HUNTSVILLE AL 35801-4266

Loan #: 0603744244
Case #: 1583360, RUSSELL NELSON, DEBORAH NELSON
Property Address: 120 DUBLIN CIRCLE
                        MADISON AL 35758

## HELPING YOU STAY IN YOUR HOME.



MAKING HOME AFFORDABLE℠

Dear MELISSA W LARSEN:

**Congratulations!** Your client is approved to enter into a Trial Period Plan under the Home Affordable Modification Program. This is the first step toward qualifying for more affordable mortgage payments. It is important that your client read this information in its entirety so they completely understands the actions they need to take to successfully complete the Trial Period Plan to permanently modify their mortgage.

### To Accept this Offer

You or your client must contact us at 1-877-782-7612 or in writing at Nationstar Mortgage LLC, P.O. Box 619097, Dallas, TX 75261-9741, by no later than 14 calendar days from the date of this letter to indicate your client's intent to accept this offer. In addition, your client must make their first Trial Period Plan payment by 3/1/2016.

### What your client needs to do...

To accept this offer, your client must make the new monthly "trial period payments" in place of their normal mortgage payment. Please send the new monthly trial period payments according to the schedule below. In addition, it's important to know that your client's new trial period payments must include escrow for property taxes and homeowner's insurance. Their payments may increase to reflect this escrow amount.

| Trial Period Plan | | |
|---|---|---|
| 1st payment: $1,373.58 | due 3/1/2016 |
| 2nd payment: $1,373.58 | due 4/1/2016 |
| 3rd payment: $1,373.58 | due 5/1/2016 |

After all trial period payments are timely made and your client has submitted all the required documents, their mortgage will be permanently modified. (The existing loan and loan requirements remain in effect and unchanged during the trial period). If each payment is not received by Nationstar Mortgage LLC in the month in which it is due, this offer will end and your client's loan will not be modified under the Making Home Affordable program.

If you or your client have any questions or if they cannot afford the trial period payments shown above but wants to remain in their home, or if your client has decided to leave their home but still wants to avoid foreclosure, the Dedicated Loan Specialist is Ashley Jenkins and can be reached at (877) 782-7612 EXT. 3165980, Monday through Friday, between 8:00 a.m. and 7:00 p.m. (CT), and Saturday, between 8:00 a.m. and 12:00 p.m. (CT) or via mail at Nationstar Mortgage LLC, P.O. Box 619097, Dallas, TX 75261-9741, or email us at customerrelationsofficer@nationstarmail.com. Visit us on the web at MyNationstar.com for more information.

To help streamline the process and avoid delays, we proudly offer eSign. eSign will allow you to receive and sign documents electronically. Please contact your Dedicated Loan Specialist for more details.

*This communication is for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code.*



EQUAL HOUSING
LENDER

2-692-46621-0000003-001-3-100-000-000-000

Sincerely,
Nationstar Mortgage LLC
Foreclosure Prevention Department

The *Making Home Affordable* program was created to help millions of homeowners refinance or modify their mortgages. As part of this program, we — your mortgage servicer — and the Federal Government are working to offer you options to help you stay in your home.



**IMPORTANT PROGRAM INFO** Here's additional information you need to know about the Home Affordable Modification Program.

## Additional Trial Period Plan Information and Legal Notices and Frequently asked Questions

- This Trial Period Plan offer is contingent on your client having provided accurate and complete information. We reserve the right to revoke this offer or terminate the plan following your client's acceptance if we learn of information that would make them ineligible for the Trial Period Plan.

- Once your client's loan is permanently modified, there is no pre-payment penalty for paying more than the amount due, and they can always pay more if they want to reduce the principal balance more quickly. However your client will not be permitted to pay any less than the required payment.

- Once your client has successfully made each of the payments above by their due dates, has submitted the required signed copies of their modification agreement, we have signed the modification agreement, and they otherwise remain eligible for the modification, their mortgage will be permanently modified in accordance with the terms of the modification agreement.

- **We must receive each payment, in the month in which it is due. If your client misses a payment or does not fulfill any other terms of the Trial Period Plan, this offer will end and the mortgage loan will not be modified under the Making Home Affordable Program.**

- Please note that except for your client's monthly mortgage payment amount during the Trial Period Plan, the terms of the existing note and all mortgage requirements remain in effect and unchanged during the Trial Period Plan.

- In the event of any action arising out of or relating to this Agreement, each party shall bear its own costs and expenses, including reasonable attorneys fees, incurred in connection with such action.

**We will not refer your client's loan to foreclosure or proceed to foreclosure sale during the Trial Period Plan, provided they are complying with the terms of the Trial Period Plan:**

- Any pending foreclosure action or proceeding that has been suspended may be resumed if your client fails to comply with the terms of the plan or does not qualify for a permanent modification.

- Your client agrees that we will hold the trial period payments in an account until sufficient funds are in the account to pay their oldest delinquent monthly payment. Your client also agrees that we will not owe you interest on the amounts held in the account. If any money is left in this account at the end of the Trial Period Plan and they qualify for a permanent loan modification, those funds will be deducted from amounts that would otherwise be added to their modified principal balance.

- Our acceptance and posting of your client's payment during the trial period will not be deemed a waiver of the acceleration of the loan (or foreclosure actions) and related activities, and shall not constitute a cure of their default under the loan unless such payments are sufficient to completely cure their entire default under the loan.

**If your client's monthly payment did not include escrows for taxes and insurance, they are now required to do so:**

- Your client agrees that any prior waiver that allowed them to pay directly for taxes and insurance is revoked. Your client agrees to establish an escrow account and to pay required escrows into that account.

- It's important to know that your client new trial period payments are required to include escrow for property taxes and homeowners insurance. Your client's payments may increase to reflect this escrow amount.

**Your client's current loan documents remain in effect; however, they may make the trial period payment instead of the payment required under their loan documents:**

- Your client agrees that all terms and provisions of their current mortgage note and mortgage security instrument remain in full force and effect and they will comply with those terms; and that nothing in the Trial Period Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents.

- Please note that if your client fails to comply with the terms of the plan, or later fails to comply with the terms of the modification agreement after completion of the plan, they may be ineligible for another loan modification.

**If your Client previously received a Chapter 7 bankruptcy discharge, but did not reaffirm the mortgage debt under applicable law:**

- Your client agrees that they were discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Lender agrees that your client will not have personal liability on the debt pursuant to this Trial Period Plan.



EQUAL HOUSING LENDER

 **FREQUENTLY ASKED QUESTIONS**     Get the answers you need to some of the most common questions.

**Q. What else should your client know about this offer?**

- If your client makes their new payments timely we will not conduct a foreclosure sale.
- Your client will not be charged any fees for this trial period plan or permanent modification.
- If your client's loan is modified, we will waive all unpaid late charges.
- **Credit Reporting:** We will continue to report the delinquency status of your client's loan to credit reporting agencies as well as your client's entry into a Trial Period Plan in accordance with the requirements of the Fair Credit Reporting Act and the Consumer Data Industry Association requirements. **Credit scoring companies generally consider the entry into a plan with reduced payments as an increased credit risk. As a result, entering into a Trial Period Plan may adversely affect your client's credit score, particularly if you client has a good credit score.** For more information about your client credit scores, go to ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm.
- Your client may be required to attend credit counseling.

**Q. Why is there a trial period?**

The trial period offers your client immediate payment relief and gives them time to make sure they can manage the lower monthly mortgage payment. The trial period is temporary, and your client's existing loan and loan requirements remain in effect and unchanged during the trial period.

**Q. How was your client's new payment in the trial period determined?**

Your client's trial period payment is approximately 31% of their total gross monthly income, which we determined to be $4,430.91 based upon the income documentation your client provided. If the loan is successfully modified, their new payment also will be based on 31% of their gross income. In addition, if their existing payment includes mortgage insurance premiums, this amount will also be added to their payment. If we were able to permanently modify your client's loan today, we estimate the modified interest rate would be 2.500%. Their final modified interest rate may be different.

The modified payment should be sufficient to pay the principal and interest as well as property taxes, insurance premiums and other permissible escrow fees based on our recent analysis of these costs. Your client's modified monthly payment may change if their property taxes and insurance premiums change. If they did not have an escrow account before, the timing of their tax and insurance bills may require that they make a payment to cover any such bills when they come due. This is known as an escrow shortage. Your client's loan has an escrow shortage of $835.20; this can either be paid in a lump sum when the loan is modified or over the next 60 months in an amount of $13.92 per month which is included in their modified monthly mortgage payment. If they wish to pay the total shortage as a lump sum, please contact us at 1-877-782-7612.

**Q. When will my client know if their loan can be modified permanently and how will the modified loan balance be determined?**

Once your client makes all of their trial period payments on time, we will send a modification agreement detailing the terms of the modified loan. Any difference between the amount of the trial period payments and their regular mortgage payments will be added to the balance of the loan along with any other past due amounts as permitted by your client's loan documents. While this will increase the total amount that they owe, it should not significantly change the amount of their modified mortgage payment.


EQUAL HOUSING LENDER

 **FREQUENTLY ASKED QUESTIONS**     Get the answers you need to some of the most common questions.

**Q. Are there incentives that your client may qualify for if they are current with their new payments?**

If your client's loan is permanently modified and they remain in good standing for six years, they may be eligible to earn up to $10,000 in pay-for-success incentives. These incentives will be *applied to reduce their principal balance.* Importantly, this helps them build equity in their property by reducing the amount that they owe. However, they must make their payments on-time (including their trial period payments) in order to receive the full benefit of these incentives. They will not earn any pay-for-success incentives after their modified loan loses good standing--which means that the equivalent of three full monthly payments are due and unpaid on the last day of any month--at any time during this six year period.

**Q. Will your client's interest rate and principal and interest payment be fixed after their loan is permanently modified?**

Once your client's loan is modified, their interest rate and monthly principal and interest payment will be fixed for the life of the mortgage <u>unless</u> their initial modified interest rate is below current market interest rates. In that case, the below market interest rate will be fixed for five years. At the end of the fifth year, their interest rate may increase by 1% per year until it reaches a cap. The cap will equal the market rate of interest being charged by mortgage lenders on the day your client's modification agreement is prepared (the Freddie Mac Primary Mortgage Market Survey® rate for 30-year fixed-rate conforming mortgages). Once their interest rate reaches the cap, it will be fixed for the remaining life of their loan. Your client's new monthly payment will include an escrow for property taxes, hazard insurance and other escrowed expenses. If the cost of their homeowners insurance, property tax assessment or other escrowed expenses increases, their monthly payment will increase as well.

**Q. What if your client has other questions about Home Affordable Modification that cannot be answered by their mortgage servicer?**

Call the Homeowner's HOPE™ Hotline at **1-888-995-HOPE (4673)**. This Hotline can help with questions about the program and offers access to free HUD-certified counseling services in English and Spanish.



**Q. What if your client is aware of fraud, waste, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program?**

Please contact SIGTARP at 1.877.SIG.2009 (toll-free), 202.622.4559 (fax) or www.sigtarp.gov. Mail can be sent to: Hotline Office of the Special Inspector General for Troubled Asset Relief Program, 1801 L Street NW, Washington, DC 20220.





Case 15-80007-CRJ13  Doc 4875  Filed 10/30/17  Entered 10/30/17 15:45:44  Desc
Case 15-80007-CRJ13  Doc 90-5  Filed 10/30/17  Entered 10/30/17 20:57:27  Desc
Other Page 88 of 107
Exhibit Page 88 of 107


**Nationstar**
MORTGAGE
P.O. Box 619097
Dallas, TX 75261-9741

January 22, 2016

2-692-46621-0000003-001-7-100-000-000-000
MELISSA W LARSEN
521 MADISON ST SE STE 201
HUNTSVILLE AL 35801-4266

Loan #: 0603744244
Case #: 1583360, RUSSELL NELSON, DEBORAH NELSON
Property Address: 120 DUBLIN CIRCLE
MADISON AL 35758

# HELPING YOU STAY IN YOUR HOME.


MAKING HOME AFFORDABLE

*You may be able to make your payments more affordable.*
## Act now to get the help you need!

Dear MELISSA W LARSEN:

By entering into a Home Affordable Modification Trial Period Plan your client will have taken the first step toward making their payment more affordable. We want to remind them that when they signed their Trial Period Plan, they agreed to work with a HUD-approved housing counseling agency. The service provided by the housing counseling agency is free. Counselors will work with your client to create a household budget and develop an action plan to reduce their household debts. They can also count on their housing counselor to provide support during the loan modification process.

Your client's next step is to choose from the following housing counseling options:

    A. Select a HUD approved housing counseling agency by going to this website address: http://www.hud.gov/offices/hsg/sfh/hcc/fc/. The available agencies are listed by state and can provide you with either in-person counseling or counseling by phone.

    B. Or, select counseling by phone through the HOPE Hotline by calling 1-888-995-HOPE. This is an on-demand counseling service that is available 24-hours a day/7-days a week. The HOPE Hotline is available in Spanish or English (other languages are available on request).

Whichever option your client selects, the housing counseling services will be made available at NO COST TO THEM. Remember, it is their responsibility to contact one of these counseling agencies. It is also a requirement of their Trial Period Plan.

If your client has questions about this requirement, please contact us at 1-877-782-7612.

Sincerely,

**Nationstar Mortgage LLC**

The *Making Home Affordable* program was created to help millions of homeowners refinance or modify their mortgages. As part of this program we — your mortgage servicer — and the Federal Government are working to offer you options to help you stay in your home.

TPPHB_0913

Page 6

HMP24 Rev 0510


EQUAL HOUSING
LENDER

**Nationstar MORTGAGE**
P.O. Box 619097
Dallas, TX 75261-9741

January 22, 2016

2-692-46621-0000003-001-8-100-000-000-000
MELISSA W LARSEN
521 MADISON ST SE STE 201
HUNTSVILLE AL 35801-4266

Loan #: 0603744244
Case #: 1583360, RUSSELL NELSON, DEBORAH NELSON
Property Address: 120 DUBLIN CIRCLE
MADISON AL 35758

Dear MELISSA W LARSEN:

Re: Loss Mitigation Options

Your client(s) was evaluated for mortgage payment assistance based on the eligibility requirements of Freddie Mac, the owner/guarantor/trustee of your client's mortgage loan. Freddie Mac requirements for determining borrowers eligibility for a loan modification Trial Period Plan include the use of a hierarchy evaluation approach under which a borrower who is eligible for a modification program higher in the hierarchy is ineligible for a modification program lower in the hierarchy.

Based on our review of your client's financial circumstances, your client is approved for a HAMP Tier I. Below is a breakdown of your hierarchy evaluation:

HAMP Tier I - Approved

Standard Modification - Not Available — You were not evaluated due to being approved for a workout higher in the hierarchy.

If you or your client have any questions regarding the information outlined in this document, your Dedicated Loan Specialist is Ashley Jenkins and can be reached at (877) 782-7612 EXT. 3165980, Monday-Friday, 8 a.m. to 7 p.m. (CT) and Saturday, 8 a.m. to 12 p.m. (CT) via mail at Nationstar Mortgage LLC, P.O. Box 619097, Dallas, TX 75261-9741, or email us at customerrelationsofficer@nationstarmail.com. Visit us on the web at MyNationstar.com for more information.

Your client has the right to appeal non-approval for a modification or to discuss loss mitigation options that may be available within 30 calendar days from the date of this notice. The appeal must be in writing and sent to the mailing address below. Please specify the basis for the dispute, and include any documentation you or your client believe is relevant to the appeal, such as property valuation or proof of income.

Nationstar Mortgage LLC
Attn: Customer Relations
P.O. Box 619098
Dallas, TX 75261-9741

Please note the following:

An automated valuation was developed in connection with your client's application for loss mitigation. The property valuation provided to us electronically was $309,125.00. There is no available written documentation associated with this valuation.

Sincerely,

Nationstar Mortgage LLC
Foreclosure Prevention Department





**New York Residents:** New York City Department of Consumer Affairs License Number: 1392003

If you believe the Loss Mitigation request has been wrongly denied, you may file a complaint with the New York State Department of Financial Services at 1-800-342-3736 or www.dfs.ny.gov.

**North Carolina Residents:** Nationstar Mortgage LLC is licensed by the North Carolina Commissioner of Banks, Mortgage Lender License L-103450. Nationstar Mortgage LLC is also licensed by the North Carolina Department of Insurance, Permit Number 105369.
If you believe the Loss Mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks website www.nccob.gov.

**Oregon Residents:** There are government agencies and nonprofit organizations that can give you information about foreclosure and help you decide what to do. For the name and telephone number of an organization near you, please call 211 or visit www.oregonhomeownersupport.gov. If you need help finding a lawyer, call the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636. Free legal assistance may be available if you are very low income. For more information and a directory of legal aid programs, go to www.oregonlawhelp.org.

**Texas Residents:** COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550. A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Hawaii Residents:** If you believe your loss mitigation option request has been wrongly denied, you may file a complaint with the state division of financial institutions at 808-586-2820 or http://cca.hawaii.gov/dfi/.

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| RUSSELL NELSON | } | CASE NO. 15-83360-CRJ-13 |
| SSN: XXX-XX-4643 | } | |
| DEBORAH NELSON | } | CHAPTER 13 |
| SSN: XXX-XX-5310 | } | |
| Debtors | } | |

## ORDER OVERRULING DEBTORS' OBJECTION
## TO NOTICE OF MORTGAGE PAYMENT
## CHANGE FILED BY NATIONSTAR MORTGAGE, LLC

On January 25, 2018, this case came before the Court for an Evidentiary Hearing on the Debtors' Objection to Notice of Mortgage Payment Change filed by Nationstar Mortgage, LLC (hereinafter "Objection to Notice of Mortgage Payment Change" or "Objection"), ECF No. 50. Appearing at the hearing were Deborah and Russell Nelson, Debtors, and Michael McCormick, Esq., counsel for Nationstar Mortgage, LLC (hereinafter "Nationstar"). Although the Debtors are represented by counsel in the above-captioned case, the Debtors' filed the Objection to Notice of Mortgage Payment Change, as well as miscellaneous related pleadings, without the assistance of legal counsel and are proceeding in this limited matter *pro se.*

The limited issue before the Court is whether the Notice of Mortgage Payment Change filed by Nationstar on June 7, 2017 was calculated correctly. The Court has considered all of the testimony and evidence presented during the six-hour Evidentiary Hearing, the pleadings, and the relevant law, and finds that the Notice of Mortgage Payment Change was properly calculated and that the Debtors' Objection should be overruled.

## I. PROCEDURAL HISTORY

On June 7, 2017, Nationstar filed a Notice of Mortgage Payment Change based on an escrow analysis dated May 3, 2017. The Notice of Mortgage Payment Change increased the Debtors' total monthly escrow payment from $298.42 to $320.17 per month, resulting in a new monthly mortgage payment of $1,406.36.

On June 27, 2017, the Debtors filed their *pro se* Objection to Notice of Mortgage Payment Change, disputing the escrow shortage. On July 26, 2017, this matter first came before the Court for hearing. At the Debtors' request, the Court scheduled the Objection for Evidentiary Hearing on October 20, 2017 and directed the parties to comply with the applicable Federal Rules of Evidence and Federal Rules of Civil Procedure.

On September 20, 2017, the matter came before the Court on Motion by Nationstar for Examination and Production of Documentary Evidence, ECF No. 74; Debtors' Objection to Motion for Examination and Production of Documentary Evidence, ECF No. 78; Motion for Entry of Protective Order filed by Nationstar, ECF No. 80; and Debtors' Objection to Motion for Entry of Protective Order, ECF No. 84.

During the hearing, the Court suspended all discovery deadlines and directed the parties to meet at the office of counsel for the Debtors to discuss an amicable resolution of the limited issue before the Court. In the event the parties were unable to resolve the matter, the Court further directed the parties to provide the Court with a one-page calculation of the Debtors' current monthly mortgage payment using what each party believes to be the appropriate figures for calculating the payment. Neither party complied. Instead, on October 30, 2017, both parties filed Reports to the Court indicating that they had met but were unable to resolve the Objection to Notice

Case 15-80007-CRJ13 Doc 49-31 Filed 10/03/18 Entered 10/03/18 20:55:27 Desc
Other Page 93 of 107

Case 15-80007-CRJ13 Doc 91 Filed 10/03/18 Entered 10/03/18 20:55:27 Desc
Main Document Page 2 of 13

of Mortgage Payment Change. Nationstar's Report to Court, ECF No. 89, consists of eighteen pages, plus nine pages of exhibits. The Debtors' Report to Court, ECF No. 90, consists of a twelve pages, plus approximately 100 pages of exhibits.

On November 1, 2017, the Court entered an Order Scheduling Evidentiary (hereinafter "Scheduling Order"), directing the parties to file a Joint Stipulation of Undisputed Facts and Disputed Issues on or before January 17, 2018, ECF No. 87. The parties failed to comply with the Scheduling Order. Instead, on January 16, 2018, Nationstar filed a Motion to Alter or Amend Scheduling Order, or in the Alternative, Motion for Direction from the Court, ECF No. 98, requesting an Order waiving the requirement for the Joint Stipulation of Uncontested Facts and Disputed Issues based upon the inability of the parties to agree upon a joint stipulation of any undisputed facts. For cause shown, on January, 16, 2018, the Court entered an Order Granting Motion to Alter or Amend Scheduling Order, or in the Alternative, Motion for Direction from the Court, ECF No. 100, which waived the requirement for the parties to file a Joint Stipulation of Undisputed Facts and Disputed Issues. Thereafter, on January 17, 2018, the Debtors filed a Joint Stipulation of Undisputed Facts and Disputed Issues, ECF No. 106. Although the document purports to be a "joint stipulation" which included the signature stamp of counsel for Nationstar, the document is in fact merely the Debtors' statement of facts and disputed issues.

On January 22, 2018, three days prior to the Evidentiary Hearing, the Debtors filed an Objection to Proof of Claim #17, ECF No. 119, objecting for the first time to Nationstar's Proof of Claim. On January 23, 2018, the Debtors amended the Objection to Proof of Claim #17 to add their signature, ECF No. 123, (hereinafter collectively "Objection"). On January 24, 2018, the Court entered an Order Scheduling Status Conference on Debtors' Objection to Proof of Claim

3

#17 and Debtors' Amended Objection to Proof of Claim #17 to Add Signature, finding that the Objection exceeded the scope of the limited issue before the Court which has been pending since July 2017. Accordingly, the Court scheduled a separate Status Conference on the Objection.

Prior to the Evidentiary Hearing, the parties also filed the following motions seeking to limit the evidence to be presented to the Court: Motion to Strike, or in the Alternative, Motion in Limine to Exclude Consideration of Debtors' Renewed Objection, ECF No. 97, Debtors' Objection to Nationstar's Motion to Strike and Motion in Limine and Debtors' Motion for Protective Order, Motion to Strike, or in the Alternative, Motion in Limine to Exclude Consideration of Nationstar's Stipulations, ECF No. 102; Debtors' Motion to Call Witness and in the Alternative a Summary Judgment on the Pleadings and Memorandum to the Court in Support of Motion, ECF No. 105; Nationstar's Response to Motion for Summary Judgment, ECF No. 125; Nationstar's Request for Judicial Notice, ECF No. 116; Nationstar's Motion in Limine, ECF No. 117; Debtors' Objection to Nationstar's Motion in Limine filed January 22, 2018, ECF No. 122; Joint Stipulation of Undisputed Facts and Disputed Issues filed by Debtors, ECF No. 106; and Nationstar's Response to Joint Stipulation of Undisputed Facts and Disputed Issues, ECF No. 126 (hereinafter collectively "Evidentiary Motions").

At the beginning of the Evidentiary Hearing held on January 25, 2018, the Court orally overruled each of the Evidentiary Motions, finding that they were each unnecessary, burdensome, and/or procedurally defective.[1] The Court informed the parties that any evidentiary objections

---

1 *See Quantum Capital, LLC v. Banco De Los Trabajadores*, 2017 WL 6462991 (11th Cir. 2017)(explaining that courts have broad discretion in deciding whether to grant a motion in limine); *Zuma Seguros, CA v. World Jet of Delaware, Inc.*, 2017 WL 4577296 *1 (S.D. Fla. 2017)(explaining that a "court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds"); *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1504 (11th Cir. 1985)("The overruling of a motion in limine is not reversible error, only a proper objection at trial can preserve error for appellate review . . . .").




Case 15-83360-CRJ13 Doc 131 Filed 02/13/18 Entered 02/13/18 10:55:10 Desc Main Document Page 4 of 13

would, instead, be considered as raised during the non-jury hearing and that only relevant evidence on the limited issue before the Court would be admitted pursuant to the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

## II.  FINDINGS OF FACT[2]

From the testimony and documents admitted into evidence during the Evidentiary Hearing held on January 25, 2018, the Court makes the following findings of fact.   On December 15, 2015, the Debtors commenced the above-captioned case by filing a Chapter 13 Petition in which they listed Nationstar as a secured creditor in the amount of $209,000, secured by their principal residence.

On February 19, 2016, the Debtors filed an Amended Chapter 13 Plan, ECF No. 22, pursuant to which they proposed to make their regular post-petition mortgage payments directly to Nationstar beginning January 2016, while paying Nationstar's arrearage claim in the amount of $6,940 through their Chapter 13 Plan.  On February 24, 2016, the Court entered a Confirmation Order, ECF No. 24, confirming the Amended Plan which provided for Nationstar's mortgage arrearage to be paid in monthly installments of $227.84 until paid in full. The Confirmation Order further provided that claims distribution would be subject to modification after the claims bar date which had not yet expired.

---

2        To the extent any of the Court's findings of fact constitute conclusions of law, they are adopted as such. Alternatively, to the extent any of the Court's conclusions of law constitute findings of fact, they are adopted as such.

On April 11, 2016, Nationstar filed a Proof of Claim, in the amount of $213,310.31, secured by real property located at 120 Dublin Circle, Madison, Alabama 35758.   The Proof of Claim reflected that the amount necessary to cure any default as of the Petition date was $7,222.77.   The escrow analysis attached to the Proof of Claim reflected that the Debtors' postpetition mortgage payment was $1,698.02 effective January 1, 2016.

On March 22, 2016, the Debtors filed a Motion to Authorize Home Mortgage Loan Modification, ECF No. 26, pursuant to which the Debtors sought permission to enter into a loan modification with Nationstar. On May 13, 2016, the Court entered an Order Approving Debtors' Motion to Approve Loan Modification, ECF No. 37, which disallowed the balance of Nationstar's arrearage claim and removed fixed payments on Nationstar's claim.

On November 30, 2016, Nationstar filed an Amended Proof of Claim in the amount of $214,700.56 which reduced Nationstar's arrearage claim to $0.00 based upon the loan modification.

During the Evidentiary Hearing, Mrs. Nelson testified that, between the petition date of December 15, 2015 and February 2016, the Debtors made three trial loan modification payments, each in the amount of $1,753.00.   According to Mrs. Nelson, the January and February 2016 payments exceeded the amount required pursuant to the terms of the trial loan modification. Mrs. Nelson further testified that it was her understanding that any amounts paid in excess of the trial loan modification payments would be used to reduce any escrow shortage.[3]   It appears from Mrs.

---

3        *See* Debtors' Ex. 20, Email to Nationstar dated February 24, 2016.

Nelson's testimony that she believes that the excess payments made during the trial loan modification process were misapplied, resulting in the escrow account being underfunded.

The Loan Modification Agreement provided, in part, as follows:

> 4.  Additional Agreements.   I agree to the following:
>
> * * * *
>
> B.   That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.[4]

Pursuant to the terms of the Loan Modification Agreement, the Debtors further agreed to maintain the escrow account, in part as follows:

> Borrower agrees to make an initial payment of Funds to establish the escrow account, which amount shall be based on an estimate of the amount and date of expenditures for future Escrow items, or otherwise in accordance with the Real Estate Settlement Procedures Act ("RESPA"). The estimate of expenditures of future Escrow Items shall be made based on current data available to Lender.   Borrower acknowledges that the actual payments of Escrow Items may vary from the estimated amounts.[5]

Alan Blunt, Nationstar's Senior Principal of Litigation and Assistant Vice President of Litigation Support Group, testified that between the petition date and the time that Nationstar entered into the Loan Modification Agreement with the Debtors in March of 2016, the Debtors made three trial loan modification payments in the total amount of $5,205.00.   From that amount, the payments were applied as follows:

$1,711.94     ($400.77 principal, $1,018.92 interest and $292.25 escrow)

$1,711.94     ($402.73 principal, $1,016.96 interest and $292.25 escrow)

---

4       Nationstar's Ex. 11, Home Affordable Modification Agreement, p. 8 of 9.

5       Nationstar's Ex. 11, Home Affordable Modification Agreement, p. 5 of 9.

Case 15-80037-CRJ13   Doc 49-31   Filed 10/03/18   Entered 10/03/18 20:55:27   Desc
Main Document    Page 97 of 13

| | |
|---|---|
| $1,237.85 | Additional Escrow |
| $ 181. 85 | Fees & Costs |
| $ 361.42 | Suspense |
| $5,205.00 | Total[6] |

Mr. Blunt explained that two payments were applied as regular principal, interest, taxes and insurance payments, including $292.25 each for escrow. Nationstar also used $1,237.85 to fund the Debtors' escrow account to cover an anticipated insurance disbursement due March 2016. The payment of $181.85 was applied to interest.

Subsequently, Nationstar performed a routine escrow analysis dated May 3, 2017 to ensure that the account was adequately funded. The escrow analysis reflected a "Current Monthly Payment" of $1,384.61 and a "New Monthly Payment" of $1,406.36, an increase of $21.75 per month. Mr. Blunt testified that the increase was comprised of two components: (1) an increase of $16.50 per month resulting from an anticipated annual increase of $198.00 for hazard insurance; and (2) a payment of $5.25 per month based on an escrow shortage in the amount of $63.01.

The escrow analysis attached to the Notice of Mortgage Payment Change reflects that the "Current Annual Disbursement" for hazard insurance was $1,858.38 and that the "Anticipated Annual Disbursement" for hazard insurance increased to $2,056.38, a difference of $198.00. The annual increase in hazard insurance caused the Debtors' escrow payment to increase by $16.50 per month ($198 ÷ 12), from $298.42 to $314.92.   Mrs. Nelson testified that she does not dispute the increase in hazard insurance.

---

[6]     Nationstar's Ex. 27, Report of Nationstar Mortgage, LLC.

8

Instead, the Debtors challenge the starting balance in the escrow account which is listed as $54.14, as well as Nationstar's calculation of the escrow shortage. With regard to the starting balance of $54.14, Mr. Blunt explained that this amount represented a snap shot of what was in the account when Nationstar calculated the escrow analysis.

The escrow analysis reflects a projected escrow shortage of $63.01 to be paid at $5.25 per month. Mr. Blunt explained that an escrow analysis involves a multi-step process. After the monthly escrow component is calculated based on the anticipated disbursements for insurance and taxes over a twelve-month period, the mortgage lender creates a trial ledger comparing projected disbursements from the escrow account with projected deposits. The comparison is made to determine when the account will need to be funded based on the projected lowest balance over a twelve-month period. Here, the lowest balance was projected to occur in March of 2018 based on the projected disbursement in the amount of $2,056.38 for hazard insurance. The escrow analysis reflects that the "Current Balance" or "Lowest Projected Balance" in the Debtors' escrow account over the twelve-month analysis would be $566.83 in March 2018 following the projected disbursement for hazard insurance.

Mr. Blunt testified that the final step in the process allows the mortgage lender to "re-cushion" the account with additional funds equal to two monthly escrow payments. In this case, with Nationstar having calculated the new monthly escrow payment to be $314.92 based on the increase in hazard insurance, the target or minimum required balance was $629.84 ($314.92 x 2). The mortgage lender then calculated the difference between the "Minimum Required Balance" of $629.84 and the "Lowest Projected Balance" of $566.83, resulting in the escrow shortage of

9

$63.01, increasing the Debtors' escrow payment by $5.25 per month ($63.01 ÷ 12) to cure the shortage.

Nationstar also called W. Jeffrey Collier, Esq., as an expert witness. Mr. Collier is a Senior Staff Attorney for a Chapter 13 Trustee located in the Northern District of Mississippi. Mr. Collier has significant experience reviewing proofs of claims, notices of mortgage payment changes, and escrow analyses. Mr. Collier testified that he reviewed the Notice of Mortgage Payment Change and the escrow analysis at issue in this matter and found no basis to believe that the Notice of Mortgage Payment Change was not calculated correctly. According to Mr. Collier, the escrow analysis accurately reflected a shortage of $63.01 which was calculated by subtracting the lowest projected balance in the account, $566.83, from the minimum required balance, $629.84.

### III. CONCLUSIONS OF LAW

For notices relating to claims secured by a security interest in a debtor's principal residence, Rule 3002.1 of the Federal Rules of Bankruptcy Procedure provides in pertinent part as follows:

> **(a) In General**. This rule applies in a chapter 13 case to claims (1) that are secured by a security interest in the debtor's principal residence, and (2) for which the plan provides that either the trustee or the debtor will make contractual installment payments. Unless the court orders otherwise, the notice requirements of this rule cease to apply when an order terminating or annulling the automatic stay becomes effective with respect to the residence that secures the claim.
>
> **(b) Notice of Payment Changes.** The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due.[7]

---

[7]    Fed. R. Bankr. P. 3002.1(a)–(b).

The Advisory Committee Notes describe the purpose of Rule 3002.1, adopted in

December 2011, as follows:

> This rule is new. It is added to aid in the implementation of § 1322(b)(5), which permits a chapter 13 debtor to cure a default and maintain payments on a home mortgage over the course of the debtor's plan. It applies regardless of whether the trustee or the debtor is the disbursing agent for postpetition mortgage payments.
>
> In order to be able to fulfill the obligations of § 1322(b)(5), a debtor and the trustee have to be informed of the exact amount needed to cure any prepetition arrearage, *see* Rule 3001(c)(2), and the amount of the postpetition payment obligations. If the later amount changes over time, due to the adjustment of the interest rate, escrow account adjustments, or the assessment of fees, expenses, or other charges, notice of any change in payment amount needs to be conveyed to the debtor and trustee. Timely notice of these changes will permit the debtor or trustee to challenge the validity of any such charges, if necessary, and to adjust postpetition mortgage payments to cover any properly claimed adjustment.[8]

In this case, the Debtors dispute the calculation of the escrow shortage in the amount of

$63.01 and seek a denial of Nationstar's request to increase payments "until Nationstar fully

discloses and explains how it has applied all funds with regard to the Debtors' mortgage loan

post-petition."[9] Rule 3002.1(d) provides that a notice filed under subsection (b) is not subject

to Rule 3001(f) which provides that a proof of claim "shall constitute prima facie evidence of

the validity and amount of the claim."[10] Based upon Rule 3002.1(d), courts have held that "the

*prima facie* evidentiary benefits of filing a proof of claim under Rule 3001(f) do not apply" to

a Notice of Mortgage Payment Change.[11] Accordingly, the Court finds that Nationstar bears

---

8      2011 Advisory Committee Note to Fed. R. Bankr. P. 3002.1.

9      Debtors' Objection to Nationstar's Mortgage Payment Change, ECF No. 50, p. 6.

10     Fed. R. Bankr. P. 3001(f).

11     *Trudelle v. PHH Mortgage Corp. (In re Trudelle),* 2017 WL 44110004 *3 (Bankr. S.D. Ga. 2017)(*quoting In re Brumley,* 2017 WL 3129735, at *2 (Bankr. W.D. Mich. 2017)).

11

the burden of proving that the Notice of Mortgage Payment Change is accurate based on the escrow account adjustments.

The Court having considered the evidence and testimony presented by the parties finds that Nationstar presented sufficient evidence to satisfy its burden of proof regarding the accuracy of the Notice of Mortgage Payment change based on the escrow analysis dated May 3, 2017. During the parties' closing statements, Mrs. Nelson affirmed that she does not contest the increase in the escrow payment to cover the projected increase for hazard insurance. Instead, the Debtors assert that the escrow shortage in the amount of $63.01 is a result of a misapplication of their trial loan modification payments in January and February of 2016. Mrs. Nelson vehemently believes that the three trial loan payments totaling $5,205 were misapplied, causing the resulting escrow shortage. However, the evidence reveals that Nationstar applied the trial loan payments as follows:

| | |
|---|---|
| $1,711.94 | ($400.77 principal, $1,018.92 interest and $292.25 escrow) |
| $1,711.94 | ($402.73 principal, $1,016.96 interest and $292.25 escrow) |
| $1,237.85 | Additional Escrow |
| $ 181. 85 | Fees & Costs |
| $ 361.42 | Suspense |
| $5,205.00 | Total[12] |

---

12     Nationstar's Ex. 27, Report of Nationstar Mortgage, LLC.

12

In addition to the two payments of $292.25 applied to escrow, Mr. Blunt explained that Nationstar used $1,237.85 to fund the escrow account which was already negative to cover the anticipated insurance disbursement due March 2016.

The evidence further reveals that the escrow shortage of $63.01 was calculated by comparing the difference between the lowest projected balance in the escrow account in the amount of $566.83 after the projected payment of hazard insurance in March of 2018 with the target or minimum required balance for the account which equals two monthly escrow payments or $629.84, resulting in the escrow shortage of $63.01. Nationstar's expert witness testified that the escrow analysis correctly calculated the increase in the Debtors' monthly mortgage payment in the amount of $21.75, based upon (1) the increase of $16.50 per month required to cover the $198.00 annual increase for hazard insurance; and (2) the recovery of the escrow shortage over twelve months at $5.25 per month.

## IV. CONCLUSION

Based upon all the testimony and evidence presented during the Evidentiary Hearing, the pleadings, and the relevant law, the Court finds that Nationstar's Notice of Mortgage Payment Change dated June 7, 2017 is accurate.

**IT IS THEREFORE ORDERED, ADJDUGED AND DECREED** that the Debtors' Objection to Notice of Mortgage Payment Change is **OVERRULED.**

**IT IS SO ORDERED.**

Dated this the 13th day of February, 2018.

<div align="right">

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

</div>

13

# Notice Recipients

District/Off: 1126–8          User: rleatherw          Date Created: 2/13/2018
Case: 15–83360–CRJ13          Form ID: pdf000          Total: 11

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| tr | Michele T. Hatcher | ecf@ch13decatur.com |
| aty | Herbert M Newell, III | hnewell@newell–law.com |
| aty | Karen A Maxcy | Karen.maxcy@mrpllc.com |
| aty | Melissa W. Larsen | mwlarsen67@gmail.com |
| aty | Michael McCormick | BankruptcyECFMail@mccallaraymer.com |

TOTAL: 5

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | |
|---|---|---|---|---|
| db | Russell Nelson | 120 Dublin Cir | Madison, AL 35758 | |
| jdb | Deborah Nelson | 120 Dublin Cir | Madison, AL 35758 | |
| cr | Bancorp South | 24680 Highway 280 | Birmingham, Al 35242 | |
| 8856488 | Nationstar Mortgage | PO Box 199111 | Dallas, TX 75219–9111 | |
| 8954059 | Nationstar Mortgage | Attn: Stacey Paredel | 8950 Cypress Waters Blvd | Coppell, TX 75019 |
| 8973978 | Nationstar Mortgage LLC | PO Box 619096 | Dallas, TX 75261–9741 | |

TOTAL: 6



Slip Copy                                                                      Page 1
Slip Copy, 2008 WL 2697208 (C.A.11 (Fla.))
**(Not Selected for publication in the Federal Reporter)**
**2008 WL 2697208 (C.A.11 (Fla.))**

H

Trent v. Mortgage Electronic Registration Systems, Inc.
C.A.11 (Fla.),2008.
Only the Westlaw citation is currently available.This case was not selected for publication in the Federal Reporter.Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Eleventh Circuit Rules 36-2, 36-3. (Find CTA11 Rule 36-2 and CTA11 Rule 36-3)
United States Court of Appeals,Eleventh Circuit.
Sandy S. TRENT, et al, on behalf of themselves and all others similarly situated, Plaintiffs,
Saraley Inez Meismer, Andrew Turner, Rico Taylor, Frances Pullins, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,
v.
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a.k.a. **MERS**, Defendant-Appellee.
**No. 07-13911**

July 11, 2008.

April Charney, Jax Area Legal Aid, Jacksonville, FL, Craig Evan Rothburd, Craig E. Rothburd, P.A., Tampa, FL, for Plaintiffs-Appellants.
Robert M. Brochin, Morgan, Lewis & Bockuis, Miami, FL, for Defendant-Appellee.

Appeal from the United States District Court for the Middle District of Florida. D.C. Docket No. 06-00374-CV-J-32-HTS.

Before EDMONDSON, Chief Judge, PRYOR, Circuit Judge, and JOHNSON,[FN*] District Judge.

> FN* Honorable Inge P. Johnson, United States District Judge for the Northern District of Alabama, sitting by designation.

PER CURIAM:

**\*1** Saraley Inez Meismer, Andrew Turner, Rico Taylor, and Frances Pullins, debtors who defaulted on their mortgage debts, appeal the dismissal of their putative class action for failure to state a claim. The debtors argue that Mortgage Electronic Registration Systems, Inc., violated the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.23. The debtors complain that Mortgage Systems sent them deceptive notices, which described Mortgage Systems as a "creditor," and Mortgage Systems filed foreclosure actions against the debtors' property without legal authority. We affirm.

We review *de novo* the dismissal of a complaint for failure to state a claim.*Fin. Sec. Assurance, Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Cir.2007) (citing *Roberts v. Fla. Power & Light Co.,* 146 F.3d 1305, 1307 (11th Cir.1998)). We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Id.*

The debtors argue that Mortgage Systems sent them deceptive notices that violated section 559.72(9) of the Collection Act. The debtors argue that the notice misidentified Mortgage Systems as their "creditor." The debtors also contend that the district court should have applied the least-sophisticated-debtor standard to determine whether these notices were misleading. These arguments fail.

Under the mortgage contracts, Mortgage Systems has the legal right to foreclose on the debtors' property. Mortgage Systems is the mortgagee. The notices sent to the debtors restated information from the mortgage contracts and were not likely to mislead even the least-sophisticated debtor. See *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175-76 (11th Cir.1985).

The debtors also argue that Mortgage Systems viol-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

ated the Collection Act when it filed foreclosure actions against them, but this argument also fails. Even if it engaged in "debt collection activities" under the Collection Act, Mortgage Systems did not violate section 559.72(9), because Mortgage Systems has the authority to file foreclosure actions. *Mortgage Elec. Registration Sys., Inc. v. Revoredo,* 955 So.2d 33, 34 (Fla.Dist.Ct.App.2007); *Mortgage Elec. Registration Sys., Inc. v. Azize,* 965 So.2d 151,153-54 (Fla.Dist.Ct.App.2007). Florida law also provides post-litigation immunity for any foreclosure action filed by Mortgage Systems. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,* 950 So.2d 380, 384 (Fla.2007).

The dismissal of the debtors' complaint is

**AFFIRMED.**

C.A.11 (Fla.),2008.
Trent v. Mortgage Electronic Registration Systems, Inc.
Slip Copy, 2008 WL 2697208 (C.A.11 (Fla.))

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.