**Fill in this information to identify the case:**

Debtor 1        Russell Nelson

Debtor 2
(Spouse, if filing)   Deborah Nelson

United States Bankruptcy Court for the : Northern        District of   Alabama
                                                                      (State)

Case number     15-83360-CRJ

## Official Form 410S1
# Notice of Mortgage Payment Change

12/15

**If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.**

**Name of creditor:**   Nationstar Mortgage LLC        **Court claim no.** (if known):   17

**Last four digits** of any number you   XXXXXX4244
use to identify the debtors' account:

**Date of payment change:**
Must be at least 21 days after date of   8/1/2016
this notice

**New total payment:**
Principal, interest, and escrow, if any   $$1,505.20

---

**Part 1:** Escrow Account Payment Adjustment

1. **Will there be a change in the debtors' escrow account payment?**

   ☐ No
   ☒ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law.  Describe the basis
   for the change.  If a statement is not attached, explain why: _____
   _____

   Current escrow payment:     $ 292.25              New escrow payment :   $ 419.01

---

**Part 2:** Mortgage Payment Adjustment

2. **Will the debtors' principal and interest payment change based on an adjustment to the interest rate in the debtors' variable-rate note?**

   ☒ No
   ☐ Yes  Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law.  If a notice is not attached,
   explain why: _____

   Current interest rate:          %              New interest rate:          %

   Current principal and interest payment:   $ _____        New principal and interest payment:   $ _____

---

**Part 3:** Other Payment Change

3. **Will there be a change in the debtors' mortgage payment for a reason not listed above?**

   ☒ No
   ☐ Yes.  Attach a copy of any documents describing the basis for the change, such as repayment plan or loan modification agreement.
   *(Court approval may be required before the payment change can take effect.)*

   Reason for change: _____

   Current mortgage payment:     $ _____        New mortgage payment:     $ _____

| Debtor 1 | **Russell Nelson** | | | Case number *(if known)* 15-83360-CRJ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 4:** | Sign Here |
|---|---|

The person completing this Notice must sign it.  Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☒ I am the creditor's authorized agent

**I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.**

**X**  /s/Karen A. Maxcy _____  Date   5/26/2016 _____
 Signature

Print:  Karen _____ A. _____ Maxcy _____  Title   Bankruptcy Attorney _____
   First Name   Middle Name   Last Name

Company   McCalla Raymer, LLC, Attorney for Nationstar Mortgage LLC _____

Address   1544 Old Alabama Road _____
   Number   Street

   Roswell _____ GA _____ 30076 _____
   City   State   ZIP Code

Contact phone   678-321-6965   Email  km5@mccallaraymer.com _____

| In Re: | | Bankruptcy Case No.: | 15-83360 |
|---|---|---|---|

Russell Nelson
Deborah Nelson

Chapter: 13

Judge: Clifton R. Jessup Jr.

## CERTIFICATE OF SERVICE

I, Karen A. Maxcy, of McCalla Raymer, LLC, 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age;

That on the date below, I served a copy of the within NOTICE OF MORTGAGE PAYMENT CHANGE filed in this bankruptcy matter on the following parties at the addresses shown, by regular United States Mail, with proper postage affixed, unless another manner of service is expressly indicated:

Russell Nelson
120 Dublin Circle
Madison, AL 35758

Deborah Nelson
120 Dublin Circle
Madison, AL 35758

Melissa W. Larsen                        *(served via ECF Notification)*
521 Madison Street, Suite 201
Huntsville, AL 35801

Michael Ford, Trustee                    *(served via ECF Notification)*
Chapter 13 Standing Trustee
P.O. Box 2388
Decatur, AL 35602

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on:   6/21/2016      By:    */s/Karen A. Maxcy*
            (date)                   Karen A. Maxcy
                                     Alabama BAR No. ASB-6065-R74M
                                     Attorney for Nationstar Mortgage LLC

**Copy**



**Nationstar**
MORTGAGE
P.O.BOX 619063
DALLAS, TX 75261-9063

MyNationstar.com | 8950 Cypress Waters Blvd | Coppell TX 75019

March 2, 2016

RUSSELL NELSON
DEBORAH NELSON
120 DUBLIN CIR
MADISON AL 35758-8715

RE:    Loan Number:
       Case #
       RUSSELL NELSON
       DEBORAH NELSON
       Property Address:
       120 DUBLIN CIRCLE
       MADISON, AL 35758

Dear RUSSELL NELSON, DEBORAH NELSON:

**Why am I receiving this letter?**
An escrow analysis was performed on your account.

**What do I need to know?**
Our records indicate your loan is currently in an active bankruptcy proceeding. The enclosed escrow account
disclosure statement is for informational purposes only and should not be construed as an attempt to collect a debt.

**What do I need to do?**
If you are represented by an attorney in your bankruptcy, please forward a copy of this letter to such attorney and
provide such attorney's name, address and telephone number to us.

If you have any questions, your Dedicated Loan Specialist is Ashley Jenkins and can be reached at (877) 782-7612
EXT. 3165980 or via mail at address listed above. Our hours of operation are 8am to 8pm (CT), Monday through
Thursday, 8am to 6pm (CT), Friday, and 8am to 2pm (CT) on Saturday.

Sincerely,

Nationstar Mortgage LLC
Bankruptcy Department

Enclosure: Escrow Account Disclosure Statement

*This communication is for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim
against, or demand payment from, any individual protected by the U.S. Bankruptcy Code.*



 **Nationstar**
MORTGAGE

RETURN SERVICE ONLY
PLEASE DO NOT SEND MAIL TO
THIS ADDRESS
P.O.BOX 619063
DALLAS, TX 75261-9063

**Escrow Account Disclosure Statement**

**Customer Service**: 1-888-480-2432
Mon-Thurs 8 am to 8 pm, Fri 8 am to 6 pm, Sat 8 am to 2 pm CT

**Tax/Insurance**: 1-888-297-2432
Mon-Thurs 8 am to 5 pm CT

RUSSELL NELSON
120 DUBLIN CIR
MADISON AL 35758-8715

Your Loan Number: ▓▓▓▓▓▓
Statement Date: 03/02/2016

| | |
|---|---|
| **Why am I receiving this?** | Nationstar completed an analysis of your escrow account to ensure that the account is funded correctly, determine any surplus or shortage, and adjust your monthly payment accordingly. Nationstar maintains an escrow cushion equal to two months' estimated taxes and insurance (unless limited by your loan documents or state law). This measure helps to avoid a negative balance in the event of changing tax and insurance amounts. |
| **What does this mean for me?** | At this time, your Escrow Account has less money than needed and there is a shortage of $1,447.12. Due to this shortage and changes in your taxes and insurance premiums, **your monthly escrow payment will increase by $6.17.** Effective 08/01/2016, **your new total monthly payment will be $1,505.20.** |
| **What do I need to do?** | You may either **1) make the new monthly payment** listed of $1,505.20 or **2) pay the shortage in part or in full** by sending the full or partial shortage amount along with the completed coupon below. If you choose to pay in full, please note your new monthly payment will be **$1,384.61,** which includes adjustments made for changes in taxes and insurance premiums. |

| Total Payment | Current Monthly Payment | Payment Changes | New Monthly Payment |
|---|---|---|---|
| PRINCIPAL AND INTEREST | $1,086.19 | $0.00 | $1,086.19 |
| ESCROW | $292.25 | $6.17 | $298.42 |
| SHORTAGE SPREAD | $0.00 | $120.59 | $120.59 |
| **Total Payment** | **$1,378.44** | **$126.76** | **$1,505.20** |

See below for shortage calculation

**What is a Shortage?** A shortage is the difference between the **lowest projected balance** of your account for the coming year and your **minimum required balance** . To prevent a negative balance, the total annual shortage is divided by 12 and added to your monthly escrow payment, as shown below.

Minimum Required Balance              Lowest Projected Balance

$596.84 ————————————————— ($850.28)

$1,447.12 / 12 = $120.59
Please see the Coming Year Projections table on the back for more details.

| Escrow Payment Breakdown | Current Annual Disbursement | Annual Change | Anticipated Annual Disbursement |
|---|---|---|---|
| COUNTY TAX | $1,722.65 | $0.00 | $1,722.65 |
| HAZARD SFR | $1,617.27 | $241.11 | $1,858.38 |
| **Annual Total** | **$3,339.92** | **$241.11** | **$3,581.03** |

If you have questions about changes to your property taxes or homeowners' insurance premiums, please contact your local taxing authority or insurance provider. For more information about your loan, please sign in at MyNationstar.com.

This communication is for informational purpose only and is not intended as an attempt to collect, assess, or recover a claim against,
or demand payment from, any individual protected by the U.S. Bankruptcy Code.
DETACH HERE AND RETURN WITH YOUR PAYMENT. PLEASE ALLOW A MINIMUM OF 7 TO 10 DAYS FOR POSTAL DELIVERY.

 **Nationstar**
MORTGAGE        MyNationstar.com

Loan #▓▓▓▓▓
RUSSELL NELSON

NATIONSTAR MORTGAGE
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019

**Escrow Shortage Payment Options:**

I understand that my tax and/or insurance has increased and that my escrow account is short $1,447.12. I have enclosed a check for:

**Option 1: $1,447.12,** the total shortage amount. I understand that if this is received by 08/01/2016, my monthly mortgage payment will be $1,384.61, starting 08/01/2016.

**Option 2:** _____ , part of the shortage.

You do not need to do anything if you want to have all of your shortage divided evenly among the next 12 months.

WRITE YOUR LOAN NUMBER ON YOUR     **TOTAL AMOUNT OF YOUR CHECK**
CHECK OR MONEY ORDER AND MAKE        **DO NOT SEND CASH**
PAYABLE TO NATIONSTAR MORTGAGE

INTERNET REPRINT

The change in your escrow payment may be based on one or more of the following factors:

| Payment(s) | Taxes | Insurance |
|---|---|---|
| • Monthly payment(s) received were less than or greater than expected<br>• Monthly payment(s) received earlier or later than expected<br>• Previous overage returned to escrow | • Tax rate and/or assessed value changed<br>• Exemption status lost or changed<br>• Supplemental/Delinquent tax paid<br>• Paid earlier or later than expected<br>• Tax installment not paid<br>• Tax refund received<br>• New tax escrow requirement paid | • Premium changed<br>• Coverage changed<br>• Additional premium paid<br>• Paid earlier or later than expected<br>• Premium was not paid<br>• Premium refund received<br>• New insurance escrow requirement paid<br>• Force placed insurance premium paid |

## Prior Year Account History and Coming Year Projections

**This is a statement of the actual activity in your escrow account from 01/16 through 04/17. This statement itemizes your actual escrow account transactions since your previous analysis statement or initial disclosure, and projects payments, disbursements and deposits for the coming year.** The projections from your previous escrow analysis are included with the actual payments and disbursements for the prior year. By comparing the actual escrow payment with the previous projections listed, you can determine where a difference may have occurred. When applicable, the letter "E" beside an amount indicates that a payment or disbursement has not yet occurred but is estimated to occur as shown.

**Projections are included to ensure sufficient funds are available to pay your taxes and/or insurance for the coming year.** Under Federal Law (RESPA) the lowest monthly balance in your escrow account should be no less than $596.84 or 1/6th of the total annual projected disbursement from your escrow account, unless your mortgage documents or state law specifies otherwise. Your projected estimated lowest account balance of ($850.28) will be reached in March 2017. When subtracted from your minimum required balance of $596.84, an Escrow Shortage results in the amount of $1,447.12. **These amounts are indicated with an arrow (<).**

*This escrow analysis is based on the assumption that all escrow advances made on your loan prior to your bankruptcy filing date are included in your bankruptcy plan and will be paid in the plan. This analysis considers insurance, taxes and other amounts that will come due after the filing of your bankruptcy case.*

| Month | Projected Payment | Actual Payment | Projected Disbursement | Actual Disbursement | Description | Projected Balance | Actual Balance |
|---|---|---|---|---|---|---|---|
| | | | | | Start | $834.93 | ($205.08) |
| 01/16 | $0.00 | $292.25 * | $0.00 | $0.00 | | $834.93 | $87.17 |
| 02/16 | $0.00 | $292.25 * | $0.00 | $0.00 | | $834.93 | $379.42 |
| 02/16 | $0.00 | $1,237.85 * | $0.00 | $0.00 | Esc deposit | $834.93 | $1,617.27 |
| 03/16 | $0.00 | $0.00 | $0.00 | $1,858.38 * | HAZARD SFR | $834.93 | ($241.11) |
| 05/16 | $278.33 | $0.00 | $0.00 | $0.00 | | $1,113.26 | ($241.11) |
| 06/16 | $278.33 | $292.25 * | $0.00 | $0.00 | | $1,391.59 | $51.14 |
| 07/16 | $278.33 | $292.25 * | $0.00 | $0.00 | | $1,669.92 | $343.39 |
| 08/16 | $278.33 | $0.00 | $0.00 | $0.00 | | $1,948.25 | $343.39 |
| 09/16 | $278.33 | $0.00 | $0.00 | $0.00 | | $2,226.58 | $343.39 |
| 10/16 | $278.33 | $0.00 | $0.00 | $0.00 | | $2,504.91 | $343.39 |
| 11/16 | $278.33 | $0.00 | $0.00 | $0.00 | | $2,783.24 | $343.39 |
| 12/16 | $278.33 | $0.00 | $1,722.65 | $0.00 | COUNTY TAX | $1,338.92 | $343.39 |
| 01/17 | $278.33 | $0.00 | $0.00 | $0.00 | | $1,617.25 | $343.39 |
| 02/17 | $278.33 | $0.00 | $0.00 | $0.00 | | $1,895.58 | $343.39 |
| 03/17 | $278.33 | $0.00 | $1,617.27 | $0.00 | HAZARD SFR | $556.64 | $343.39 |
| 04/17 | $278.33 | $0.00 | $0.00 | $0.00 | | $834.97 | $343.39 |
| Total | $3,339.96 | $2,406.85 | $3,339.92 | $1,858.38 | Total | $834.97 | $343.39 |

| Month | Projected Payment | | Projected Disbursements | | Description | Current Balance | Required Balance Projection |
|---|---|---|---|---|---|---|---|
| | | | | | Start | $343.39 | $1,790.51 |
| 08/16 | $298.42 | | $0.00 | | | $641.81 | $2,088.93 |
| 09/16 | $298.42 | | $0.00 | | | $940.23 | $2,387.35 |
| 10/16 | $298.42 | | $0.00 | | | $1,238.65 | $2,685.77 |
| 11/16 | $298.42 | | $0.00 | | | $1,537.07 | $2,984.19 |
| 12/16 | $298.42 | | $1,722.65 | | COUNTY TAX | $112.84 | $1,559.96 |
| 01/17 | $298.42 | | $0.00 | | | $411.26 | $1,858.38 |
| 02/17 | $298.42 | | $0.00 | | | $709.68 | $2,156.80 |
| 03/17 | $298.42 | | $1,858.38 | | HAZARD SFR | ($850.28) | $596.84 < |
| 04/17 | $298.42 | | $0.00 | | | ($551.86) | $895.26 |
| 05/17 | $298.42 | | $0.00 | | | ($253.44) | $1,193.68 |
| 06/17 | $298.42 | | $0.00 | | | $44.98 | $1,492.10 |
| 07/17 | $298.42 | | $0.00 | | | $343.40 | $1,790.52 |
| Total | $3,581.04 | | $3,581.03 | | Total | $343.40 | $1,790.52 |

**Bankruptcy Adjustment** - The Prior Year Account History and Coming Year Projections section of the Annual Escrow Account Disclosure Statement may contain a line item called "Bankruptcy Adjustment". This amount is a credit based upon the unpaid portion of the escrow funds listed on the proof of claim to be paid through the Chapter 13 plan. The amount of the credit is calculated and applied

Copy

to reach the minimum required balance for the escrow account as allowed under the loan documents and applicable non-bankruptcy law. The credit may not represent the total outstanding amount of escrow funds owed in the proof of claim but ensures that any escrow funds listed on the proof of claim to be paid through the plan will not be collected through the escrow shortage or surplus listed in the Annual Escrow Account Disclosure Statement. In some instances, only a portion of the proof of claim escrow funds are listed as a credit to reach the required minimum account balance.

You will receive an Annual Escrow Account Disclosure Statement reflecting the actual disbursements at the end of the next escrow analysis cycle. However, you should keep this statement for your own records for comparison. If a previous escrow analysis statement was sent to you by your previous servicer, please refer to that statement for comparison purposes. If you have any questions about this statement, please call our **Customer Service Department toll-free at 1-888-480-2432.**

After Recording Return To:
**NATIONSTAR MORTGAGE LLC**
**8950 CYPRESS WATERS BLVD**
**COPPELL, TX 75019**

This Document Prepared By:
*Stacy Paredes*
**NATIONSTAR MORTGAGE LLC**
**8950 CYPRESS WATERS BLVD**
**COPPELL, TX 75019**

_____ [Space Above This Line For Recording Data] _____

| | |
|---|---|
| Original Loan Amount: **$240,000.00** | Loan No.: ▮▮▮ |
| New Money: **$6,981.84** | Investor Loan No: ▮▮▮ |
| | MIN Number: ▮▮▮ |

# HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower ("I"): **DEBORAH NELSON and RUSSELL NELSON**. Dated this _____ day of _____, _____. If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Lender or Servicer ("Lender"): **NATIONSTAR MORTGAGE LLC, whose address is 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019**

Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):
_____, ____ and recorded in Book/Liber **N/A**, Page **N/A**, Instrument No: **N/A**, of the Official Records of County, **AL**.

Property Address ("Property"): **120 DUBLIN CIRCLE**
**MADISON, AL 35758**

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under the Mortgage. MERS is organized and existing under the laws of Delaware, and has a mailing address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. The MERS street address is 1901 E Voorhees Street, Suite C, Danville, IL 61834.

**Legal Description:**

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and

▮▮▮

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
8306 11/15                                    **Form 3157 3/09 (rev. 10/10)** *(page 1 of 6 pages)*

supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:
   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
   D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));
   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
   G. I have made or will make all payments required under a trial period plan.
   H. In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:
   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and
   B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **June 1, 2016** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **June 1, 2016**.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
8306 11/15                                              Form 3157  3/09  (rev. 10/10) (page 2 of 6 pages)

Copy

A. The Maturity Date will be: **April 1, 2037**.
B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$214,700.56** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.
C. Interest at the rate of **2.375%** will begin to accrue on the New Principal Balance as of **May 1, 2016** and the first new monthly payment on the New Principal Balance will be due on **June 1, 2016**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|-------|---------------|---------------------------|-----------------------------------|-------------------------------|-----------------------|-------------------|----------------------------|
| 1-5 | 2.375% | May 01, 2016 | $1,086.19 | $292.25 May adjust periodically | $1,378.44 May adjust periodically | June 01, 2016 | 60 |
| 6 | 3.375% | May 01, 2021 | $1,169.37 | May adjust periodically | May adjust periodically | June 01, 2021 | 12 |
| 7-21 | 3.750% | May 01, 2022 | $1,199.67 | May adjust periodically | May adjust periodically | June 01, 2022 | 179 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.
E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
8306 11/15
Form 3157 3/09 (rev. 10/10) (page 3 of 6 pages)

Case 18-30007-CRJ13 Doc 48-12 Filed 06/21/18 Entered 06/21/18 20:57:27 Desc Main
Document Page 10 of 15

4. **Additional Agreements**. I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding

anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has a mailing address of P.O. Box 2026, Flint, MI 48501-2026, a street address of 1901 E Voorhees Street, Suite C, Danville, IL 61834, and telephone number of (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity.    In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. This Agreement modifies an obligation secured by an existing security instrument recorded in County, AL, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument

is $207,718.72. The principal balance secured by the existing security instrument as a result of this Agreement is $214,700.56, which amount represents the excess of the unpaid principal balance of this original obligation.

**In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, I will remain liable for and bear my own attorney fees and cost incurred in connection with any such action(s).**

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
**DEBORAH NELSON** -Borrower

_____ (Seal)
**RUSSELL NELSON** -Borrower

**NATIONSTAR MORTGAGE LLC**

By: _____ (Seal) - Lender
Name: Stacy Paredes
**Title: Assistant Secretary**

2/29/16
Date of Lender's Signature

Stacy Paredes 2/29/16
Mortgage Electronic Registration Systems, Inc - Nominee for Lender

_____
Title: Assistant Secretary

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
8306 11/15
Form 3157 3/09 (rev. 10/10) *(page 6 of 6 pages)*

Copy

Loan No.: ▮▮▮▮▮▮
Borrower: DEBORAH NELSON and RUSSELL NELSON

## AGREEMENT TO MAINTAIN ESCROW ACCOUNT

WHEREAS, DEBORAH NELSON and RUSSELL NELSON ("Borrower") desires NATIONSTAR MORTGAGE LLC ("Lender") to collect payments from Borrower to be held by Lender for the payment of certain sums due in connection with Borrower's Note and Security Instrument, dated _____, ____, (hereinafter referred to as "Note" and "Security Instrument" respectively) currently held by Lender;

NOW THEREFORE, in consideration of the foregoing and the mutual covenants contained in this Agreement ("Agreement"), Borrower agrees to pay Lender, on the day Periodic Payments are due under the Note, until the Note is paid in full, or the Escrow Account is otherwise terminated pursuant to this Agreement or in accordance with applicable law, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Security Instrument; and (d) Mortgage Insurance Premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums. These items are called "Escrow Items." In the event that Borrower receives bills, assessments, invoices, or other requests for payment of Escrow Items, Borrower shall promptly furnish to Lender all such notices.

Borrower shall pay Lender the Funds for Escrow Items unless this Agreement is terminated either by Lender, or pursuant to applicable law. In the event of termination, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. In the event Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may pay such amount in accordance with the terms of the Note and Security Instrument and Borrower shall then be obligated to repay Lender any such amount. Additionally, if Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may, in accordance with applicable law, require Borrower to maintain an Escrow Account.

Borrower agrees to make an initial payment of Funds to establish the escrow account, which amount shall be based on an estimate of the amount and date of expenditures for future Escrow Items, or otherwise in accordance with the Real Estate Settlement Procedures Act ("RESPA"). The estimate of expenditures of future Escrow Items shall be made based on current data available to Lender. Borrower acknowledges that the actual payments of Escrow Items may vary from the estimated amounts.

Lender will collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time period specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless agreed to in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA. If there is a deficiency

AGREEMENT TO ESTABLISH ESCROW ACCOUNT 11/12

(Page 1 of 2)

Loan No. ███████
Borrower: DEBORAH NELSON and RUSSELL NELSON

of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument or termination of this Agreement, Lender shall promptly refund to Borrower any Funds held by Lender.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement to Maintain Escrow Account.

DEBORAH NELSON  -Borrower          Date: 2/19/16

RUSSELL NELSON  -Borrower          Date: 2/19/16

AGREEMENT TO ESTABLISH ESCROW ACCOUNT 11/12

*(Page 2 of 2)*

| Fill in this information to identify the case: | |
| --- | --- |
| Debtor 1 | Russell Nelson |
| Debtor 2 (Spouse, if filing) | Deborah Nelson |
| United States Bankruptcy Court for the : Northern | District of Alabama (State) |
| Case number | 15-83360-CRJ13 |

## Official Form 410S1

# Notice of Mortgage Payment Change
12/15

**If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.**

**Name of creditor:**  Nationstar Mortgage LLC

**Court claim no.** (if known):  17

**Last four digits** of any number you use to identify the debtors' account:  XXXXXX4244

**Date of payment change:** Must be at least 21 days after date of this notice  9/1/2016

**New total payment:** Principal, interest, and escrow, if any  $1,384.61

---

**Part 1:**  **Escrow Account Payment Adjustment**

1. **Will there be a change in the debtors' escrow account payment?**

   ☐ No
   ☒ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law.  Describe the basis for the change.  If a statement is not attached, explain why: _____
   _____

   Current escrow payment:  $ 419.01                  New escrow payment :  $ 298.42

---

**Part 2:**  **Mortgage Payment Adjustment**

2. **Will the debtors' principal and interest payment change based on an adjustment to the interest rate in the debtors' variable-rate note?**

   ☒ No
   ☐ Yes  Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law.  If a notice is not attached, explain why: _____

   Current interest rate: _____ %                    New interest rate: _____ %

   Current principal and interest payment:  $ _____    New principal and interest payment:  $ _____

---

**Part 3:**  **Other Payment Change**

3. **Will there be a change in the debtors' mortgage payment for a reason not listed above?**

   ☒ No
   ☐ Yes.  Attach a copy of any documents describing the basis for the change, such as repayment plan or loan modification agreement.
   *(Court approval may be required before the payment change can take effect.)*

   Reason for change: _____

   Current mortgage payment:  $ _____        New mortgage payment:  $ _____

Case 15-83360-CRJ13   Doc 48-12   Filed 10/03/18   Entered 10/03/18 20:57:27   Desc Main
Document      Page 1 of 8

| Debtor 1 | **Russell Nelson** | | Case number *(if known)* <u>15-83360-CRJ13</u> |
|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| Part 4: | **Sign Here** |
|---|---|

The person completing this Notice must sign it.  Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☒ I am the creditor's authorized agent

**I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.**

X  <u>/s/Karen A. Maxcy</u>  Date <u>7/14/2016</u>
　　Signature

Print: <u>Karen</u>　　　<u>A.</u>　　　　　<u>Maxcy</u>　　　Title <u>Bankruptcy Attorney</u>
　　　First Name　　Middle Name　　　Last Name

Company <u>McCalla Raymer Pierce, LLC, Attorney for Nationstar Mortgage LLC</u>

Address <u>1544 Old Alabama Road</u>
　　　　Number　　Street
　　　<u>Roswell</u>　　　　　<u>GA</u>　　　　　<u>30076</u>
　　　City　　　　　　State　　　　　ZIP Code

Contact phone　<u>678-321-6965</u>　　　　　　Email <u>km5@mccallaraymer.com</u>

In Re:

    Russell Nelson
    Deborah Nelson

Bankruptcy Case No.:    15-83360-CRJ13

Chapter:    13

Judge    Clifton R. Jessup Jr.

## CERTIFICATE OF SERVICE

I, Karen A. Maxcy, of McCalla Raymer Pierce, LLC, 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age;

That on the date below, I served a copy of the within NOTICE OF MORTGAGE PAYMENT CHANGE filed in this bankruptcy matter on the following parties at the addresses shown, by regular United States Mail, with proper postage affixed, unless another manner of service is expressly indicated:

Russell Nelson
120 Dublin Circle
Madison, AL 35758

Deborah Nelson
120 Dublin Circle
Madison, AL 35758

Melissa W. Larsen               *(served via ECF Notification)*
521 Madison Street, Suite 201
Huntsville, AL 35801

Michael Ford, Trustee             *(served via ECF Notification)*
Chapter 13 Standing Trustee
P.O. Box 2388
Decatur, AL 35602

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on:    <u>8/4/2016</u>    By:    <u>*/s/Karen A. Maxcy*</u>
            (date)             Karen A. Maxcy
                          Alabama BAR No. ASB-6065-R74M
                          Attorney for Nationstar Mortgage LLC



P.O.BOX 619063
DALLAS, TX 75261-9063

June 27, 2016

RUSSELL NELSON
DEBORAH NELSON
120 DUBLIN CIR
MADISON AL 35758-8715

RE:     Loan Number:
        Case #: 1583360
        RUSSELL NELSON
        DEBORAH NELSON
        Property Address:
        120 DUBLIN CIRCLE
        MADISON,AL 35758

Dear RUSSELL NELSON, DEBORAH NELSON:

**Why am I receiving this letter?**
An escrow analysis was performed on your account.

**What do I need to know?**
Our records indicate your loan is currently in an active bankruptcy proceeding. The enclosed escrow account disclosure statement is for informational purposes only and should not be construed as an attempt to collect a debt.

**What do I need to do?**
If you are represented by an attorney in your bankruptcy, please forward a copy of this letter to such attorney and provide such attorney's name, address and telephone number to us.

If you have any questions, your Dedicated Loan Specialist is Ashley Jenkins and can be reached at  (877) 782-7612 EXT. 3165980 or via mail at address listed above. Our hours of operation are 8am to 8pm (CT), Monday through Thursday, 8am to 6pm (CT), Friday, and 8am to 2pm (CT) on Saturday.

Sincerely,

Nationstar Mortgage LLC
Bankruptcy Department

Enclosure: Escrow Account Disclosure Statement

*This communication is for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code.*





## Escrow Account Disclosure Statement

**Customer Service** : 1-888-480-2432
Mon-Thurs 8 am to 8 pm, Fri 8 am to 6 pm, Sat 8 am to 2 pm CT

**Tax/Insurance**: 1-888-297-2432
Mon-Thurs 8 am to 5 pm CT

RETURN SERVICE ONLY
PLEASE DO NOT SEND MAIL TO
THIS ADDRESS
P.O BOX 619063
DALLAS, TX 75261-9063

Your Loan Number:
Statement Date: 06/27/2016

RUSSELL NELSON
120 DUBLIN CIR
MADISON AL 35758-8715

| | |
|---|---|
| **Why am I receiving this?** | Nationstar completed an analysis of your escrow account to ensure that the account is funded correctly, determine any surplus or shortage, and adjust your monthly payment accordingly. Nationstar maintains an escrow cushion equal to two months' estimated taxes and insurance (unless limited by your loan documents or state law). This measure helps to avoid a negative balance in the event of changing tax and insurance amounts. |
| **What does this mean for me?** | At this time, your Escrow Account has less money than needed and there is a shortage of $0.00. Due to this shortage and changes in your taxes and insurance premiums, **your monthly escrow payment will decrease by ($120.59).** Effective 09/01/2016, **your new total monthly payment will be $1,384.61.** |
| **What do I need to do?** | You may either **1) make the new monthly payment** listed of $1,384.61 or **2) pay the shortage in part or in full** by sending the full or partial shortage amount along with the completed coupon below. If you choose to pay in full, please note your new monthly payment will be **$1,384.61**, which includes adjustments made for changes in taxes and insurance premiums. No action is required at this time as the shortage amount = $0. |

| Total Payment | Current Monthly Payment | Payment Changes | New Monthly Payment |
|---|---|---|---|
| PRINCIPAL AND INTEREST | $1,086.19 | $0.00 | $1,086.19 |
| ESCROW | $419.01 | ($120.59) | $298.42 |
| **Total Payment** | **$1,505.20** | **($120.59)** | **$1,384.61** |

*See below for shortage calculation*

**What is a Shortage?** A shortage is the difference between the **lowest projected balance** of your account for the coming year and your **minimum required balance** . To prevent a negative balance, the total annual shortage is divided by 12 and added to your monthly escrow payment, as shown below.

| Minimum Required Balance | Lowest Projected Balance |
|---|---|
| $596.84 | $596.84 |

**$0.00 / 12 = $0.00**
*Please see the Coming Year Projections table on the back for more details.*

| Escrow Payment Breakdown | Current Annual Disbursement | Annual Change | Anticipated Annual Disbursement |
|---|---|---|---|
| COUNTY TAX | $1,722.65 | $0.00 | $1,722.65 |
| HAZARD SFR | $1,858.38 | $0.00 | $1,858.38 |
| **Annual Total** | **$3,581.03** | **$0.00** | **$3,581.03** |

*If you have questions about changes to your property taxes or homeowners' insurance premiums, please contact your local taxing authority or insurance provider. For more information about your loan, please sign in at MyNationstar.com.*

This communication is for informational purpose only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### This Area Intentionally Left Blank

INTERNET REPRINT

The change in your escrow payment may be based on one or more of the following factors:

**Payment(s)**
- Monthly payment(s) received were less than or greater than expected
- Monthly payment(s) received earlier or later than expected
- Previous overage returned to escrow

**Taxes**
- Tax rate and/or assessed value changed
- Exemption status lost or changed
- Supplemental/Delinquent tax paid
- Paid earlier or later than expected
- Tax installment not paid
- Tax refund received
- New tax escrow requirement paid

**Insurance**
- Premium changed
- Coverage changed
- Additional premium paid
- Paid earlier or later than expected
- Premium was not paid
- Premium refund received
- New insurance escrow requirement paid
- Force placed insurance premium paid

| Prior Year Account History and Coming Year Projections |
|---|

This is a statement of the actual activity in your escrow account from 03/16 through 07/17. This statement itemizes your actual escrow account transactions since your previous analysis statement or initial disclosure, and projects payments, disbursements and balances for the coming year. The projections from your previous escrow analysis are included with the actual payments and disbursements for the prior year. By comparing the actual escrow payment with the previous projections listed, you can determine where a difference may have occurred. When applicable, the letter "E" beside an amount indicates that a payment or disbursement has not yet occurred but is estimated to occur as shown.

Projections are included to ensure sufficient funds are available to pay your taxes and/or insurance for the coming year. Under Federal Law (RESPA) the lowest monthly balance in your escrow account should be no less than $596.84 or 1/6th of the total annual projected disbursement from your escrow account, unless your mortgage documents or state law specifies otherwise. Your projected estimated lowest account balance of $596.84 will be reached in March 2017. When subtracted from your minimum required balance of $596.84, an Escrow Shortage results in the amount of $0.00. **These amounts are indicated with an arrow (<).**

*This escrow analysis is based on the assumption that all escrow advances made on your loan prior to your bankruptcy filing date are included in your bankruptcy plan and will be paid in the plan. This analysis considers insurance, taxes and other amounts that will come due after the filing of your bankruptcy case.*

| Month | Projected Payment | Actual Payment | Projected Disbursement | Actual Disbursement | Description | Projected Balance | Actual Balance |
|---|---|---|---|---|---|---|---|
| | | | | | Start | $1,790.51 | $1,617.27 |
| 03/16 | $0.00 | $0.00 | $0.00 | $1,858.38 * | HAZARD SFR | $1,790.51 | ($241.11) |
| 06/16 | $0.00 | $292.25 * | $0.00 | $0.00 | | $1,790.51 | $51.14 |
| 07/16 | $0.00 | $292.25 E | $0.00 | $0.00 | | $1,790.51 | $343.39 |
| 08/16 | $298.42 | $419.01 * | $0.00 | $0.00 | | $2,088.93 | $762.40 |
| 09/16 | $298.42 | $0.00 | $0.00 | $0.00 | | $2,387.35 | $762.40 |
| 10/16 | $298.42 | $0.00 | $0.00 | $0.00 | | $2,685.77 | $762.40 |
| 11/16 | $298.42 | $0.00 | $0.00 | $0.00 | | $2,984.19 | $762.40 |
| 12/16 | $298.42 | $0.00 | $1,722.65 | $0.00 | COUNTY TAX | $1,559.96 | $762.40 |
| 01/17 | $298.42 | $0.00 | $0.00 | $0.00 | | $1,858.38 | $762.40 |
| 02/17 | $298.42 | $0.00 | $0.00 | $0.00 | | $2,156.80 | $762.40 |
| 03/17 | $298.42 | $0.00 | $1,858.38 | $0.00 | HAZARD SFR | $596.84 | $762.40 |
| 04/17 | $298.42 | $0.00 | $0.00 | $0.00 | | $895.26 | $762.40 |
| 05/17 | $298.42 | $0.00 | $0.00 | $0.00 | | $1,193.68 | $762.40 |
| 06/17 | $298.42 | $0.00 | $0.00 | $0.00 | | $1,492.10 | $762.40 |
| 07/17 | $298.42 | $0.00 | $0.00 | $0.00 | | $1,790.52 | $762.40 |
| Total | $3,581.04 | $1,003.51 | $3,581.03 | $1,858.38 | Total | $1,790.52 | $762.40 |

| Month | Projected Payment | | Projected Disbursements | | Description | Current Balance | Required Balance Projection |
|---|---|---|---|---|---|---|---|
| | | | | | Start | $762.40 | $762.40 |
| 09/16 | $298.42 | | $0.00 | | | $1,060.82 | $1,060.82 |
| 09/16 | $1,326.53 | | $0.00 | | BK ADJ | $2,387.35 | $2,387.35 |
| 10/16 | $298.42 | | $0.00 | | | $2,685.77 | $2,685.77 |
| 11/16 | $298.42 | | $0.00 | | | $2,984.19 | $2,984.19 |
| 12/16 | $298.42 | | $1,722.65 | | COUNTY TAX | $1,559.96 | $1,559.96 |
| 01/17 | $298.42 | | $0.00 | | | $1,858.38 | $1,858.38 |
| 02/17 | $298.42 | | $0.00 | | | $2,156.80 | $2,156.80 |
| 03/17 | $298.42 | | $1,858.38 | | HAZARD SFR | $596.84 | $596.84 < |
| 04/17 | $298.42 | | $0.00 | | | $895.26 | $895.26 |
| 05/17 | $298.42 | | $0.00 | | | $1,193.68 | $1,193.68 |
| 06/17 | $298.42 | | $0.00 | | | $1,492.10 | $1,492.10 |
| 07/17 | $298.42 | | $0.00 | | | $1,790.52 | $1,790.52 |
| 08/17 | $298.42 | | $0.00 | | | $2,088.94 | $2,088.94 |
| Total | $4,907.57 | | $3,581.03 | | Total | $2,088.94 | $2,088.94 |

**Bankruptcy Adjustment** - The Prior Year Account History and Coming Year Projections section of the Annual Escrow Account Disclosure Statement may contain a line item called "Bankruptcy Adjustment". This amount is a credit based upon the unpaid portion of the escrow funds listed on the proof of claim to be paid through the Chapter 13 plan. The amount of the credit is calculated and applied

to reach the minimum required balance for the escrow account as allowed under the loan documents and applicable non-bankruptcy law. The credit may not represent the total outstanding amount of escrow funds owed in the proof of claim but ensures that any escrow funds listed on the proof of claim to be paid through the plan will not be collected through the escrow shortage or surplus listed in the Annual Escrow Account Disclosure Statement. In some instances, only a portion of the proof of claim escrow funds are listed as a credit to reach the required minimum account balance.

You will receive an Annual Escrow Account Disclosure Statement reflecting the actual disbursements at the end of the next escrow analysis cycle. However, you should keep this statement for your own records for comparison. If a previous escrow analysis statement was sent to you by your previous servicer, please refer to that statement for comparison purposes. If you have any questions about this statement, please call our **Customer Service Department toll-free at 1-888-480-2432.**

**Fill in this information to identify the case:**

Debtor 1     Russell Nelson

Debtor 2     Deborah Nelson
(Spouse, if filing)

United States Bankruptcy Court for the : Northern     District of   Alabama
                                                                             (State)

Case number     15-83360-CRJ13

## Official Form 410S1

# Notice of Mortgage Payment Change

12/15

**If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.**

**Name of creditor:**     Nationstar Mortgage LLC           **Court claim no.** (if known):    17

**Last four digits** of any number you     XXXXXX4244         **Date of payment change:**
use to identify the debtors' account:                                      Must be at least 21 days after date of    7/1/2017
                                                             this notice

                                                              **New total payment:**
                                                              Principal, interest, and escrow, if any    $1,406.36

| **Part 1:** | Escrow Account Payment Adjustment |
| --- | --- |

1. **Will there be a change in the debtors' escrow account payment?**

☐ No
❋ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____
_____

     **Current escrow payment:**     $ 298.42               **New escrow payment :**    $ 320.17

| **Part 2:** | Mortgage Payment Adjustment |
| --- | --- |

2. **Will the debtors' principal and interest payment change based on an adjustment to the interest rate in the debtors' variable-rate note?**

❋ No
☐ Yes Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

     **Current interest rate:**            %                  **New interest rate:**          %

     **Current principal and interest payment:**    $ _____       **New principal and interest payment:**    $ _____

| **Part 3:** | Other Payment Change |
| --- | --- |

3. **Will there be a change in the debtors' mortgage payment for a reason not listed above?**

❋ No
☐ Yes. Attach a copy of any documents describing the basis for the change, such as repayment plan or loan modification agreement.
*(Court approval may be required before the payment change can take effect.)*

     Reason for change: _____

     **Current mortgage payment:**     $ _____            **New mortgage payment:**    $ _____

Case 18-80037-CRJ    Doc 48-12    Filed 10/03/18    Entered 10/03/18 20:57:27    Desc
PCNs    Page 24 of 31

| Part 4: | Sign Here |
|---------|-----------|

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☒ I am the creditor's authorized agent

**I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.**

**X**    */s/Michael McCormick*                                  Date    5/31/2017
      Signature

Print:    Michael                                McCormick         Title    Bankruptcy Attorney
         First Name         Middle Name        Last Name

Company    McCalla Raymer Leibert Pierce, LLC, Attorney for Nationstar Mortgage LLC

Address    1544 Old Alabama Road
         Number     Street
         Roswell              GA               30076
         City              State             ZIP Code

Contact phone    678-281-3918                                 Email    Michael.McCormick@mccalla.com

In Re: Russell Nelson          Bankruptcy Case No.:   15-83360-CRJ13
        Deborah Nelson


                              Chapter:               13



                    CERTIFICATE OF SERVICE

I, Michael McCormick, of McCalla Raymer Leibert Pierce, LLC, 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age;

That on the date below, I served a copy of the within NOTICE OF MORTGAGE PAYMENT CHANGE filed in this bankruptcy matter on the following parties at the addresses shown, by regular United States Mail, with proper postage affixed, unless another manner of service is expressly indicated:

Russell Nelson
120 Dublin Circle
Madison, AL 35758

Deborah Nelson
120 Dublin Circle
Madison, AL 35758

Melissa W. Larsen                    *(served via ECF Notification)*
521 Madison Street, Suite 201
Huntsville, AL 35801

Michael Ford, Trustee                *(served via ECF Notification)*
Chapter 13 Standing Trustee
P.O. Box 2388
Decatur, AL 35602

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.


Executed on:   5/31/2017      By:    */s/Michael McCormick*
                 (date)              Michael McCormick
                                     Alabama BAR No. ASB-1127-C65M
                                     Attorney for Nationstar Mortgage LLC

Copy



**Nationstar**
MORTGAGE
P.O.BOX 619063
DALLAS, TX 75261-9063

MyNationstar.com | 8950 Cypress Waters Blvd | Coppell TX 75019

May 3, 2017

RUSSELL NELSON
DEBORAH NELSON
120 DUBLIN CIR
MADISON AL 35758-8715

RE: Loan Number: ▮▮▮▮▮
Case #: 1583360
RUSSELL NELSON
DEBORAH NELSON
Property Address:
120 DUBLIN CIRCLE
MADISON, AL 35758

Dear RUSSELL NELSON, DEBORAH NELSON:

**Why am I receiving this letter?**
An escrow analysis was performed on your account.

**What do I need to know?**
Our records indicate your loan is currently in an active bankruptcy proceeding. The enclosed escrow account disclosure statement is for informational purposes only and should not be construed as an attempt to collect a debt.

**What do I need to do?**
If you are represented by an attorney in your bankruptcy, please forward a copy of this letter to such attorney and provide such attorney's name, address and telephone number to us.

If you have any questions, your Dedicated Loan Specialist is Ashley Jenkins and can be reached at (877) 343-5602 EXT. 3165980 or via mail at address listed above. Our hours of operation are 8am to 8pm (CT), Monday through Thursday, 8am to 6pm (CT), Friday, and 8am to 2pm (CT) on Saturday.

Sincerely,

Nationstar Mortgage LLC
Bankruptcy Department

Enclosure: Escrow Account Disclosure Statement

*This communication is for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code.*



CBEAPFDV0215



RETURN SERVICE ONLY
PLEASE DO NOT SEND MAIL TO
THIS ADDRESS
P.O.BOX 619063
DALLAS, TX 75261-9063

Copy

# Escrow Account Disclosure Statement

Customer Service: 1-888-480-2432
Mon-Thurs 8 am to 8 pm, Fri 8 am to 6 pm, Sat 8 am to 2 pm CT

Tax/Insurance: 1-888-297-2432
Mon-Thurs 8 am to 5 pm CT

Your Loan Number: 0603744244
Statement Date: 05/03/2017



RUSSELL NELSON
120 DUBLIN CIR
MADISON AL 35758-8715

| | |
|---|---|
| **Why am I receiving this?** | Nationstar completed an analysis of your escrow account to ensure that the account is funded correctly, determine any surplus or shortage, and adjust your monthly payment accordingly. Nationstar maintains an escrow cushion equal to two months' estimated taxes and insurance (unless limited by your loan documents or state law). This measure helps to avoid a negative balance in the event of changing tax and insurance amounts. |
| **What does this mean for me?** | At this time, your Escrow Account has less money than needed and there is a shortage of $63.01. Due to this shortage and changes in your taxes and insurance premiums, **your monthly escrow payment will increase by $16.50. Effective 07/01/2017, your new total monthly payment will be $1,406.36.** |
| **What do I need to do?** | You may either **1) make the new monthly payment** listed of $1,406.36 or **2) pay the shortage in part or in full** by sending the full or partial shortage amount along with the completed coupon below. If you choose to pay in full, please note your new monthly payment will be **$1,401.11, which includes** adjustments made for changes in taxes and insurance premiums. |

| Total Payment | Current Monthly Payment | Payment Changes | New Monthly Payment |
|---|---|---|---|
| PRINCIPAL AND INTEREST | $1,086.19 | $0.00 | $1,086.19 |
| ESCROW | $298.42 | $16.50 | $314.92 |
| SHORTAGE SPREAD | $0.00 | $5.25 | $5.25 |
| **Total Payment** | **$1,384.61** | **$21.75** | **$1,406.36** |

See below for shortage calculation

**What is a Shortage?** A shortage is the difference between the **lowest projected balance** of your account for the coming year and your **minimum required balance**. To prevent a negative balance, the total annual shortage is divided by 12 and added to your monthly escrow payment, as shown below.

Minimum Required Balance $629.84

Lowest Projected Balance $566.83

$63.01 / 12 = $5.25

Please see the Coming Year Projections table on the back for more details.

| Escrow Payment Breakdown | Current Annual Disbursement | Annual Change | Anticipated Annual Disbursement |
|---|---|---|---|
| COUNTY TAX | $1,722.65 | $0.00 | $1,722.65 |
| HAZARD SFR | $1,858.38 | $198.00 | $2,056.38 |
| **Annual Total** | **$3,581.03** | **$198.00** | **$3,779.03** |

If you have questions about changes to your property taxes or homeowners' insurance premiums, please contact your local taxing authority or insurance provider. For more information about your loan, please sign in at MyNationstar.com.

This communication is for informational purpose only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code.
DETACH HERE AND RETURN WITH YOUR PAYMENT. PLEASE ALLOW A MINIMUM OF 7 TO 10 DAYS FOR POSTAL DELIVERY



MyNationstar.com

Loan #:
RUSSELL NELSON

NATIONSTAR MORTGAGE
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019

**Escrow Shortage Payment Options:**

I understand that my tax and/or insurance has increased and that my escrow account is short $63.01. I have enclosed a check for:

**Option 1: $63.01**, the total shortage amount. I understand that if this is received by 07/01/2017, my monthly mortgage payment will be $1,401.11, starting 07/01/2017.

Option 2: _____, part of the shortage

You do not need to do anything if you want to have all of your shortage divided evenly among the next 12 months.

WRITE YOUR LOAN NUMBER ON YOUR CHECK OR MONEY ORDER AND MAKE PAYABLE TO NATIONSTAR MORTGAGE   **TOTAL AMOUNT OF YOUR CHECK**   **DO NOT SEND CASH**

INTERNET REPRINT

**Copy**

The change in your escrow payment may be based on one or more of the following factors:

| Payment(s) | Taxes | Insurance |
|---|---|---|
| • Monthly payment(s) received were less than or greater than expected | • Tax rate and/or assessed value changed | • Premium changed |
| | • Exemption status lost or changed | • Coverage changed |
| • Monthly payment(s) received earlier or later than expected | • Supplemental/Delinquent tax paid | • Additional premium paid |
| | • Paid earlier or later than expected | • Paid earlier or later than expected |
| • Previous overage returned to escrow | • Tax installment not paid | • Premium was not paid |
| | • Tax refund received | • Premium refund received |
| | • New tax escrow requirement paid | • New insurance escrow requirement paid |
| | | • Force placed insurance premium paid |

---

### Prior Year Account History and Coming Year Projections

**This is a statement of the actual activity in your escrow account from 07/16 through 08/17. This statement itemizes your actual escrow account transactions since your previous analysis statement or initial disclosure, and projects payments, disbursements and balances for the coming year.** The projections from your previous escrow analysis are included with the actual payments and disbursements for the prior year. By comparing the actual escrow payment with the previous projections listed, you can determine where a difference may have occurred. When applicable, the letter "E" (next to an amount indicates that a payment or disbursement has not yet occurred but is estimated to occur as shown.

**Projections are included to ensure sufficient funds are available to pay your taxes and/or insurance for the coming year.** Under Federal Law (RESPA) the lowest monthly balance in your escrow account should be no less than $629.84 or 1/6th of the total annual projected disbursement from your escrow account, unless your mortgage documents or state law specifies otherwise. Your projected estimated lowest account balance of $566.83 will be reached in March 2018. When subtracted from your minimum required balance of $629.84, an Escrow Shortage results in the amount of $63.01. **These amounts are indicated with an arrow (<).**

*This escrow analysis is based on the assumption that all escrow advances made on your loan prior to your bankruptcy filing date are included in your bankruptcy plan and will be paid in the plan. This analysis considers insurance, taxes and other amounts that will come due after the filing of your bankruptcy case.*

| Month | Projected Payment | Actual Payment | Projected Disbursement | Actual Disbursement | Description | Projected Balance | Actual Balance |
|---|---|---|---|---|---|---|---|
| | | | | | Start | $762.40 | $51.14 |
| 07/16 | $0.00 | $292.25 * | $0.00 | $0.00 | | $762.40 | $343.39 |
| 09/16 | $298.42 | $0.00 | $0.00 | $0.00 | | $1,060.82 | $343.39 |
| 09/16 | $1,326.53 | $419.01 * | $0.00 | $0.00 | BK ADJ | $2,387.35 | $762.40 |
| 10/16 | $298.42 | $298.42 | $0.00 | $0.00 | | $2,685.77 | $1,060.82 |
| 11/16 | $298.42 | $298.42 | $0.00 | $1,722.65 * | COUNTY TAX | $2,984.19 | ($363.41) |
| 12/16 | $298.42 | $298.42 | $1,722.65 | $0.00 | COUNTY TAX | $1,559.96 | ($64.99) |
| 01/17 | $298.42 | $298.42 | $0.00 | $0.00 | | $1,858.38 | $233.43 |
| 02/17 | $298.42 | $298.42 | $0.00 | $0.00 | | $2,156.80 | $531.85 |
| 03/17 | $298.42 | $298.42 | $1,858.38 | $2,058.38 * | HAZARD SFR | $598.84 | ($1,226.11) |
| 04/17 | $298.42 | $596.84 * | $0.00 | $0.00 | | $895.26 | ($629.27) |
| 05/17 | $298.42 | $298.42 E | $0.00 | $0.00 | | $1,193.68 | ($330.85) |
| 06/17 | $298.42 | $298.42 E | $0.00 | $0.00 | | $1,492.10 | ($32.43) |
| 07/17 | $298.42 | $0.00 | $0.00 | $0.00 | | $1,790.52 | ($32.43) |
| 08/17 | $298.42 | $0.00 | $0.00 | $0.00 | | $2,088.94 | ($32.43) |
| Total | $4,907.57 | $3,695.46 | $3,581.03 | $3,779.03 | Total | $2,088.94 | ($32.43) |

| Month | Projected Payment | | Projected Disbursements | | Description | Current Balance | Required Balance Projection |
|---|---|---|---|---|---|---|---|
| | | | | | Start | ($32.43) | $30.58 |
| 07/17 | $314.92 | | $0.00 | | | $282.49 | $345.50 |
| 07/17 | $1,544.01 | | $0.00 | | BK ADJ | $1,826.50 | $1,889.51 |
| 08/17 | $314.92 | | $0.00 | | | $2,141.42 | $2,204.43 |
| 09/17 | $314.92 | | $0.00 | | | $2,456.34 | $2,519.35 |
| 10/17 | $314.92 | | $0.00 | | | $2,771.26 | $2,834.27 |
| 11/17 | $314.92 | | $0.00 | | | $3,086.18 | $3,149.19 |
| 12/17 | $314.92 | | $1,722.85 | | COUNTY TAX | $1,678.45 | $1,741.46 |
| 01/18 | $314.92 | | $0.00 | | | $1,993.37 | $2,056.38 |
| 02/18 | $314.92 | | $0.00 | | | $2,308.29 | $2,371.30 |
| 03/18 | $314.92 | | $2,056.38 | | HAZARD SFR | $566.83 | $629.84 < |
| 04/18 | $314.92 | | $0.00 | | | $881.75 | $944.76 |
| 05/18 | $314.92 | | $0.00 | | | $1,196.67 | $1,259.68 |
| 06/18 | $314.92 | | $0.00 | | | $1,511.59 | $1,574.60 |
| Total | $5,323.05 | | $3,779.03 | | Total | $1,511.59 | $1,574.60 |

**Bankruptcy Adjustment** - The Prior Year Account History and Coming Year Projections section of the Annual Escrow Account Disclosure Statement may contain a line item called "Bankruptcy Adjustment". This amount is a credit based upon the unpaid portion of the escrow funds listed on the proof of claim to be paid through the Chapter 13 Plan. The amount of the credit is calculated and applied to reach the minimum required balance for the escrow account as allowed under the loan documents and applicable non-bankruptcy

Copy



law. The credit may not represent the total outstanding amount of escrow funds owed in the proof of claim but ensures that any escrow funds listed on the proof of claim to be paid through the plan will not be collected through the escrow shortage or surplus listed in the Annual Escrow Account Disclosure Statement. In some instances, only a portion of the proof of claim escrow funds are listed as a credit to reach the required minimum account balance.

You will receive an Annual Escrow Account Disclosure Statement reflecting the actual disbursements at the end of the next escrow analysis cycle. However, you should keep this statement for your own records for comparison. If a previous escrow analysis statement was sent to you by your previous servicer, please refer to that statement for comparison purposes. If you have any questions about this statement, please call our **Customer Service Department toll-free at 1-888-480-2432.**

Note: Any disbursements listed after the date of this statement are assumed to be projected or estimated.

**Copy**